# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>    Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br>**ORDER** |

  Plaintiff Rebecca Terry ("Terry") filed this action pursuant to 42 U.S.C. § 1983, complaining of deliberate indifference to her serious medical needs while in custody at the Milwaukee County Jail. Specifically, she claims that she was not afforded any appropriate medical care while giving birth in the Jail. *See* (Docket #1). Defendants include both Milwaukee County officials and employees of Armor Correctional Health Services ("Armor"), a private corporation that provides healthcare services to inmates at the Jail.

  In Count V of her complaint, Terry asserts a *respondeat superior* claim against Armor, alleging that it is responsible for the inadequate care its

employees provided by virtue of its status as their employer. (Docket #1 ¶¶ 102–04). The Supreme Court held in *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978), that a local governmental body cannot have vicarious liability for the constitutional violations of its employees. Instead, it can only be liable under Section 1983 if the government's policy or custom caused the violation. *Id.* at 694.

All Circuits to consider the issue have extended that reasoning to private corporations sued under Section 1983. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Iskander v. Forest Park*, 690 F.2d 126 (7th Cir. 1982). However, the panel in *Shields* discussed at length the potential doctrinal and practical problems with applying *Monell* to a private company. *See Shields*, 764 F.3d at 790–96. Post-*Shields* decisions in this Circuit give mixed reviews of its call for reconsideration. *Compare Hahn v. Walsh*, 762 F.3d 617, 639–40 (7th Cir. 2014), *with Collins v. Al-Shami*, 851 F.3d 727, 734 (7th Cir. 2017). Neither the Seventh Circuit sitting *en banc* nor the Supreme Court have not revisited this doctrine as yet.

Consequently, Armor filed a motion for judgment on the pleadings as to this count in Terry's complaint, (Docket #35); Fed. R. Civ. P. 12(c), and Terry has conceded that the claim was asserted only to preserve it for appellate review, (Docket #40 at 6). The Court appreciates both Terry's position and its own obligation to apply controlling authority from the Seventh Circuit. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987). At this juncture, the latter consideration must win out, and Count V of the complaint must be dismissed. Of course, Terry's claim that Armor had policies and customs which caused her injuries remains.

Accordingly,

**IT IS ORDERED** that Defendant Armor Correctional Health Services' motion for judgment on the pleadings (Docket #35) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Count V of Plaintiff's complaint (Docket #1, ¶¶ 102–04) be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge