UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>                Plaintiff,<br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>                Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br>**ORDER** |

      On February 22, 2018, Plaintiff filed an expedited motion under Civil Local Rule 7(h), seeking to compel responses to certain of her discovery requests from the "Milwaukee County Defendants." (Docket #49). These appear to include Defendants Milwaukee County, David A. Clarke, Jr., Officer Brian Wenzel, Carolyn Exum, Morgan Benevue, and Margaret Hoover ("Defendants"). *See* (Docket #49-1 at 1). In order to address Plaintiff's motion expeditiously, the Court assumes familiarity with the facts and claims in this case.

      Plaintiff's first complaint is that Defendants are withholding a roster of other inmates who would have been in the infirmary the night of her childbirth. Defendants respond that they have since provided the roster in

a supplemental discovery response. The issue is now moot and Plaintiff's motion will be denied on this point.

Plaintiff's second concern is with the production of documents regarding the administration of medical care at the Milwaukee County Jail (the "Jail"). She says that the broad swathe of documents she seeks is necessary to support her *Monell* claim that the Milwaukee County (the "County") and Armor Correctional Health Services ("Armor") decisionmakers were deliberately indifferent to the harmful consequences of their healthcare policies. Defendants counter that her requests are too broad, as her *Monell* claim must be linked to the specific injury she suffered—namely, lack of medical care during childbirth. To support a *Monell* claim, Plaintiff must show that the challenged policies (or lack thereof) were the "moving force" behind her individual injury. *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

This issue is far more impactful than the parties' briefing suggests, and their disagreement rests on their differing understandings of the *Monell* claim. From Plaintiff's perspective, her *Monell* claim broadly alleges that the County and Armor were deliberately indifferent to repeated instances of a complete lack of medical care for inmates at the Jail. (Docket #1 at 8–12). The claim is pleaded with little connection to childbirth in particular. Indeed, only one of the ten instances of lack of care mentioned in the complaint concerns childbirth. *See id.* Thus, while the facts of Plaintiff's individual claim do indeed relate to childbirth, the *Monell* claim appears to be directed at Defendants' overarching policy of ignoring inmates in need of care. Viewed in this way, her document requests, though expansive, are

proper, as the documents could evidence a policy of totally failing to provide care to inmates, which could, in turn, have been the moving force behind her deficient care.

Defendants take a narrower view of the *Monell* claim. They appear to believe that because Plaintiff's individual claim is about childbirth, the *Monell* claim should be limited to that topic. *See, e.g.*, (Docket #51 at 3) (the relevant discovery request "is not limited by gender or medical issue. It does not relate to maternity or obstetrics.").

Without expressing any view as to the soundness of either party's interpretation of the *Monell* claim, in the context of the present motion the Court is obliged to side with Plaintiff. Defendants have not sought to dismiss the claim on the ground that it is overbroad or untethered from Plaintiff's individual injury. To rule in their favor here would accomplish precisely that, for without wide-ranging discovery on the lack of medical care at the Jail, summary judgment against Plaintiff on her *Monell* claim is a foregone conclusion. The scope of discovery is tied to the state of the pleadings. *See* Fed. R. Civ. P. 26(b)(1) (discovery may be had on any matter "relevant to any party's claim or defense"). While Plaintiff's *Monell* claim remains in its current form, she is entitled to take discovery as to the full scope of the claim. The Court is sensitive to what will likely be an enormous document production on Defendants' part, but if they wish to avoid litigating the full breadth of Plaintiff's *Monell* claim, their only path is through a dispositive motion.

Plaintiff's final contention is that Defendants have refused to appropriately identify the final policymaker responsible for various

discrete aspects of medical care at the Jail. *See* (Docket #49-2 at 8-9). Plaintiff explains that she needs to know who these people are in order to prove that they had notice of the failure of their medical care policies. Defendants respond that it would be inaccurate, and indeed untruthful, for them to point to a single person as responsible for any of these areas, because "[r]esponsibility is shared and often subject to legal interpretation and dispute." (Docket #51 at 4).

The Court disagrees. Contention interrogatories such as this are perfectly acceptable. *See Zenith Elec. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005). Further, logic dictates that *someone* in the Jail hierarchy must be ultimately responsible for the policies in the areas Plaintiff has identified. Whether that causes consternation and finger-pointing amongst the defendants in this case is beside the point. Plaintiff is entitled to know who, in Defendants' opinion, was the final decisionmaker in the areas specified. Plaintiff's motion will be granted on this issue.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion to compel discovery responses (Docket #49) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge