UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

REBECCA TERRY,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., in his personal and official capacities, OFFICER BRIAN WENZEL, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, JANE AND JOHN DOE, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, JANE AND JOHN DOE, UNKNOWN ARMOR HEALTHCARE SUPERVISORS,

    Defendants.

Case No.: 17-cv-1112-JPS

---

**ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY, INCLUDING A MARCH 13, 2018 DEPOSITION NOTICED FOR BRIAN WENZEL, UNTIL THE COURT RULES ON ARMOR'S MOTION FOR A STAY OF PROCEEDING AND DISCOVERY (Dkt. 54)**

---

**INTRODUCTION**

Armor Correctional Health Services, Inc., by its attorneys, Hinshaw & Culbertson LLP, respectfully requests the Court to enter a Protective Order staying all discovery, including a March 13, 2018 deposition noticed for Defendant Brian Wenzel, until Armor's Motion To Stay Proceedings and Discovery (Dkt. 54) is decided by the Court.

Plaintiff declined to voluntarily stay discovery until Armor's motion is decided. Rather, Plaintiff stated "[w]e oppose a stay of discovery and intend to move forward with depositions." (Declaration of Attorney Michael P. Russart, ¶2, Exhibit A).

## PERTINENT BACKGROUND

On March 5, 2018, Armor filed its motion seeking a stay based upon the inherent prejudice which attaches as a consequence of criminal charges filed against Armor for alleged falsification of medical records and the Plaintiff's pursuit of **Monell** claims, including Plaintiff's implied intention to pursue this potentially criminal theory of liability. (Dkts. 54 through 58-2).

Prior to Armor's motion to stay and on March 1, 2018, Plaintiff served Notices of Depositions for Defendants Wenzel, Hoover and Exum. (Russart Decl., ¶3, Ex. A, p.4 & Ex. B). Through discussion with Milwaukee County Defendants' counsel, it was learned that Ms. Hoover and Ms. Exum's depositions were to be rescheduled for other reasons, but the deposition of Mr. Wenzel was going forward as noticed for March 13, 2018 at 10:00 am. (Russart Decl., ¶4). Mr. Wenzel is the correctional officer who called for a medical emergency concerning Ms. Terry's delivery of the baby. (Russart Decl., ¶5, Ex. C).

On March 6, 2018, Plaintiff's counsel requested the Milwaukee County Defendants' counsel to begin arranging depositions of ten witnesses. (Russart Decl., Ex. A, p.3-4). Armor's counsel replied expressing concern of additional depositions being scheduled in the face of Armor's motion to stay. (Id. at p.3). Plaintiff's counsel inquired as to whether Armor was also objecting to the upcoming depositions of Wenzel, Exum and Hoover. (Id. at p.2-3). Armor proposed limiting those depositions to avoid issues related to the criminal charges brought against Armor. (Id. at p.2).

On March 7, 2018, Plaintiff's counsel declined to accept any limitation on the deposition of Wenzel, acknowledged that Exum and Hoover's depositions would be rescheduled and made

2

clear that a motion for protective order would need to be filed. (Id. at p.1). Although discussions were had between counsel relative to a proposed compromise, no accord could be reached. (Russart Decl., ¶6).

## ARGUMENT

At least one court did not distinguish between the relief requested by a motion to stay discovery and a motion for protective order staying discovery. ***Crosetto v. Heffernan***, Case No. 88-C-433, 1990 U.S. Dist. Lexis 3053, *2 (N.D. Ill February 22, 1990). Thus, it is possible this motion is duplicative of Armor's pending motion to stay. However, in an abundance of caution and to preclude Plaintiff from moving forward with depositions, including Mr. Wenzel's March 13, 2018 deposition, this motion for protective order is necessary. See Fed. R. Civ. P. 37(d)(2) and Fed. R. Civ. P. 26(c).

It is within the discretion of the court to manage its docket and, when appropriate, stay proceedings. ***Tex. Independent Producers & Royalty Owners Ass'n v. EPA***, 410 F.3d 964, 980 (7th Cir. 2004).

A protective order staying discovery is necessary to protect Armor's interests for all the same reasons set forth in Armor's brief supporting its pending motion for a stay of the proceedings and discovery. (Dkt. 55, p.7-10, 12-14).

Based upon Plaintiff's counsel declining to limit the scope of any deposition, including Mr. Wenzel's, it is apparent Plaintiff intends to question Mr. Wenzel about the practice of health care providers he has observed in the Milwaukee County Jail in an attempt to elicit evidence harmful to Armor's criminal case, and in support of Plaintiff's ***Monell*** claims.[1] It is the

---

[1] Because Plaintiff declined to limit her deposition inquiry, she could ask questions of Mr. Wenzel such as: Did you observe Nurse Karen Gray conduct her rounds in 4D? Did she stop and talk with the inmates she was observing, or

3

temporary avoidance of this risk, that is, interference with the criminal prosecution, which is one of the bases for Armor's pending motion for a stay. ***Tostado v. Jackson***, Case No. 10-CV-1162, 2011 U.S. Dist. Lexis 56144, *8 (E.D. Wis. May 25, 2011) (Finding this factor weighed in favor of a stay). There are several other bases/factors which support a stay, discussed in detail in Armor's pending motion for a stay. (Dkt. 55, p.7-10, 12-14).

Because Plaintiff continues to pursue discovery in spite of Armor's pending motion to stay the proceedings and discovery, the court should grant Armor's motion for a protective order to preclude Mr. Wenzel's March 13, 2018 deposition and any other discovery until the court decides Armor's motion to stay. Fed. R. Civ. P. 26(c) allows the court to forbid discovery when good cause is shown to protect a party from annoyance, oppression or undue burden. The unique circumstances, Armor facing criminal charges and a civil case with intertwined facts consequent to Plaintiff's *Monell* claims, allow for such an order.

Dated this 8th day of March, 2018.

/s/ Michael P. Russart
Michael P. Russart
State Bar No. 1023128
Mollie T. Kugler
State Bar No. 1093318
Attorneys for Defendant Armor Correctional Health Services
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
mrussart@hinshawlaw.com
mkugler@hinshawlaw.com

---

did she walk past barely glancing into the cell? Was this a common practice of the nursing staff? These questions go to the heart of the Criminal Complaint (Dkt. 57-1) brought against Armor, and to Plaintiff's broad *Monell* claims.