UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

REBECCA TERRY,

                Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A.
CLARKE, JR., in his personal and official
capacities, OFFICER BRIAN WENZEL, JANE
AND JOHN DOE, UNKNOWN EMPLOYEES
OF MILWAUKEE COUNTY JAIL, JANE AND
JOHN DOE, UNKNOWN JAIL
SUPERVISORS, ARMOR CORRECTIONAL
HEALTH SERVICES, CAROLYN EXUM,
MORGAN BEVENUE, MARGARET
HOOVER, JANE AND JOHN DOE,
UNKNOWN EMPLOYEES OF ARMOR
CORRECTIONAL HEALTH SERVICES,
JANE AND JOHN DOE, UNKNOWN ARMOR
HEALTHCARE SUPERVISORS,

                Defendants.

Case No.:  17-cv-1112-JPS

_____

## INDEX OF UNPUBLISHED CASES

_____

*Crosetto v. Heffernan*

       Case No. 88-C-433, 1990 U.S. Dist. Lexis 3053 (N.D. Ill February 22, 1990)

*Tostado v. Jackson,*

       Case No. 10-CV-1162, 2011 U.S. Dist. LEXIS 56144 (E.D. Wis. May 25, 2011)

Dated this 8th day of March, 2018.

/s/ Michael P. Russart
Michael P. Russart
State Bar No. 1023128
Mollie T. Kugler
State Bar No. 1093318
Attorneys for Defendant Armor Correctional
Health Services
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No.  414-276-6464
Fax No.  414-276-9220
E-mail Address(es):
mrussart@hinshawlaw.com
mkugler@hinshawlaw.com

# *Crosetto v. Heffernan*

United States District Court for the Northern District of Illinois, Western Division

February 22, 1990, Decided

No. 88 C 433

## Reporter

1990 U.S. Dist. LEXIS 3053 *; 1990 WL 32310

JOHN CROSETTO, et al., Plaintiffs, v. CHIEF JUSTICE NATHAN S. HEFFERNAN, et al., Defendants

## Core Terms

issues, first amendment, state bar, expenditure, government agency, ***proceedings***, discovery, reasons, defense ***motion***, ***motion*** to ***stay***, questions, lawsuit, majority opinion, issue presented, mandatory, ***protective*** ***order***, set forth, defendants', ideological, speculation, activities, dissenters, reassigned, amicus

## Case Summary

### Procedural Posture

Plaintiff bar members brought an action under *42 U.S.C.S. § 1983* against defendants, a chief justice and others, challenging the constitutionality of funding certain activities of Wisconsin's "integrated bar" with mandatory dues. Defendants filed a ***motion*** to ***stay*** the ***proceedings*** ***pending*** determination by the United States Supreme Court in a similar action against the State Bar of California.

### Overview

Plaintiffs sought declaratory relief and restitution of dues used to finance certain activities of the State Bar of Wisconsin. Defendants stated that on its face, the California case presented questions relating to whether the State Bar of California was a governmental agency. Defendants had represented, however, that the amicus curiae briefs had invited the Supreme Court to address the broader *first amendment* issues raised by the expenditure of mandatory dues. The majority opinion from the Supreme Court of California, while recognizing the potential *first amendment* fallout, chose to rely on reasoning that the California State Bar was a governmental agency and expenditures were analogous to the expenditure of tax monies by a state agency. Plaintiffs contended that defendants' ***motion*** was

predicated on a purely speculative conclusion that the Supreme Court would reach beyond the bounds of the narrow "governmental agency" issue and extend its ruling to the *first amendment* issues. The court held that there was more than mere speculation involved in defendants' assertion that many of the questions directly in issue in the case at bar might be addressed in the California case.

### Outcome

The court granted defendants' ***motion*** to ***stay*** the ***proceedings***.

**Counsel:** **[*1]** Amedeo Greco, Madison, Wisconsin, for Plaintiffs.

Edward S. Marion, Assistant Attorney General, Madison, Wisconsin, John S. Skilton, FOLEY & LARDNER, Madison, Wisconsin, for Defendants.

**Opinion by:** ROSZKOWSKI

## Opinion

*MEMORANDUM OPINION AND* ***ORDER***

STANLEY J. ROSZKOWSKI, UNITED STATES DISTRICT JUDGE

This action comes before the Court on defendants' ***motion*** to ***stay*** the ***proceedings*** in this Court ***pending*** determination by the United States Supreme Court of Keller v. State Bar of California, No. 88-1905. For the reasons set forth in the opinion below, this court grants defendants' ***motion*** for a ***stay***. This action is hereby ***stayed*** ***pending*** announcement of a ***decision*** in Keller by the Supreme Court.

BACKGROUND

Plaintiffs have filed the instant lawsuit essentially

challenging the constitutionality of funding certain activities of Wisconsin's "integrated bar" with mandatory dues. This action was first brought on May 19, 1988, in the Western District of Wisconsin. The lawsuit is brought pursuant to *42 U.S.C. § 1983* seeking declaratory relief and a restitution of dues used to finance certain activities of the State Bar of Wisconsin.

On June 15, 1989, Judge Barbara Crabb entered a recusal **order** sua sponte pursuant to **[*2]** *28 U.S.C. § 455(a)*. The case was thereafter reassigned to this Court by Seventh Circuit Court of Appeals Chief Judge William J. Bauer on June 22, 1989. Since the case was reassigned to this Court, numerous issues relating to discovery have been raised as well as issues relating to vacating certain **orders** entered by Judge Crabb on class certification. Those **motion** are currently fully briefed and are still **pending** before this Court.

On January 24, 1990, defendants filed a **motion** to **stay** the **proceedings**, or in the alternative, for a **protective order** barring discovery. That **motion** is fully briefed and has been argued before this Court on February 9, 1990. Since the Court can discern no difference between the relief sought by the **motion** to **stay** and the alternative **motion for protective order**, the Courts sees no need to address the questions separately.

DISCUSSION

Defendant's **motion** for **stay pending** the outcome of the Keller case now **pending** before the United States Supreme Court essentially asks this Court to wait and see what the Supreme Court has to say before putting the defendants through extensive and expensive discovery regarding issues which may be moot or on questions which may **[*3]** need refocusing or increased (or diminished) attention.

Defendants have stated on the record that on its face, the Keller case presents questions relating to whether the State Bar of California is a governmental agency. Defendants have represented, however, that the amicus curiae briefs have invited the Supreme Court to address the broader *first amendment* issues raised by the expenditure of mandatory dues.

The majority opinion from the Supreme Court of California, while recognizing the potential *first amendment* fallout, chose to rely on reasoning that the California State Bar was a governmental agency and expenditures were analogous to the expenditure of tax monies by a state agency. Justice Broussard's majority

opinion garnered four votes. [1]

In what can faithfully be characterized as a vigorous dissent by Justice Kaufman, the three dissenters [2] agreed with the majority that the state bar is precluded from engaging in election campaigning and also agreed with the majority that the bar governors are not personally liable for reimbursement. However, the dissenters disagreed with the majority's conclusion **[*4]** that the expenditure of mandatory dues for political or ideological causes is exempt from constitutional scrutiny because of the state bar's status as a governmental agency. The dissent went on to address, at great length, the *first amendment* issues which are impacted by the court's majority ruling.

In the **motion** to **stay** before this Court, plaintiff argues that defendant's **motion** is predicated on a purely speculative conclusion that the Supreme Court will reach beyond the bounds of the narrow "governmental agency" issue presented and extend its ruling to the *first amendment* issues presented by the amicus briefs. This Court respectfully disagrees with plaintiff's characterization of the issues before the Supreme Court.

In reading the dissent, it is clear that at least three of the seven state supreme court justices directly addressed the *first amendment* and expenditure issues separate and apart from the "governmental agency" question. In addition, the majority also indirectly addressed the *first amendment* and expenditure issues by discussing, albeit briefly, the burdensome and practically prohibitive effect **[*5]** of making the bar go to its members each time an arguably political or ideological issue is raised. For these reasons, this Court is convinced that there is more than mere speculation involved in defendant's assertion that many of the questions directly in issue in the instant lawsuit may be addressed by the Supreme Court in the Keller case.

Therefore, for the reasons discussed directly above, and the other practical and case management reasons raised in the briefs and at oral argument, this Court grants defendant's **motion** to **stay** the **proceedings** in the instant lawsuit until after such time as the United States Supreme Court has had opportunity to consider and rule on the issues presented in the Keller case.

---

[1] Justices Mosk, Arguelles and White concurred in the majority opinion.

[2] Justice Kaufman's dissent was joined by Justices Panelli and Agliano.

CONCLUSION

While ***staying*** these ***proceedings*** ***pending*** the ***decision*** of the Supreme Court, this Court is sympathetic with the Plaintiffs' desire to proceed with discovery in this case. It is the Court's intention, therefore, to ***order*** expedited discovery in this matter after the Supreme Court resolved the ***pending*** issues.

For the reasons set forth in the foregoing opinion, this Court grants defendant's ***motion*** to ***stay*** the ***proceedings*** ***pending*** determination by the United States Supreme **[\*6]** Court of the case of Keller v. State Bar of California, 88-1905.

DATED: February 22, 1990

**End of Document**

⊕ Positive

As of: March 8, 2018 5:24 PM Z

# *Tostado v. Jackson*

United States District Court for the Eastern District of Wisconsin

May 25, 2011, Decided; May 25, 2011, Filed

Case No. 10-CV-1162

**Reporter**

2011 U.S. Dist. LEXIS 56144 *; 2011 WL 2116396

JUANA OLIVIA TOSTADO, Plaintiff, v. CHRISTOPHER D. JACKSON, RICK RAEMISCH, CATHY JESS, DEBORAH CHAMBERS, REBECCA WILSON, SGT. KANE, SGT. WIGGINS, SGT. SCAPRIDEAN, SGT. JOHN DOE, WISCONSIN DEPARTMENT OF CORRECTIONS, and STATE OF WISCONSIN, Defendants.

## Core Terms

proceedings, weigh, criminal case, Intervene, court finds, defendants', criminal charge, motion to *stay*, damages, argues

**Counsel:** **[*1]** For Juana Olivia Tostado, Plaintiff: Mark D Richards, Richards & Hall SC, Racine, WI.

For Rick Raemisch, State of Wisconsin, Wisconsin Department of Corrections, Sgt Scapridean, Sgt Wiggins, Sgt Kane, Rebecca Wilson, Deborah Chambers, Cathy Jess, Defendants: Monica A Burkert Brist, Robert B Bresette, Wisconsin Department of Justice, Madison, WI.

**Judges:** J.P. *Stadtmueller*, U.S. District Judge.

**Opinion by:** J.P. *Stadtmueller*

## Opinion

### ORDER

On December 23, 2010, plaintiff Juana Tostado ("Tostado") filed a complaint under *42 U.S.C. § 1983*, alleging that her civil rights were violated while she was an inmate at the Milwaukee Women's Correctional Center ("MWCC"). In her complaint, Tostado also alleges various state law claims. All of plaintiff's claims arise out of the alleged physical and sexual assaults of defendant Christopher Jackson ("Jackson"), a former

Sergeant at MWCC. (Compl. ¶¶ 28-39, 48-65). Jackson was convicted of two counts of sexual assault against Tostado in Milwaukee County Circuit Court, case number 09CF2093, and is awaiting retrial of additional charges involving his conduct toward plaintiff. The additional charges are set for trial on July 18, 2011. Tostado's *§ 1983* claims against the other defendants **[*2]** are for failing to adequately train, discipline, and supervise Jackson. (Compl. ¶¶ 40-47). This matter comes before the court on defendants' (Deborah Chambers, Cathy Jess, Sergeant Kane, Rick Raemisch, Sergeant Scapridean, Sergeant Wiggins, Rebecca Wilson, and Wisconsin Department of Corrections) Motion to Dismiss Party, Motion to Intervene, and Motion to *Stay* Proceedings, all filed on March 31, 2011. (Docket #'s 10, 14, 16).

### DISCUSSION

### I. Motion to Dismiss

First, the defendants argue that the Wisconsin Department of Corrections should be dismissed from this action because it is a suit for damages against a state agency. State agencies are not considered a "person" under *§ 1983*, and, therefore, they are not a proper party to a *§ 1983* lawsuit. *Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003)*. For her part, Tostado states that she "takes no position on the Motion to Dismiss." (Pl.'s Reply Mot. Dismiss at 1). Because Tostado's claim for damages against the Department of Corrections is based on *§ 1983* and the state agency is not a "person" subject to a damages action under *§ 1983*, the court is obliged to dismiss the Wisconsin Department of Corrections from this action.

### II. Motion to **[*3]** Intervene

The State of Wisconsin moves the court for permission

to intervene pursuant to *Federal Rule of Civil Procedure 24(a)* and *(b)*. (Docket #14). Tostado does not object to the State's intervention. (Pl.'s Reply Mot. Intervene at 1). The State of Wisconsin claims that it must intervene to protect its interests, including its right to challenge whether defendant Jackson was acting within the scope of his employment pursuant to *Wis. Stat. § 895.46* during the times referenced in plaintiff's complaint, whether the State is subject to pay damages on behalf of Jackson, and whether the State is required to represent Jackson.

*Federal Rule of Civil Procedure 24(a)(2)* requires a court to permit anyone to intervene who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." It appears that the State of Wisconsin is entitled to intervention in this case because disposition without the State of Wisconsin may impair its ability to protect its stated interests, and no [*4] other party in the action will protect the State's interest. Thus, the court must grant the motion as to intervention.

### III. Motion to *Stay* Proceedings

The defendants have also requested that the court **stay** the proceedings in this case until the state criminal charges pending against defendant Jackson are resolved. Jackson is set to be re-tried on four counts of alleged second degree sexual assault on July 18, 2011. According to the defendants, the pending criminal charges arise from the same facts as this lawsuit. The defendants argue that Jackson's pending criminal proceedings are directly relevant to any future court determination as to the scope of employment and/or indemnification issues. On the other hand, plaintiff objects to defendants' motion to **stay** the proceedings, arguing that a **stay** would not only delay the civil litigation against Jackson, but it would also delay adjudication of plaintiff's claims against the other individual defendants.

"[A] district court possesses substantial discretion to control its docket," including the inherent power to **stay** a case when justice requires. *Employers Ins. of Wausau v. Shell Oil Co., 820 F.2d 898, 902 (7th Cir. 1987)*. "The proponent of [*5] a **stay** bears the burden of establishing its need." *Clinton v. Jones, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)*. In

determining whether to **stay** civil proceedings because of a pending criminal action, a court may consider:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a **stay** were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants.

*Cruz v. County of DuPage, 1997 U.S. Dist. LEXIS 9220, 1997 WL 370194, *2 (N.D.Ill. 1997)*.

Here, the parties agree that this civil lawsuit involves the same subject matter as the criminal case. Specifically, the conduct of defendant Jackson is the underlying conduct on which plaintiff's civil rights allegations and state law claims rest. On the other hand, Tostado's allegations set forth against Jackson's codefendants, though based on the underlying conduct of Jackson, are not being addressed in the criminal case. The court [*6] agrees with Tostado that these allegations represent a separate factual question. Accordingly, the court finds that this factor does not weigh in favor of a **stay**. However, neither does it weigh against the granting of a **stay** because of the significant overlap of issues.

Next, the court has permitted the State of Wisconsin to intervene in this matter and, therefore, it is a party to the instant case, as well as to the state court criminal action. This factor weighs in favor of the issuance of a **stay** because there is some danger that the government may use civil **discovery** to obtain evidence and information for use in its criminal prosecution, thereby circumventing the *Fifth Amendment* right against self-incrimination. See *Cruz, 1997 U.S. Dist. LEXIS 9220, 1997 WL 370194, at *3*.

Third, the posture of the criminal case seems to weigh in favor of the granting of a **stay**. The criminal case is ongoing against defendant Jackson, suggesting that a **stay** would be appropriate. The fact that the criminal case is nearing its conclusion – with a trial date set for mid-July 2011 – is also significant because it means any delay in the civil proceeding would be minimal, excepting a further delay in the criminal case. Furthermore, [*7] the defendant argues that criminal convictions regarding Jackson's conduct may have a

preclusive effect in the civil case and are also likely to be directly relevant to the court's inquiry on the State's anticipated motions concerning scope of employment and indemnity under *Wis. Stat. § 895.46*. As such, the court finds the posture of the criminal case weighs in favor of the issuance of a *stay*.

The fourth factor for the court to consider is the effect on the public interests at stake if a *stay* were to be issued. Typically, the relevant inquiry is whether a *stay* would enable the defendants to engage in some continuing wrong. *See Cruz, 1997 U.S. Dist. LEXIS 9220, 1997 WL 370194, at *3*. Defendants do not address this issue in their motion. However, at least with regard to defendant Jackson, the possibility is slight as he is currently incarcerated. As for the other defendants, it is unclear whether they are still engaged in the same employment. If they are still employed at the State of Wisconsin Department of Corrections, it is conceivable that future acts similar to the ones alleged in the civil complaint may occur, yet such a possibility is also slight. Thus, this factor does not appear to weigh against the issuance **[*8]** of a *stay*. Nor does it weigh in favor of a *stay*.

In any event, the defendant argues that the public has an interest in avoiding any possible interference with the prosecution of the defendant. Defendants posit that such interference could arise if civil ***discovery***, including sworn testimony, is elicited while the criminal charges are still pending. The public does have an interest in the effective prosecution of the defendant and, therefore, the court finds this factor weighs in favor of a ***stay***.

Next, the court must inquire into the effect of a *stay* on the interests of the plaintiff. The defendant argues that a short delay of a few months should not prejudice the plaintiff because she is no longer incarcerated, and this is simply a suit for monetary damages. Tostado argues that while she is no longer incarcerated, she is entitled to have her complaint addressed in a timely manner because she will continue to suffer emotional and physical harm the longer the matter is left unresolved. The court is sympathetic to the plaintiff's argument, but notes again that the resulting delay from a *stay* of these proceedings would likely postpone the matter for, at most, three months. The plaintiff further **[*9]** argues that ***staying*** the proceedings would impair her ability to pursue her case as a delay would allow "witnesses to disappear and memories to fade." (Pl.'s Reply at 3). While this concern is not without merit, the delay at issue here is only a matter of months, and it does not appear that it would be highly prejudicial to plaintiff's ability to effectively prepare her case. Accordingly, the court finds this factor weighs slightly in favor of a ***stay*** because the prejudice to plaintiff would be minimal.

Lastly, Jackson's co-defendants argue that without a ***stay***, their defense in this lawsuit will be prejudiced because their ability to engage in full ***discovery*** will be hampered. In support of this argument, the defendants contend that their defense will include sworn deposition testimony from Jackson. Moreover, the defendants assert that it is reasonable to assume that Jackson will not be a cooperative witness while criminal charges – based on the same subject matter as the civil suit – are pending against him. While the court finds this argument rather speculative, it is conceivable that Jackson may be less cooperative in civil ***discovery*** while criminal charges are pending against him. Of **[*10]** more concern to the court, however, is the possibility that the parallel proceedings would undercut defendant Jackson's privilege against self-incrimination. Because defending a civil action involving the same matter for which a party is under indictment is a severe burden, *Securities & Exchange Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375, 202 U.S. App. D.C. 345 (D.C.Cir. 1980)*, the court finds the burden on defendant Jackson weighs in favor of a ***stay***.

Based on the court's above analysis, the court finds that on balance, the facts of this case support the issuance of a *stay* pending the outcome of Jackson's state criminal proceedings. Therefore, the court will grant the defendants' motion to ***stay*** the proceedings.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Dismiss Party (Docket #10) be and the same is hereby **GRANTED;** the Wisconsin Department of Corrections is dismissed from this action;

**IT IS FURTHER ORDERED** that the defendants' Motion to Intervene (Docket #14) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that defendants' Motion to ***Stay*** Proceedings (Docket #16) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that this case be and the same is hereby ***STAYED*** pending the outcome **[*11]** of defendant Jackson's state court criminal proceedings in Milwaukee County Circuit Court Case Number 09CF2093; the parties shall notify the court in writing of the resolution of the criminal case when one has been reached.

The Clerk is directed to administratively close this case for statistical purposes.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2011.

BY THE COURT:

/s/ J.P. ***Stadtmueller***

J.P. ***Stadtmueller***

U.S. District Judge

_____

End of Document