# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| REBECCA TERRY,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>                    Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br><br>**ORDER** |

Two matters are before the Court, both of which concern Defendant Armor Correctional Health Services ("Armor"). First, on March 5, 2018, Armor filed a motion requesting a stay of this action on the ground that it is presently facing criminal charges initiated by a complaint issued by the Milwaukee County District Attorney's Office. (Docket #54); (Docket #55 at 2). Because of that circumstance, Armor will likely face a choice between answering Plaintiff's discovery requests and deposition questions, and thereby potentially incriminating itself, or invoking its rights under the Fifth Amendment, and risking the penalty of an adverse factual inference. *See* (Docket #55 at 8); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Plaintiff has not yet responded to that motion. However, on March 8, Armor filed an expedited motion under Civil Local Rule 7(h) seeking a temporary stay of all discovery while the Court considers its earlier-filed motion on the same subject. (Docket #66). Armor reports that Plaintiff opposes a stay and has scheduled a deposition of Brian Wenzel ("Wenzel"), a Milwaukee County Jail correctional officer, for March 13. *Id.* at 2. Armor asked Plaintiff to postpone the deposition until a ruling could be had on its motion to stay or limit the deposition to topics not related to the criminal charges against Armor. *Id.* Plaintiff refused. *Id.*

The Court will deny both of Armor's motions. First, and easiest, is the expedited motion. Armor has a Fifth Amendment right against self-incrimination, but Wenzel is not an Armor employee and does not speak for Armor. The privilege against self-incrimination "adheres basically to the person, not to information that may incriminate him." *Couch v. United States*, 409 U.S. 322, 328 (1973); *see also Johnson v. United States*, 228 U.S. 457, 458 (1913) (Holmes, J.) ("A party is privileged from producing the evidence, but not from its production."). In other words, the Constitution "does not proscribe incriminating statements elicited from another." *Couch*, 409 U.S. at 328. Thus, the fact that Wenzel might opine on factual matters tending to incriminate Armor is not something Armor can forestall by resort to the Fifth Amendment. Armor's larger request for a stay of all proceedings is infected with this same overbreadth problem.

More importantly, neither the expedited motion nor the earlier-filed motion to stay convince the Court that a stay is warranted, even if it was confined to Armor. *See* Fed. R. Civ. P. 26(c) (good cause is required to relieve

a party of its discovery obligations); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (district courts enjoy broad discretion in deciding whether a stay is appropriate). The Court will not entertain a stay of discovery, bifurcation, or any other alteration of the present course of these proceedings. If Armor must invoke its Fifth Amendment rights in response to discovery requests or deposition questions, so be it. The choice whether to respond is for Armor to make, but "the fact that a party to civil litigation is faced with this sort of choice does not automatically entitle him to a stay of the civil case." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008); *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

The factors normally considered in determining whether a stay is appropriate do not weigh in Armor's favor. Those include: (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant. *Cruz v. Cnty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997).

The proceedings here are far broader than those implicated in the criminal complaint, which relates only to a few instances of falsifying medical records. Notably, none of the incidents mentioned in the criminal complaint involve Plaintiff or her childbirth. That makes this case unlike

*Cruz*, where the civil and criminal proceedings involved aspects of a single murder investigation. *Id.* The fact that Plaintiff's *Monell* claim may in some sense touch upon the same topic as the criminal complaint, *see* (Docket #55 at 12); (Docket #59 at 2–3), is simply not enough to intertwine the cases in the Court's estimation. Because of this, it is of little moment that the criminal proceedings are brought by Milwaukee County, which is also a party to this case,[1] or that the criminal proceedings are in their infancy. *Chagolla*, 529 F. Supp. 2d at 946. More crucial to this Court's decision-making are the interests of the public and Plaintiff in an expeditious resolution of this action, enshrined in the first of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 (courts must administer the Federal Rules to "secure the just, speedy, and inexpensive determination of every action"); *Chagolla*, 529 F. Supp. 2d at 946–47.

In light of these considerations, the burden on Armor is insufficient to warrant a stay. That same lack of prejudice means that the Court is obliged to deny Armor's alternative request for bifurcation of the individual and *Monell* claims. *See* (Docket #55 at 15–21). Federal Rule of Civil Procedure 42(b) allows bifurcation when it promotes convenience, avoids prejudice, or expedites litigation. Fed. R. Civ. P. 42(b). None of those goals are served by Armor's proposed bifurcation.

---

[1]Moreover, Milwaukee County is a co-defendant and is not prosecuting this action against Armor, thereby lessening the danger that the government is trying to end-run around the limitations on criminal discovery by bringing a civil action. *See Kordel*, 391 U.S. at 11–12; *Dresser*, 628 F.2d at 1375. That said, it is possible that the government may engage in some discovery efforts directed at Armor. *See Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at *3 (N.D. Ill. Jan. 16, 2008) (government as intervenor).

This branch of the Court rarely entertains bifurcation, even when one set of claims depends upon determination of another, again out of respect for Congress' direction that courts pursue the speedy and inexpensive resolution of civil actions. *See Baires Blue Cross Blue Shield of Minn. v. State Farm Mut. Auto. Ins. Co.*, Case No. 16–CV–402–JPS, 2016 WL 4591905, at *4 (E.D. Wis. Sept. 2, 2016); *Estate of Watts v. Heine*, No. 07–CV–644, 2008 WL 4056317, at *1 (E.D. Wis. Aug. 25, 2008) ("Given that a court is expected to act to secure the just, speedy, and inexpensive determination of every action, bifurcation remains the exception and not the rule."). Moreover, in cases like this one there is an undeniable overlap in the evidence pertaining to the individual and *Monell* claims, making it wasteful to approach discovery piecemeal. *See Baires*, 2016 WL 4591905, at *4. Certainly, there is no general rule, as Armor suggests, that bifurcation should be the norm in Section 1983 cases involving *Monell* claims. *See Ojeda Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008) (district courts should undertake "a case-specific assessment of the advantages and disadvantages of bifurcation"). Thus, the Court will not exercise its discretion to bifurcate the case, for doing so would avoid negligible prejudice to Armor at a significant cost to the time and resources of the parties and the Court.

The second matter ripe for decision at this time relates to Plaintiff's recently filed expedited motion to compel Armor to respond to several of her discovery requests. (Docket #60). Armor complains that it cannot present its arguments in opposition within the space constraints of Civil Local Rule 7(h), *see* Civ. L. R. 7(h) (limiting the motion and response to three

pages), and it has filed its own expedited motion asking the Court to convert Plaintiff's motion into a regular civil motion, (Docket #63).

Armor's request will be denied. Plaintiff is entitled to seek relief on an expedited basis, and when she does so, she suffers from the same limitations as does Armor. If Plaintiff can present cogent arguments in favor of the relief she seeks in three pages, Armor can argue against them in the same amount of space. And if the Court finds that the limitations of Rule 7(h) deprive it of the ability to determine whether relief is warranted, it will deny relief, as it has done in other cases. *See Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc.*, Case No. 14–CV–1289–JPS, 2017 WL 1322183, at *1 & n.1 (E.D. Wis. Apr. 10, 2017).

Moreover, the issue of Armor's pending requests for a stay, having been resolved in this Order, will not need to be addressed in its response to Plaintiff's motion. *See* (Docket #63 at 1–2). Finally, to the extent Armor believes that Plaintiff's *Monell* claim is overbroad, it is free to file its own dispositive motion raising that concern. *Id.* But that should not be litigated in response to Plaintiff's motion, for, as the Court recently noted in addressing a similar dispute between Plaintiff and the Milwaukee County defendants, a discovery motion is not the proper forum for narrowing the scope of Plaintiff's claims. (Docket #59 at 2–3). Thus, the Court will deny Armor's motion to convert Plaintiff's expedited motion.

Accordingly,

**IT IS ORDERED** that Defendant Armor Correctional Health Services' motions to stay proceedings or for bifurcation (Docket #54, #66) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Armor Correctional Health Services' expedited motion to convert Plaintiff's expedited motion to compel discovery responses (Docket #63) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge