# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>                    Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br>**ORDER** |

       On March 6, 2018, Plaintiff filed an expedited motion under Civil Local Rule 7(h), seeking to compel responses to certain of her discovery requests from Armor Correctional Health Services ("Armor"). (Docket #60). As has been noted elsewhere, this suit concerns Defendants' alleged deliberate indifference to Plaintiff's serious medical needs—namely, an instance in March 2014 during which she, as an inmate at the Milwaukee County Jail (the "Jail"), gave birth to a child in a cell in the infirmary without any assistance from Jail personnel or medical staff employed by Armor. As with the prior Rule 7(h) motions the Court has recently addressed, it will assume familiarity with the facts and procedural history of the case to facilitate expedited consideration of the present motion.

Plaintiff raises four areas of disagreement between the parties regarding discovery. First, she complains that Armor has not produced all relevant medical records in its possession concerning her, including records for periods of incarceration in 2013 during which she was pregnant with the child to whom she gave birth in the Jail in March 2014. (Docket #60 at 2). Armor responds that it did not previously understand the need for records relating to Plaintiff's prior periods of incarceration—*i.e.*, that she was pregnant during those periods—and now that it does, it has produced the requested records. With nothing left to compel, the Court will deny Plaintiff's motion on this point.

Second, Plaintiff asserts that Armor must produce job descriptions for each of its personnel assigned to the Jail during the relevant period. *Id.* at 3. Armor claims that the first it heard of this request was during Plaintiff's efforts to meet and confer regarding the present discovery disputes. (Docket #71 at 2). It remains open to responding to a specific request for "job descriptions" for the appropriate personnel. *Id.* at 2 n.5.

The Court, however, reads Plaintiff's underlying discovery request as broad enough to encompass job descriptions. In that request, Plaintiff asked for "[a]ll documents reflecting the names, work schedules, work assignment location, and work duties and responsibilities" of individuals responsible for administering medical care at the Jail on March 9–10, 2014. (Docket #60-3 at 5). Whatever form a "job description" might take, it certainly falls within the realm of documents that reflect the "work duties and responsibilities" of Armor employees. As such, and because Armor

does not object to the request on any other grounds, the Court will grant Plaintiff's motion in this regard.

Third, Plaintiff asks for an order compelling Armor to produce additional documents regarding its policies and procedures in order to support her *Monell* claim. (Docket #60 at 3–4). Plaintiff has requested policies, training materials, and the like pertaining to Armor's medical care policies, including complaints from inmates about their medical care at the Jail, the evaluations, licensure, or discipline of healthcare staff, and the procedures for obtaining medical care at the Jail. *Id.* In an effort to compromise, Plaintiff reports that she has limited her request to the period spanning May 2013 through April 2014. *Id.* at 4.

Armor explains that it has produced some documents in response to these requests, including specific policies and procedures when asked for them. (Docket #71 at 3). Armor objects that to the extent any additional documents are required, the requests are overly broad and unduly burdensome, as they amount to a request for a review of "effectively every page of nearly every document generated by Armor since it began providing services at the Milwaukee County Jail [on] May 11, 2013." *Id.* Armor suggests that the document production should be limited to policies, procedures, complaints, and discipline regarding pregnancies, which is the focus of Plaintiff's individual constitutional claim. *Id.* at 3–4.

While it appreciates that Plaintiff seeks a large body of documents, the Court remains convinced that any objection to the scope of her *Monell* claim is best reserved for a dispositive motion, which Armor has not filed. *See* (Docket #59 at 2–3). If Plaintiff's *Monell* claim was confined to issues

regarding childbirth at the Jail, her discovery requests would certainly be overbroad and lack a proportional relationship to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Patterson v. Hepp*, Case No. 16–CV–942–JPS, 2017 WL 1901573, at *1 (E.D. Wis. May 9, 2017). As it stands, however, her *Monell* claim embraces a broader theory that Armor ignored or totally failed to provide health care to inmates, including, as one example, the specific instance of Plaintiff's March 2014 childbirth. Her discovery requests are, therefore, necessary to fully probe the bases for her *Monell* claim.

Refereeing a recent, similar dispute between Plaintiff and the other Defendants, the Court explained:

> Without expressing any view as to the soundness of either party's interpretation of the *Monell* claim, in the context of the present motion the Court is obliged to side with Plaintiff. Defendants have not sought to dismiss the claim on the ground that it is overbroad or untethered from Plaintiff's individual injury. To rule in their favor here would accomplish precisely that, for without wide-ranging discovery on the lack of medical care at the Jail, summary judgment against Plaintiff on her *Monell* claim is a foregone conclusion. The scope of discovery is tied to the state of the pleadings. *See* Fed. R. Civ. P. 26(b)(1) (discovery may be had on any matter "relevant to any party's claim or defense"). While Plaintiff's *Monell* claim remains in its current form, she is entitled to take discovery as to the full scope of the claim. The Court is sensitive to what will likely be an enormous document production on Defendants' part, but if they wish to avoid litigating the full breadth of Plaintiff's *Monell* claim, their only path is through a dispositive motion.

(Docket #59 at 2–3). There is no reason for a different result in this instance.

This decision is consistent with Armor's cited cases, in which the district courts appropriately considered the scope of the claims at issue to

determine the outer bounds of permissible discovery. For instance, in *Saunders v. City of Chicago*, Case No. 12-cv-9158, 2017 WL 36407, at *7–9 (N.D. Ill. Jan. 4, 2017), the court limited production of records from a vast police database to those records concerning the relevant individuals. And in *Mann v. City of Chicago*, No. 15 CV 9197, 2017 WL 3970592, at *5 (N.D. Ill. Sept. 8, 2017), the court, after observing the importance of broad discovery regarding the plaintiff's wide-ranging *Monell* claim, concluded that certain government officials had such short tenures that discovery of their emails was not sufficiently important and risked needless duplication of effort. Here too, the Court has addressed the fit between Plaintiff's *Monell* claim and the discovery sought, and although Armor complains about the quantity of documents, it does not suggest any problem with duplicative production. Plaintiff's motion will be granted on this point.[1]

Finally, Plaintiff argues that Armor should be required to respond to her Interrogatory No. 12, which asks it to provide the factual basis for each of its affirmative defenses. (Docket #60 at 4). Armor originally objected on the basis of work-product protection, but it now raises a different objection—namely, that its contentions regarding its affirmative defenses should not be required until, at earliest, the close of discovery. (Docket #71

---

[1]That said, the parties should continue to engage in meaningful efforts to streamline any necessary document production. For example, Armor has offered to produce all medical grievances from May 2013 through March 2014. (Docket #71 at 4 n.8). The grievances may not cover all of the ground Plaintiff needs to adequately support her *Monell* claim, but it would be a good place to start, and it could help inform what additional records she needs from among the other types she identified. The Court expects the parties to continue to work cooperatively in this regard.

at 4); *Gregg v. Local 305 IBEW*, Cause No. 1:08–CV–160, 2009 WL 1325103, at *6 (N.D. Ind. May 13, 2009) (answers to contention interrogatories are often delayed until the end of discovery to promote judicial economy and fairness).

The Court does not accept either of Armor's objections. First, it is unclear why Armor would claim work-product protection for its response to this interrogatory, as it is well-settled that contention interrogatories are entirely appropriate even though they ask for opinions as to the interaction of law and fact. *See* Fed. R. Civ. P. 33(a)(2); *Davis v. City of Springfield, Ill.*, No. 04-3168, 2009 WL 268893, at *7 (C.D. Ill. Jan. 30, 2009). Second, although Armor is correct that it is sometimes permissible to delay responses to contention interrogatories until the close of discovery, in this branch of the Court discovery does not close until thirty days before trial, as provided in the Local Rules. Civ. L. R. 26(c). Waiting until that juncture might deprive Plaintiff of the ability to seek summary disposition of the affirmative defenses, if she so chose. Moreover, the end of discovery is not a hard deadline; courts have also expressed the need for delaying until "substantial discovery has taken place." *In re H & R Block Mortgage Corp., Prescreening Litig.*, No. 2:06–MD–230, 2006 WL 3692431, at *4 (N.D. Ind. Dec. 13, 2006). Armor does not argue that there has not been substantial discovery in this case to date. Moreover, Armor is free to respond to the extent it is able at this time and amend its responses as new responsive information comes to light. *See* Fed. R. Civ. P. 26(e). Consequently, the Court will grant Plaintiff's motion to compel a further response to Interrogatory No. 12.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion to compel discovery responses from Armor (Docket #60) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2018

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge