## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO HEALTHCARE DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following interrogatories, pursuant to Federal Rules of Civil Procedure 33, to Defendants Armor Correctional Health Services, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered under oath by each within 30 days:

### Definitions and Instructions

1.     "Plaintiff," "Rebecca Terry," or "Ms. Terry" refers to Plaintiff Rebecca Terry.

2.     "Defendant" and "You/r" shall refer to any of the Defendants, as well as their subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within their control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

3.     "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with the stated subject matter.

4.     "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

5.     "Communication" is defined pursuant to Local Rule 26(d)(2)(A).

6.     "Document" is defined pursuant to Local Rule 26(d)(2)(B).

7.     "To Identify" is defined pursuant to Local Rule 26(d)(2)(C).

8.     "Person" is defined pursuant to Local Rule 26(d)(2)(D).

9.     "Shackling" is defined as the application of physical restraints, including but not limited to the application of handcuffs, leg irons, wrist restraints, or belly chains.

10.     Documents that are stored electronically shall be produced in their native format.

11.     Any interrogatory whose response includes a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

2

12.     If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

13.     In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

14.     In the event that a Document is responsive to an interrogatory, identify the interrogatory to which each Document produced is responsive.

## Privileged Documents

If any Document is withheld under a claim of privilege, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and nature of the privilege and the date of the Document, person(s) generating and receiving the Document, type of Document (e.g. letter, report, memorandum, etc.) and a general description of the subject matter contained in the Document. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, and the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

Case 2:17-cv-01112-JPS   Filed 03/22/18   Page 3 of 62   Document 86-1

## Interrogatories

1.      Under oath, please Identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures. Your response to this interrogatory should include all Persons with any knowledge of the events in Plaintiff's Complaint. For each such Person, please describe with particularity any facts known by such Person relating to the claims and defenses in this action, including facts about which the Person may be competent to testify at trial, and state whether you intend to call the person as a witness at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

2.      Did you provide any medical treatment, medical care, or medication to Rebecca Terry at any time on or about March 9-10, 2014? If so, please describe in detail: why you did or did not provide any treatment, care or medication; the treatment, care, medication you provided; and when you provided the treatment, care, or medication.

4

3.     State whether you ever communicated with anyone (including Plaintiff) regarding Plaintiff's health, including but not limited to her pregnancy, labor, delivery, or post-partum care, and including any attempts by Plaintiff to communicate with you, even if you did not respond to such attempts. For each such Communication, state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) describe in detail the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

4.     Please identify any and all criminal convictions of any potential witnesses in this action. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

5.     Please identify by name anyone working in the Milwaukee County Jail booking area or infirmary, as well as any officers working as "movement" or "clinic" officers on March 9, 2014 and March 10, 2014, and provide contact information for all such employees.

6.     Describe in detail why, in your answer to Plaintiff's Complaint, you

5

denied Plaintiff's allegation that she did not receive adequate medical care after returning to jail, such as timely post-partum medical visits and medical treatment.

7. Did any Person, including you, fail to take reasonable measures in response to Plaintiff's serious medical need(s) while she was at the Milwaukee County Jail on March 9-10, 2014? If so, please explain what acts or omissions were unreasonable, and please explain what measures would have been reasonable.

8. Please explain in detail why Rebecca Terry gave birth in a cell at the Milwaukee County Jail on March 10, 2014 instead of at a hospital?

9. Do you contend that the Milwaukee County Jail had adequate staff to respond to inmate healthcare needs on March 9-10, 2014? Please explain in detail the basis for your contention as to whether the jail did or did not have adequate staff to respond to inmate healthcare needs on March 9-10, 2014.

10. Please identify the policymaker(s) with final policymaking authority for Armor Correctional's policies and practices relating to:

    a. Access of inmates to medical care at Milwaukee County Jail;
    b. Provision of medical care at Milwaukee County Jail;
    c. Communication and coordination between jail staff and medical staff at Milwaukee County Jail;
    d. Access of inmates to medical care outside of Milwaukee County Jail; and,
    e. Staffing of medical personnel at the Milwaukee County Jail.

11. Please identify every step taken by the final policymaker for Armor Correctional to ensure adequate medical care at Milwaukee County Jail from March 9, 2009-March 9, 2015.

12. For any affirmative defenses that you have asserted or will assert in

6

this matter, please describe in detail the basis for each such defense, including the entire factual basis, and identify all witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

13.    Please state whether any of the individual Defendants or any other employee or agent of the County of Milwaukee or Armor Correctional acted inconsistently with any of the policies and practices of the County of Milwaukee or Armor Correctional (formal or informal, written or unwritten) at any time during the entire course of dealing or involvement with Plaintiff.  If the answer is in the affirmative, please identify: (a) any particular policy or any practice which was violated; and (b) whether any discipline resulted from that violation.

7

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

8

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the foregoing Plaintiff's First Set of Interrogatories to Healthcare Defendants via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

9

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FIRST SET OF
## <u>INTERROGATORIES TO MILWAUKEE COUNTY DEFENDANTS</u>

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby

submits the following interrogatories, pursuant to Federal Rules of Civil Procedure

33, to Defendants County of Milwaukee, David A. Clarke, Jr., and Brian Wenzel to

be answered under oath by each within 30 days:

### <u>Definitions and Instructions</u>

1.      "Plaintiff," "Rebecca Terry," or "Ms. Terry" refers to Plaintiff Rebecca

Terry.

2.      "Defendant" and "You/r" shall refer to any of the Defendants, as well as

their subdivisions, departments, agencies, police departments, subsidiaries, elected

officials, corporate officers, and any other constituent entity within their control, as

well as any counsel, consultants, employees, representatives, agents, contractors,

experts, investigators, or other persons acting on their behalf.

3. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with the stated subject matter.

4. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

5. "Communication" is defined pursuant to Local Rule 26(d)(2)(A).

6. "Document" is defined pursuant to Local Rule 26(d)(2)(B).

7. "To Identify" is defined pursuant to Local Rule 26(d)(2)(C).

8. "Person" is defined pursuant to Local Rule 26(d)(2)(D).

9. "Shackling" is defined as the application of physical restraints, including but not limited to the application of handcuffs, leg irons, wrist restraints, or belly chains.

10. Documents that are stored electronically shall be produced in their native format.

11. Any interrogatory whose response includes a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

2

12.     If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

13.     In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

14.     In the event that a Document is responsive to an interrogatory, identify the interrogatory to which each Document produced is responsive.

## Privileged Documents

If any Document is withheld under a claim of privilege, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and nature of the privilege and the date of the Document, person(s) generating and receiving the Document, type of Document (e.g. letter, report, memorandum, etc.) and a general description of the subject matter contained in the Document. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, and the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

3

## Interrogatories

1.     Under oath, please Identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures. Your response to this interrogatory should include all Persons with any knowledge of the events in Plaintiff's Complaint. For each such Person, please describe with particularity any facts known by such Person relating to the claims and defenses in this action, including facts about which the Person may be competent to testify at trial, and state whether you intend to call the person as a witness at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

2.     Did you notify any medical staff on behalf of Rebecca Terry at any time on or about March 9-10, 2014? If so, please describe in detail why you did or did not notify medical staff and, if you did notify medical staff, when and who you notified.

3.     State whether you ever communicated with anyone (including Plaintiff) regarding Plaintiff's health, including but not limited to her pregnancy,

4

labor, delivery, or post-partum care, and including any attempts by Plaintiff to communicate with you, even if you did not respond to such attempts. For each such Communication, state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) describe in detail the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

4.       Please identify any and all criminal convictions of any potential witnesses in this action. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

5.       Please identify by name anyone working in the Milwaukee County Jail booking area or infirmary, as well as any officers working as "movement" or "clinic" officers on March 9, 2014 and March 10, 2014, and provide contact information for all such employees.

6.       Was Rebecca Terry shackled during her hospitalization at Froedtert Hospital or Sinai Hospital? Describe in detail why or why not, including but not limited to identifying every individual who made the decision to, or not to, shackle

5

her, every reason that decision was made, and whether (if so, how) the reasons for this decision were ever documented.

7.      Describe in detail why, in your answer to Plaintiff's Complaint, you deny Plaintiff's allegation that Plaintiff was shackled during her visit to Sinai Hospital for post-partum care.

8.      Describe in detail why, in your answer to Plaintiff's Complaint, you denied Plaintiff's allegation that she did not receive adequate medical care after returning to jail, such as timely post-partum medical visits and medical treatment.

9.      Did any Person, including you, fail to take reasonable measures in response to Plaintiff's serious medical need(s) at the Milwaukee County Jail on March 9-10, 2014? If so, please explain what acts or omissions were unreasonable, and please explain what measures would have been reasonable.

10.     Please explain in detail why Rebecca Terry gave birth in a cell at the Milwaukee County Jail on March 10, 2014 instead of at a hospital?

11.     Do you contend that the Milwaukee County Jail had adequate staff to respond to inmate healthcare needs on March 9-10, 2014? Please explain in detail the basis for your contention as to whether the jail did or did not have adequate staff to respond to inmate healthcare needs on March 9-10, 2014.

12.     Please identify the policymaker(s) with final policymaking authority for the Milwaukee County Jail's policies and practices relating to:

        a. Access of inmates to medical care at Milwaukee County Jail;
        b. Provision of medical care at Milwaukee County Jail;
        c. Communication and coordination between jail staff and medical

6

staff at Milwaukee County Jail;
    d.  Access of inmates to medical care outside of Milwaukee County Jail;
    e.  Staffing of medical personnel at the Milwaukee County Jail; and;
    f.  Shackling inmates during hospitalization.

13.   Please identify every step taken by the final policymaker for Milwaukee County Jail to ensure adequate medical care at the Milwaukee County Jail from March 9, 2009-March 9, 2015.

14.   For any affirmative defenses that you have asserted or will assert in this matter, please describe the in detail the basis for each such defense, including the entire factual basis, and identify all witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

15.   Please state whether any of the individual Defendants or any other employee or agent of the County of Milwaukee acted inconsistently with any of the policies and practices of the County of Milwaukee (formal or informal, written or unwritten) at any time during the entire course of dealing or involvement with Plaintiff.  If the answer is in the affirmative, please identify: (a) any particular policy or any practice which was violated; and (b) whether any discipline resulted

7

from that violation.

18. Please identify any individual who had any supervisory responsibility for or authority to oversee and/or direct the activities of Defendant Wenzel at any time from March 9, 2009-March 9, 2015.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

8

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the foregoing Plaintiff's First Set of Interrogatories to Milwaukee County Defendants via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

9

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO ARMOR CORRECTIONAL HEALTH SERVICES

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following interrogatories, pursuant to Federal Rules of Civil Procedure 33, to Defendants Armor Correctional Health Services, to be answered under oath within 30 days:

## Definitions and Instructions

"Asset" shall mean anything of financial value, including but not limited to real property, cash, securities, any sort of financial accounts, or the like.

"Liability" shall mean any debt or financial obligation.

"Net worth" is calculated by subtracting liabilities from assets.

## Interrogatories

1. What is your net worth?

2. Describe how you calculated your answer to interrogatory no. 1, including by identifying the sources of information you used to identify your assets and your liabilities.

1

3. What was your gross revenue in each of the past five years?

4. What was your net profit in each of the past five years?

5. Please identify all financial professionals, including accountants and tax lawyers, to prepare tax returns and financial statements in the past 3 years. Please identify them by their name, address, and phone number.

Respectfully submitted,

/s/ Theresa Kleinhaus

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on March 13, 2018, I served the foregoing Plaintiff's First Set of Interrogatories to Armor Correctional Health Services via electronic mail.

/s/ Theresa Kleinhaus
Theresa Kleinhaus
*One of Plaintiff's Attorneys*

2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS TO**
**<u>ADMIT TO HEALTHCARE DEFENDANTS</u>**

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for admission, pursuant to Federal Rules of Civil Procedure 36, to Defendants Armor Correctional Health Services, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered by each within 30 days:

**<u>Definitions and Instructions</u>**

Please see Plaintiff's First Set of Interrogatories to Healthcare Defendants for definitions and instructions.

**<u>Requests to Admit</u>**

1.    Admit that you were aware that Rebecca Terry had a serious medical need on March 9, 2014.

2.    Admit that you were not aware that Rebecca Terry had a serious medical need on March 9, 2014.

3.    Admit that you provided Rebecca Terry with medical care on March 9, 2014 prior to the delivery of her child.

4.    Admit that you did not provide Rebecca Terry with any medical care on March 9, 2014 prior to the delivery of her child.

5.    Admit that you attempted to provide Rebecca Terry with medical care on March 9, 2014 prior to the delivery of her child.

6.    Admit that you did not attempt to provide Rebecca Terry with any medical care on March 9, 2014 prior to the delivery of her child.

7.    Admit that you arranged for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 9, 2014.

8.    Admit that you did not arrange for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 9, 2014.

9.    Admit that you arranged for medical transport to a hospital for Rebecca Terry while she was in labor on March 9, 2014.

10.    Admit that you did not arrange for medical transport to a hospital for Rebecca Terry while she was in labor on March 9, 2014.

11.    Admit that you were aware that Rebecca Terry had a serious medical need on March 10, 2014.

12.    Admit that you were not aware that Rebecca Terry had a serious medical need on March 10, 2014.

13.    Admit that you provided Rebecca Terry with medical care on March 10, 2014 prior to the delivery of her child.

2

14.     Admit that you did not provide Rebecca Terry with any medical care on March 10, 2014 prior to the delivery of her child.

15.     Admit that you attempted to provide Rebecca Terry with medical care on March 10, 2014 prior to the delivery of her child.

16.     Admit that you did not attempt to provide Rebecca Terry with any medical care on March 10, 2014 prior to the delivery of her child.

17.     Admit that you arranged for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 10, 2014.

18.     Admit that you did not arrange for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 10, 2014.

19.     Admit that you arranged for medical transport to a hospital for Rebecca Terry while she was in labor on March 10, 2014.

20.     Admit that you did not arrange for medical transport to a hospital for Rebecca Terry while she was in labor on March 10, 2014.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

3

## **CERTIFICATE OF SERVICE**

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the

foregoing Plaintiff's First Set of Requests to Admit to Healthcare Defendants via

electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis

Aisha N. Davis

*One of Plaintiff's Attorneys*

4

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS TO
## ADMIT TO MILWAUKEE COUNTY DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for admission, pursuant to Federal Rules of Civil Procedure 36, to Defendants County of Milwaukee, David A. Clarke, Jr., and Brian Wenzel to be answered by each within 30 days:

### Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

### Requests to Admit

1.     Admit that you were aware that Rebecca Terry had a serious medical need on March 9, 2014.

2.     Admit that you were not aware that Rebecca Terry had a serious medical need on March 9, 2014.

3. Admit that you provided Rebecca Terry with medical care on March 9, 2014 prior to the delivery of her child.

4. Admit that you did not provide Rebecca Terry with any medical care on March 9, 2014 prior to the delivery of her child.

5. Admit that you attempted to provide Rebecca Terry with medical care on March 9, 2014 prior to the delivery of her child.

6. Admit that you did not attempted to provide Rebecca Terry with any medical care on March 9, 2014 prior to the delivery of her child.

7. Admit that you arranged for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 9, 2014.

8. Admit that you did not arrange for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 9, 2014.

9. Admit that you arranged for medical transport to a hospital for Rebecca Terry while she was in labor on March 9, 2014.

10. Admit that you did not arrange for medical transport to a hospital for Rebecca Terry while she was in labor on March 9, 2014.

11. Admit that you were aware that Rebecca Terry had a serious medical need on March 10, 2014.

12. Admit that you were not aware that Rebecca Terry had a serious medical need on March 10, 2014.

13. Admit that you provided Rebecca Terry with medical care on March 10, 2014 prior to the delivery of her child.

2

14.    Admit that you did not provide Rebecca Terry with any medical care on March 10, 2014 prior to the delivery of her child.

15.    Admit that you attempted to provide Rebecca Terry with medical care on March 10, 2014 prior to the delivery of her child.

16.    Admit that you did not attempt to provide Rebecca Terry with any medical care on March 10, 2014 prior to the delivery of her child.

17.    Admit that you arranged for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 10, 2014.

18.    Admit that you did not arrange for Rebecca Terry to be transported from the Milwaukee County Jail to a hospital on March 10, 2014.

19.    Admit that you arranged for medical transport to a hospital for Rebecca Terry while she was in labor on March 10, 2014.

20.    Admit that you did not arrange for medical transport to a hospital for Rebecca Terry while she was in labor on March 10, 2014.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

3

**CERTIFICATE OF SERVICE**

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the foregoing Plaintiff's First Set of Request to Admit to Milwaukee County Defendants via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

4

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR PRODUCTION TO HEALTHCARE DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendants Armor Correctional Health Services, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered by each within 30 days:

### Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories to Healthcare Defendants for definitions and instructions.

### Requests for Production

1.  All Documents and Communications, including any physical evidence, which relate to, support and/or rebut any of the allegations or claims in Plaintiff's Complaint, including documents the County may rely upon to support any Answer, Affirmative Defense, or Responses to Interrogatories.

2.  All Documents obtained via third party subpoena in this litigation.

3.     All Documents relating to Plaintiff, including but not limited to any Documents related to medical care that Plaintiff received while in the custody of the Milwaukee County Jail, including any documents obtained from third parties.

4.     All Documents related to the shackling of Plaintiff while in the custody of Milwaukee County.

5.     The complete personnel files, including information related to discipline, licensure, qualifications, and evaluations, of the Healthcare Defendants.

6.     Any written or otherwise recorded statements relating to the events described in Plaintiff's Complaint.

7.     All Documents relating to any investigation of the events on March 9-10, 2014 described in Plaintiff's Complaint, including but not limited to any post-incident review(s).

8.     All Documents relating to any investigation, administrative review process, or any disciplinary process initiated as a result of the events described in paragraphs 50 and 56-67 of Plaintiff's Complaint.

9.     All Documents that support or relate to any of your responses to any of Plaintiff's Interrogatories in this case.

10.    All Documents reflecting the names, work schedules, work assignment location, and work duties and responsibilities of all health care providers, medical personnel, or other individuals responsible for administering medication or medical care to detainees (including but not limited to doctors and nurses) at Milwaukee County Jail on March 9-10, 2014.

2

11.	All policies, orders, manuals, procedural guides, training guidelines or materials, rules, or practices, relating in any way to the following subjects for the time period March 9, 2009-March 9, 2015:

      a.	Access of inmates to medical treatment;
      b.	Provision of medical care to inmates and detainees;
      c.	Communication and coordination between jail staff and medical staff;
      d.	Access of inmates and detainees to medical care outside of Milwaukee County Jail;
      e.	Coordination with hospitals for treatment and care for inmates and detainees; and,
      f.	Staffing of medical personnel at Milwaukee County Jail.

12.	All Documents relating to the administration of health care services at Milwaukee County Jail, including but not limited to, complete and unredacted contracts for services, training records of health care providers, evaluations of health care providers, qualifications of health care providers, professional or internal discipline of health care providers, staff listings, staff evaluations, staff training, staff discipline, procedures for obtaining medical services, and documents relating to the provision of medical services (including but not limited to administration of medication) to Milwaukee County Jail detainees from March 9, 2009-March 9, 2015.

13.	All Documents relating to any and all complaints by detainees or any other person alleging inadequate medical care, denial of medical care, or denial of medication at Milwaukee County Jail from March 9, 2009-March 9, 2015.

14.	All Documents relating to the Reports on Settlement Agreement in the Christensen Case Milwaukee authored by Dr. Ronald Shansky as a result of the

3

consent decree in *Christensen, et al. vs. Sullivan, et al.*, No. 96-cv-001835. This Request includes the Reports and any Documents and Communications related to the Reports.

15. All Documents comprising Communications of any kind relating to the shackling of Plaintiff by Defendants, including but not limited to memos, letters, faxes, e-mails, reports, etc. This Requests includes, but is not limited to: (a) all Communications between the Defendants and County employees relating to the allegations in Plaintiff's Complaint; and (b) all Communications with any witnesses to the events described in the complaint.

16. Documents sufficient to identify any Armor Correctional Health Services employee who came in contact with Plaintiff at the Milwaukee County Jail on March 9, 2014.

17. Documents sufficient to identify: any Armor Correctional Health Services employee who ordered Plaintiff's transfer to or from any facility or institution for medical care, any individuals who accompanied Plaintiff when she was transported for medical care, including any transport officers, any individuals who conducted "hospital watch" or otherwise monitored her person, her location, or her medical care while in Milwaukee County custody.

18. All insurance policies or other agreements that may provide any type of coverage to Armor Correctional Health Services or any of its employees for any judgment in this case, including but not limited to: (a) all excess or umbrella insurance policies providing any type of coverage to Armor Correctional Health

4

Services or any of its employees; (b) notice letters or any other confirmation that each of the policies produced in response to this request were put on notice of this lawsuit; and (c) any reservation of rights letters or other communications regarding a coverage position received by Armor Correctional Health Services or any of its employees concerning this case, whether stating coverage position, a defense position, or both.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

5

## **CERTIFICATE OF SERVICE**

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the

foregoing Plaintiff's First Set of Requests for Production to Healthcare Defendants

via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

6

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,                          )
                                        )
    Plaintiff,      )
                                        )
       v.   )    No. 17-cv-01112
                                        )
COUNTY OF MILWAUKEE, *et al.*,          )    Hon. J.P. Stadtmueller
                                        )
    Defendants.     )    JURY TRIAL
                                        )    DEMANDED
                                        )

## PLAINTIFF'S FIRST SET OF REQUESTS
## <u>FOR PRODUCTION TO MILWAUKEE COUNTY DEFENDANTS</u>

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendants County of Milwaukee, David A. Clarke, Jr., and Brian Wenzel to be answered by each within 30 days:

## <u>Definitions and Instructions</u>

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

## <u>Requests for Production</u>

1.    All Documents, including any physical evidence, which relate to, support and/or rebut any of the allegations or claims in Plaintiff's Complaint, including documents the County may rely upon to support any Answer, Affirmative Defense, or Responses to Interrogatories.

2.    All Documents obtained via third party subpoena in this litigation.

3.     All Documents relating to Plaintiff, including but not limited to any Documents related to medical care that Plaintiff received while in the custody of the Milwaukee County Jail, including any documents obtained from third parties.

4.     All Documents related to the shackling of Plaintiff while in the custody of Milwaukee County.

5.     The complete personnel files, including information related to discipline, licensure, qualifications, and evaluations, of all Defendants.

6.     Any written or otherwise recorded statements relating to the events described in Plaintiff's Complaint.

7.     All Documents relating to any investigation of the events on March 9-10, 2014 described in Plaintiff's Complaint, including but not limited to any post-incident review(s).

8.     All Documents relating to any investigation, administrative review process, or any disciplinary process initiated as a result of the events described in paragraphs 50 and 56-67 of Plaintiff's Complaint.

9.     All Documents reflecting the work schedules, work assignment location, and work duties, activities, and responsibilities of Defendants on March 9-10, 2014.

10.     All Documents that support or relate to any of your responses to any of Plaintiff's Interrogatories in this case.

11.     All Documents reflecting the names, work schedules, work assignment location, and work duties and responsibilities of all health care providers, medical

2

personnel, or other individuals responsible for administering medication or medical care to detainees (including but not limited to doctors and nurses) at Milwaukee County Jail on March 9-10, 2014.

12. All cell rosters or other Documents reflecting the identities and locations of inmates detained at the Milwaukee County Jail infirmary from March 9, 2014 through April 9, 2014.

13. All Documents relating to the administration of health care services at Milwaukee County Jail, including but not limited to, complete and unredacted contracts for services, training records of health care providers, evaluations of health care providers, qualifications of health care providers, professional or internal discipline of health care providers, staff listings, staff evaluations, staff training, staff discipline, procedures for obtaining medical services, and documents relating to the provision of medical services (including but not limited to administration of medication) to Milwaukee County Jail detainees from March 9, 2009-March 9, 2015.

14. All Documents relating to any and all complaints by detainees or any other person alleging inadequate medical care, denial of medical care, or denial of medication at Milwaukee County Jail from March 9, 2009-March 9, 2015.

15. All Documents relating to the Reports on Settlement Agreement in the Christensen Case Milwaukee authored by Dr. Ronald Shansky as a result of the consent decree in *Christensen, et al. vs. Sullivan, et al.*, No. 96-cv-001835. This

3

Request includes the Reports and any Documents and Communications related to the Reports.

16.     All Documents comprising Communications of any kind relating to the shackling of Plaintiff by Defendants, including but not limited to memos, letters, faxes, e-mails, reports, etc. This Requests includes, but is not limited to: (a) all Communications between the Defendants and County employees relating to the allegations in Plaintiff's Complaint; and (b) all Communications with any witnesses to the events described in the complaint.

17.     Documents sufficient to identify any Milwaukee County employee who came in contact with Plaintiff at the Milwaukee County Jail on March 9, 2014.

18.     Documents sufficient to identify: any Milwaukee County employee who ordered Plaintiff's transfer to or from any facility or institution for medical care, any Correctional Officers who accompanied Plaintiff when she was transported for medical care, including any transport officers, any Correctional Officers who conducted "hospital watch" or otherwise monitored her person, her location, or her medical care while in Milwaukee County custody.

19.     All Documents reflecting the identities of any Milwaukee County employee — including correctional officers, Sheriff's deputies, bailiffs, administrators, nurses, doctors, supervisors, or civilian employees — who conducted, observed, authorized, or supervised, the shackling of Plaintiff.

4

20.     All County orders, policies, manuals, procedural guides, training guidelines or materials, rules, or practices, relating in any way to the following subjects from March 9, 2009-March 9, 2015:

   a. Access of inmates to medical treatment;
   b. Provision of medical care to inmates and detainees;
   c. Communication and coordination between jail staff and medical staff;
   d. Access of inmates and detainees to medical care outside of Milwaukee County Jail;
   e. Coordination with hospitals for treatment and care for inmates and detainees; and,
   f. Staffing of medical personnel at Milwaukee County Jail.

21.     All insurance policies or other agreements that may provide any type of coverage to Milwaukee County or any of its employees for any judgment in this case, including but not limited to: (a) all excess or umbrella insurance policies providing any type of coverage to Milwaukee County or its employees; (b) notice letters or any other confirmation that each of the policies produced in response to this request were put on notice of this lawsuit; and (c) any reservation of rights letters or other communications regarding a coverage position received by Milwaukee County or any of its employees concerning this case, whether stating coverage position, a defense position, or both.

5

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

6

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on December 5, 2017, I served the foregoing Plaintiff's First Set of Requests for Production to Milwaukee County Defendants via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

7

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

**PLAINTIFF'S SECOND SET OF**
**REQUESTS FOR PRODUCTION TO ALL DEFENDANTS**

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendants County of Milwaukee, David A. Clarke, Jr., Brian Wenzel, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered by each within 30 days:

**Definitions and Instructions**

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

**Requests for Production**

1. All Documents in effect on March 9-10, 2014 relating to the training, management, staffing, surveillance, and inspection of the infirmary at the Milwaukee County Jail by Armor Correctional Health Services and/or Milwaukee County employees. This request includes any relevant roll call announcements,

orientation packets, protocols, or regulations.

2.  All Documents in effect on March 9-10, 2014 relating to the treatment of inmates or detainees in the infirmary of the Milwaukee County Jail, including but not limited to intake, discharge, and monitoring of inmates or detainees.

3.  All Documents, including flow charts, generated in relation to medical care for Rebecca Terry for any period of time where she was in the custody of the Milwaukee County Jail.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

2

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on February 27, 2018, I served the foregoing Plaintiff's First Set of Requests for Production to All Defendants via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

3

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT AMOR CORRECTIONAL HEALTH SERVICE

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendant Armor Correctional Health Services to be answered by each within 30 days:

## Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

## Requests for Production

1.      All Documents in effect on March 9-10, 2014 relating to the training, management, staffing, surveillance, and inspection of the infirmary at the Milwaukee County Jail by Armor Correctional Health Services and/or Milwaukee County employees. This request includes any relevant roll call announcements, orientation packets, protocols, or regulations.

2.	All Documents in effect on March 9-10, 2014 relating to the treatment of inmates or detainees in the infirmary of the Milwaukee County Jail, including but not limited to intake, discharge, and monitoring of inmates or detainees.

3.	All Documents, including flow charts, generated in relation to medical care for Rebecca Terry for any period of time where she was in the custody of the Milwaukee County Jail.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

2

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on February 28, 2018, I served the foregoing Plaintiff's Second Set of Requests for Production to Defendant Armor Correctional Health Services via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

3

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

**PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION TO ARMOR CORRECTIONAL HEALTH SERVICES**

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby

submits the following requests for production, pursuant to Federal Rules of Civil

Procedure 34, to Defendants Armor Correctional Health Services, to be answered

within 30 days:

**Requests for Production**

1. Please produce your tax returns for the last three years.

2. Please produce a current balance sheet. Current means for any period from June

1, 2017-present.

3. Please produce a current income statement, current meaning for any period from

June 1, 2017 to present.

4. Please produce a current cash flow statement, current meaning for any period

from June 1, 2017 to present.

Respectfully submitted,

/s/ Theresa Kleinhaus

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on March 13, 2018, I served

the foregoing Plaintiff's Second Set of Requests for Production to Armor

Correctional via electronic mail.

/s/ Theresa Kleinhaus
Theresa Kleinhaus
*One of Plaintiff's Attorneys*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S SECOND SET OF REQUESTS
## FOR PRODUCTION TO ALL DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendants County of Milwaukee, David A. Clarke, Jr., Brian Wenzel, Armor Correctional Health Services, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered by each within 30 days:

### Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

### Requests for Production

1. All Documents referencing, describing, or related to *Christensen v. Sullivan*, Case No. 96-CV-1835. This request includes any and all documents, notes, medical records, and internal investigations with the exception of the Reports on Settlement Agreement authored by Dr. Ronald Shansky.

2. All Documents referencing, describing, or related to Virgilio Jimenez and the events leading up to and surrounding his death on March 3, 2009 in the Milwaukee County House of Correction. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

3. All Documents referencing, describing, or related to Corey Kleser and the events leading up to and surrounding the claims in his federal lawsuit filed in April 2009 alleging that he was denied proper medical care in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

4. All Documents referencing, describing, or related to Robert Schmidt and the events leading up to and surrounding the claims in his federal lawsuit filed in October 2009 alleging that he was denied proper medical care in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

5. All Documents referencing, describing, or related to Antonio Cowser and the events leading up to and surrounding his suicide in January 2011 while in the custody of the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

6. All Documents referencing, describing, or related to Paul Heytens and the events leading up to and surrounding his suicide in the Milwaukee County Jail in 2011. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

2

7.     All Documents referencing, describing, or related to Kwame Moore and the events leading up to and surrounding his surgery in October 2014. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

8.     All Documents referencing, describing, or related to Terrill Thomas and the events leading up to and surrounding his death from dehydration at the Milwaukee County Jail in or around April 2016. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

9.     All Documents referencing, describing, or related to *Estate of Swayzer v. Clarke*, Case No. 16-CV-1703 and inmate Shade Swayzer, who gave birth in a cell at the Milwaukee County Jail in April 2016, after which her daughter Laliah died. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

10.     All Documents referencing, describing, or related to Kristin Fiebrink and the events leading up to and surrounding her death in August 2016 in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

11.     All Documents referencing, describing, or related to Michael Madden and the events leading up to and surrounding his death in October 2016 at the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

3

12.     All Documents indicating every incoming and outgoing call from the Milwaukee County Jail to Froedtert Memorial Lutheran Hospital (Froedtert) on March 9, 2014 and March 10, 2014. This request includes, but is not limited to, calls made to or from the booking area, infirmary/SMU, or any other medical or non-medical area.

13.     Copies of any insurance policies which could or might provide coverage for any of the events described in Plaintiff's complaint in this action, including but not limited to any umbrella coverage.

14.     All "report board" documents from pre-booking/intake, booking, and the infirmary/SMU, as described in Defendant Exum's deposition, for March 9, 2014 and March 10, 2014.

15.     All Armor Correctional Health Services (Armor) staffing plans and staffing matrices, such as the staffing matrix referred to in Article III (Personnel) in Armor's contract to provide healthcare at the Milwaukee County Jail. This request includes any and all documents, studies, surveys, or analyses done to determine the staffing plan and matrices.

16.     All insurance policies or other agreements that may provide any type of coverage to Milwaukee County, Armor, or employees of either, including the individual Defendants, for any judgment in this case for the years 2013 to present, including but not limited to i) all excess or umbrella insurance policies providing any type of coverage to Milwaukee County, Armor, or either of their employees, including the individual Defendants in this matter, for the years 2013-present,

4

inclusive; ii) notice letters or any other confirmation that each of the policies produced in response to this request were put on notice of this lawsuit; iii) any reservation of rights letters or other communications regarding a coverage position received by the Milwaukee County, Armor, or any of their employees concerning this case, whether stating coverage position, a defense position, or both.

17.     All documents relating to any insurance coverage for any claim of use of restraints in a medical setting.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on March 21, 2018, I served the foregoing Plaintiff's Second Set of Requests for Production to Defendant Armor Correctional Health Services via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*

5

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S THIRD SET OF
## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to all Defendants to be answered by each within 30 days:

### Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories for definitions and instructions.

### Requests for Production

1. All documents reflecting any Milwaukee County or Armor employee's failure to complete scheduled inspections of housing units (including the Special Medical Unit/Infirmary), including but not limited to documents showing discipline, counseling, or performance reviews from March 9, 2009-March 9, 2015.

2. All documents reflecting any Milwaukee County or Armor employee's failure

to complete scheduled sick call, medication administration, medical visits, or wellness checks in housing units (including the Special Medical Unit/Infirmary), including but not limited to documents showing discipline, counseling, or performance reviews from March 9, 2009-March 9, 2015.

3. The infirmary/SMU log (as that term is used at MKE 294) from March 9, 2009-March 9, 2015.

4. The urgent/emergent care log (as that term is used at MKE 277) from March 9, 2009-March 9, 2015.

5. All Quality Improvement plans and audits (as those term is used at Armor 85) from March 9, 2009-March 9, 2015.

6. All meeting minutes, agendas, roll calls, reports, correspondence or other documents associated with the Quality Improvement Council (as that term is used at MKE 257) from March 9, 2009-March 9, 2015.

7. The clinical performance enhancement reviews (as that term is used at MKE 171) for Defendants Exum, Hoover, and Bevenue from March 9, 2009-present.

8. All documents showing the minimum staffing requirements (as defined by the court monitor in the *Christenson* case and as that term is used at MKE 268) at Milwaukee County Jail as of March 9, 2014.

9. All documents showing the vacant healthcare positions at Milwaukee County Jail as of March 9, 2014, including but not limited to any positions listed at Armor 89 which were vacant.

2

Respectfully submitted,

/s/ Theresa Kleinhaus

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on February 23, 2018, I served

the foregoing Plaintiff's Third Set of Requests for Production to All Defendants via

electronic mail.

/s/ Theresa Kleinhaus
Theresa Kleinhaus
*One of Plaintiff's Attorneys*

3

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

## PLAINTIFF'S FOURTH SET OF REQUESTS
## FOR PRODUCTION TO ALL DEFENDANTS

Plaintiff Rebecca Terry, by and through her counsel, Loevy & Loevy, hereby submits the following requests for production, pursuant to Federal Rules of Civil Procedure 34, to Defendants County of Milwaukee, David A. Clarke, Jr., Brian Wenzel, Armor Correctional Health Services, Carolyn Exum, Morgan Bevenue, and Margaret Hoover to be answered by each within 30 days:

### Definitions and Instructions

Please see Plaintiff's First Set of Interrogatories to Milwaukee County Defendants for definitions and instructions.

### Requests for Production

1.     All Documents referencing, describing, or related to *Christensen v. Sullivan*, Case No. 96-CV-1835. This request includes any and all documents, notes, medical records, and internal investigations with the exception of the Reports on Settlement Agreement authored by Dr. Ronald Shansky.

2.     All Documents referencing, describing, or related to Virgilio Jimenez and the events leading up to and surrounding his death on March 3, 2009 in the Milwaukee County House of Correction. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

3.     All Documents referencing, describing, or related to Corey Kleser and the events leading up to and surrounding the claims in his federal lawsuit filed in April 2009 alleging that he was denied proper medical care in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

4.     All Documents referencing, describing, or related to Robert Schmidt and the events leading up to and surrounding the claims in his federal lawsuit filed in October 2009 alleging that he was denied proper medical care in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

5.     All Documents referencing, describing, or related to Antonio Cowser and the events leading up to and surrounding his suicide in January 2011 while in the custody of the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

6.     All Documents referencing, describing, or related to Paul Heytens and the events leading up to and surrounding his suicide in the Milwaukee County Jail in 2011. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

2

7.      All Documents referencing, describing, or related to Kwame Moore and the events leading up to and surrounding his surgery in October 2014. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

8.      All Documents referencing, describing, or related to Terrill Thomas and the events leading up to and surrounding his death from dehydration at the Milwaukee County Jail in or around April 2016. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

9.      All Documents referencing, describing, or related to *Estate of Swayzer v. Clarke*, Case No. 16-CV-1703 and inmate Shade Swayzer, who gave birth in a cell at the Milwaukee County Jail in April 2016, after which her daughter Laliah died. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

10.     All Documents referencing, describing, or related to Kristin Fiebrink and the events leading up to and surrounding her death in August 2016 in the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

11.     All Documents referencing, describing, or related to Michael Madden and the events leading up to and surrounding his death in October 2016 at the Milwaukee County Jail. This request includes, but is not limited to, any and all documents, notes, medical records, and internal investigations.

3

12.     All Documents indicating every incoming and outgoing call from the Milwaukee County Jail to Froedtert Memorial Lutheran Hospital (Froedtert) on March 9, 2014 and March 10, 2014. This request includes, but is not limited to, calls made to or from the booking area, infirmary/SMU, or any other medical or non-medical area.

13.     Copies of any insurance policies which could or might provide coverage for any of the events described in Plaintiff's complaint in this action, including but not limited to any umbrella coverage.

14.     All "report board" documents from pre-booking/intake, booking, and the infirmary/SMU, as described in Defendant Exum's deposition, for March 9, 2014 and March 10, 2014.

15.     All Armor Correctional Health Services (Armor) staffing plans and staffing matrices, such as the staffing matrix referred to in Article III (Personnel) in Armor's contract to provide healthcare at the Milwaukee County Jail. This request includes any and all documents, studies, surveys, or analyses done to determine the staffing plan and matrices.

16.     All insurance policies or other agreements that may provide any type of coverage to Milwaukee County, Armor, or employees of either, including the individual Defendants, for any judgment in this case for the years 2013 to present, including but not limited to i) all excess or umbrella insurance policies providing any type of coverage to Milwaukee County, Armor, or either of their employees, including the individual Defendants in this matter, for the years 2013-present,

4

inclusive; ii) notice letters or any other confirmation that each of the policies produced in response to this request were put on notice of this lawsuit; iii) any reservation of rights letters or other communications regarding a coverage position received by the Milwaukee County, Armor, or any of their employees concerning this case, whether stating coverage position, a defense position, or both.

17.     All documents relating to any insurance coverage for any claim of use of restraints in a medical setting.

Respectfully submitted,

/s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on March 21, 2018, I served the foregoing Plaintiff's Fourth Set of Requests for Production to Defendant Armor Correctional Health Services via electronic mail and U.S. mail to all counsel of record.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*
