# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>                      Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br><br><br>**ORDER** |

On March 5, 2018, Wisconsin County Mutual Insurance Corporation ("WCMIC") filed a motion to intervene in this action as a third-party plaintiff. (Docket #52). WCMIC claims that Defendant Morgan Benevue ("Benevue"), a former Milwaukee County employee, will not cooperate or communicate with the counsel it retained to defend her. (Docket #53 at 1–3). According to WCMIC, this conduct means that Benevue is excluded from the coverage it provides. *Id.* As such, it now seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) to assert a third-party complaint against her for a declaratory judgment that it has no duty to defend or indemnify her with respect to this action. *Id.* That Rule requires

the court to permit intervention where the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Only Plaintiff responded to the motion, and she does not oppose it. (Docket #91).[1] Because no party opposes WCMIC's request, and because it appears the requirements of Rule 24(a) have been met, the Court will grant the motion. Notably, while the Circuits dispute whether an insurer has a sufficiently definite interest to intervene before a determination of liability as to the insured, this case is unique in that the insured is not participating in the suit, leaving it fairly likely that default will result. Neither the parties nor the Court have cited authority providing that intervention is inappropriate under these circumstances.

Accordingly,

**IT IS ORDERED** that Wisconsin County Mutual Insurance Corporation's motion to intervene in this action (Docket #52) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Wisconsin County Mutual Insurance Corporation's third-party complaint for a declaratory judgment against Defendant Morgan Benevue (Docket #52-1) shall be separately docketed by the Clerk of the Court; and

---

[1]Defendant Milwaukee County filed its own motion seeking an order granting WCMIC's motion. (Docket #96). A response indicating its non-opposition would have been the better vehicle to express its views on the matter of intervention. Milwaukee County's motion will be denied as moot.

**IT IS FURTHER ORDERED** that Defendant Milwaukee County's motion for an order (Docket #96) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge