IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-01112 |
| | ) | |
| COUNTY OF MILWAUKEE, *et al.*, | ) | Hon. J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | JURY TRIAL |
| | ) | DEMANDED |
| | ) | |

**CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR EVIDENTIARY SANCTIONS, OR IN THE ALTERNATIVE, TO ENFORCE THE COURT'S MARCH 5, 2018 ORDER AND EXTEND THE DISCOVERY SCHEDULE**

### I. The County has ignored the Court's March 5, 2018 Order in a way that prejudices Plaintiff

On March 5, 2018, the Court ordered the Milwaukee County Defendants to comply with Plaintiff's Monell-related discovery requests. Dkt. 59. The Court also granted Plaintiff's request that the County Defendants "identify the final policymaker responsible for various discrete aspects of medical care at the jail." *Id.* at 3-4. More than a month has passed, and despite Plaintiff's best efforts to get the County to comply with the Court's order, the County Defendants have not produced a single document, identified a policymaker, or even committed to providing a timetable for when they might decide to comply with the Court's order. *See* Declaration of Scott Rauscher ¶7.

Given the tight schedule to complete discovery, and the fact that the County Defendants undoubtedly plan to move for summary judgment by the May 11, 2018 deadline, Dkt. 39 at 1, the County's willful disregard of the Court's March 5 Order is prejudicing Plaintiff.

### II. Evidentiary sanctions are appropriate

Courts may impose sanctions under Rule 37 when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Sanctions are appropriate where the party "acted willfully, in bad faith, or with fault." *See, e.g.*, *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191 (7th Cir. 2011). Moreover, courts have broad discretion in determining the appropriate sanction. *See id.* Sanctions under Rule 37 may include, *inter alia*, an order "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and/or] (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2).

Here, the Court ordered the Milwaukee County Defendants to comply with Plaintiff's *Monell*-related discovery requests on March 5, more than a month ago, so that Plaintiff could obtain the evidence necessary to prove her *Monell* claim. Those Defendants have flouted that order. They

have not produced a single document, provided the identity of the policymaker or policymakers, or even told Plaintiff when they plan to comply with the Court's order.

During the parties' April 9, 2018 meet and confer, the Milwaukee County Defendants explained that they had not complied with the Court's Order because after the Court issued that order, the Milwaukee County Defendants moved to stay discovery, which in their view meant the March 5 Order was somehow not effective. Rauscher Dec. ¶6.[1] That is not reasonable.

A party cannot grant itself a stay merely by filing a motion asking for that relief. *See*, *e.g.*, *Polzin v. Unifund CCR Partners*, No. 08-C-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009) ("A motion to stay is not self-executing."); *Gary v. Badger Process Servs., Inc.*, No. 17-CV-1016-JPS, 2017 WL 6541448, at *1 (E.D. Wis. Oct. 16, 2017) (Stadtmueller, J.) ("nothing in the Federal Rules suggest that cases are to be halted any time a potentially dispositive motion is filed, especially when the motion does not touch upon alleged jurisdictional defects."). The County Defendants' position is particularly unreasonable because approximately one week after issuing the March 5 Order, the Court denied a separate request for a stay, and in doing so explained that it would "not entertain a stay of discovery, bifurcation, or any other alteration of the present course of these proceedings." Dkt. 70 at 3.

In short, the Milwaukee County Defendants have willfully disobeyed the Court's March 5 Order, and they are at fault for doing so. *See*, *e.g.*, *Brown*, 664 F.3d at 191–92; *see also Baldus v. Members of Wisconsin Gov't Accountability Bd.*, 843 F. Supp. 2d 955, 960 (E.D. Wis. 2012) (Stadtmueller, J.) (imposing sanctions for "disinformation, foot-dragging, and obfuscation" during discovery).

The appropriate sanction is to deem Plaintiff's factual allegations regarding her *Monell* claim true with respect to the Milwaukee County Defendants (and in particular her allegations in

---

[1] Counsel for the Milwaukee County Defendants also explained that he was unable to talk to his client since early April because he was on vacation. But counsel's vacation that started in early April does not explain why the County has not even begun complying with the Court's March 5 Order.

paragraphs 46-83 of the Complaint), or to bar those Defendants from contesting Plaintiff's factual allegations regarding her *Monell* claim. *See* Fed. R. Civ. P. 37(b)(2). Barring the County Defendants from using at trial any documents or information it has not produced is insufficient, because Plaintiff needs the requested discovery to prove her *Monell* claim. *See* Dkt. 59 at 3 ("without wide-ranging discovery on the lack of medical care at the Jail, summary judgment against Plaintiff on her *Monell* claim is a foregone conclusion").

### III. In the alternative, the Court should set a short date for full compliance with the Court's March 5 Order and should extend the discovery schedule

In the alternative, Plaintiff requests that the Court order the County Defendants to comply with the March 5 deadline by a date certain, and to extend the discovery deadline by 60 days to allow Plaintiffs the time needed to review the County's forthcoming discovery productions (assuming later compliance with the Court's Orders) and to conduct any necessary follow-up discovery. *Cf.* Fed. R. Civ. P. 37(b)(2)(A)(iv) ("staying further proceedings until the order is obeyed" is an available remedy).

**L.R. 37 Compliance Certification**: Plaintiff's counsel has attempted in good faith to resolve this dispute but was unable to do so. Counsel sent multiple emails to counsel for the Milwaukee County Defendants, and the parties held a telephonic conference on April 9, 2018 (including undersigned counsel, Theresa Kleinhaus & Aisha Davis for Plaintiff, Douglas Knott and Randy Arnold for the Milwaukee County Defendants, and Michael Russart for Armor). *See* Rauscher Dec. ¶¶3-4.

Respectfully submitted,

/s/ Scott Rauscher

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus

3

Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Scott Rauscher, an attorney, certify that on April 11, 2018, I caused the foregoing Expedited Non-Dispositive Motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott Rauscher
Scott Rauscher
*One of Plaintiff's Attorneys*