## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,

        Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A.
CLARKE, JR., in his personal and official
capacities, OFFICER BRIAN WENZEL,
JANE AND JOHN DOE, UNKNOWN
EMPLOYEES OF MILWAUKEE
COUNTY JAIL, JANE AND JOHN DOE,
UNKNOWN JAIL SUPERVISORS, AR-
MOR CORRECTIONAL HEALTH SER-
VICES, CAROLYN EXUM, MORGAN
BEVENUE, MARGARET HOOVER,
JANE AND JOHN DOE, UNKNOWN
EMPLOYEES OF ARMOR CORREC-
TIONAL HEALTH SERVICES, JANE
AND JOHN DOE UKNOWN ARMOR
HEALTHCARE SUPERVISORS,

        Defendants.

Case No.: 17-cv-1112-JPS

## MEMORANDUM IN OPPOSITION TO CIVIL L.R. 7(h) EXPEDITED
## NON-DISPOSITIVE MOTION FOR EVIDENTIARY SANCTIONS

## I.  Sanctions are Not Warranted.

The County Defendants respectfully submit that they have not disregarded this Court's Order. To the contrary, confronted with a *Monell* claim that the Court noted is "pleaded with little connection" to plaintiff's actual medical issue—child-birth—and a document request that appears to seek every document touching on Jail healthcare in any way from 2009 to 2015 (Dkt. 59 at 2; Dkt. 49-1 at 5-6), the County has had little choice but to seek to narrow the claim through a dispositive motion and obtain relief from the insurmountable burden of plaintiff's discovery while the dispositive motion is briefed and decided. (Dkt. 77-78, 87). Far from sanctionable, defendants respectfully submit that the course followed was within their rights as litigants and at least impliedly a course of proceeding suggested by the Court itself in prior decisions. (Dkt. 59; 76 at 3).

Ruling previously, the Court stated it "is sensitive to what will likely be an enormous document production on [the County Defendants'] part, but if they wish to avoid litigating the full breadth of Plaintiff's *Monell* claim, their only path is through a dispositive motion." (Dkt. 59 at 3). Consistent with the Court's guidance, the County promptly sought judgment on the pleadings as to the *Monell* claim and alternatively requested a protective order requiring that *Monell* discovery be narrowed to medical issues plausibly related to Ms. Terry's medical circumstance. (Dkt. 77). Further, the County joined Armor's motion to stay *Monell* discovery while the dispositive motions are briefed. (Dkt. 87). The joint motion for relief was denied by the Court on April 3— just five (5) days before plaintiffs prematurely and unnecessarily committed to this

motion. (Knott Decl., ¶¶ 5-11). The alternative motion to limit *Monell* discovery has not been ruled upon; the County Defendants continue to seek relief from the over-breadth of plaintiff's request. (Dkt. 77).

The County Defendants have not "willfully disobeyed" the Court's March 5 Order. Plaintiff argues, in essence, that the County Defendants have no right to seek relief as implied in the Court's rulings and should be sanctioned because the joint motion was denied on April 3. Even if both motions for relief are ultimately denied, they are not frivolous. The County is not *deserving of default*[1] for utilizing Rule 12 (c) and filing well-founded motions to (1) seek dismissal of a *Monell* claim that the Court describes as "untethered" to Ms. Terry's actual injury; and (2) seek relief from a discovery burden the Court itself has observed is "enormous." (Dkt. 59 at 2-3). *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 675 (7th Cir. 1987)(noting default is "harsh sanction" employed only in extreme situations."); *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003)(noting Rule 37 sanction requires "willfulness, bad faith or fault"). The draconian sanction plaintiff seeks is inappropriate.

## II.    The County Defendants Have Acted Reasonably.

The County Defendants are endeavoring in good faith to meet their discovery obligations. The undersigned acknowledges his error with respect to our delay in identifying County "policymakers"—an error that has been remedied. (Knott Decl., ¶

---

[1] Although plaintiff does not ask for default judgment explicitly, she seeks to have facts establishing "a pattern of deliberate indifference to detainee medical needs" deemed admitted, including ten (10) instances of unrelated medical incidents involving other inmates and a policy of deliberate indifference on the part of Milwaukee County. (Dkt. 101 at 2-3; Compl., ¶ 46-83).

12). Having focused on the broader request for "all healthcare records," the more discrete request for identification of policymakers was overlooked. The verified response has been served. (Id., Ex. A.)

Plaintiffs' counsel's representation to the Court that the undersigned blithely ignored the Court's Order and refused to commit to a schedule is not true. (Id. at ¶ 9). As explained in the accompanying declaration, the undersigned sought repeatedly to explain the County's position, but plaintiff's counsel would not accept it and elected to file this motion before the undersigned could provide more specifics on his return from a vacation. (Id. at ¶¶ 5-11).

The reality is that this motion arises from a tenuously-pled *Monell* claim that alleges a complete failure to provide healthcare[2] and seeks, without limitation, *every conceivable* document pertaining to inmate medical care for a six-year window. Plaintiff's request No. 13 asks for "[a]ll documents relating to the administration of health care services at the [Jail]," then enumerates ten (10) subcategories, including "documents relating to the provision of medical services (including but not limited to the administration of medication) to Jail detainees from March 9, 2009-March 9, 2015. (Id. at Dkt. 49-1, pp. 5-6). The County Defendants have struggled with the ill-defined and boundless request, but are working diligently to meet it. They are well underway, working daily on their response, and will commit to supplementing the request no later than May 1 with all identifiable and responsive materials.

The County Defendants do not oppose plaintiff's alternative request for relief.

---

[2] Ms. Terry, ironically, was transported within hours of her incarceration for inpatient assessment by a board-certified specialist at Froedtert Hospital and was medically-cleared for admission to the Jail.

Dated this 18th day of April, 2018.

LEIB KNOTT GAYNOR LLC

By: _/s/ Douglas S. Knott_____
Douglas S. Knott, SBN 1001600
Cory J. Brewer, SBN 1105913
Attorneys for Defendants Milwaukee
County, David A. Clarke, Brian Wenzel
Carolyn Exum Morgan Bevenue
and Margaret Hoover
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax (414) 276-2140
Email dknott@lkglaw.net
cbrewer@lkglaw.net