UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., in his personal and official capacities, OFFICER BRIAN WENZEL, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, JANE AND JOHN DOE, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, JANE AND JOHN DOE, UNKNOWN ARMOR HEALTHCARE SUPERVISORS,

    Defendants.

Case No.: 17-cv-1112-JPS

## INDEX OF UNPUBLISHED AUTHORITIES

*Johnson v. Cook County*

    526 Fed. Appx. 692, 2013 U.S. App. LEXIS 9763 (7th Cir. 2013)

Dated this 26th day of April, 2018.

**LEIB KNOTT GAYNOR LLC**

By: *s/ Douglas S. Knott*
    Douglas S. Knott, State Bar No. 1001600
    Cory J. Brewer, State Bar No. 1105913
    Attorneys for County Defendants
    219 N. Milwaukee Street, Suite 710
    Milwaukee, WI 53202
    Telephone: (414) 276-2102
    Fax (414) 276-2140
    Email  dknott@lkglaw.net
           cbrewer@lkglaw.net

# Johnson v. Cook County

United States Court of Appeals for the Seventh Circuit

April 1, 2013, Argued; May 15, 2013, Decided

No. 12-2431

**Reporter**

526 Fed. Appx. 692 *; 2013 U.S. App. LEXIS 9763 **; 2013 WL 2005236

EDWARD JOHNSON, Plaintiff-Appellant, v. COOK COUNTY and ALPHONSO HILL, Defendants-Appellees.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History: [**1]** Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 1:11-cv-03203. Robert W. Gettleman, Judge.

*Johnson v. Cook County, 2011 U.S. Dist. LEXIS 137872 (N.D. Ill., Nov. 29, 2011)*

**Disposition:** AFFIRMED.

**Counsel:** Fro EDWARD JOHNSON, Plaintiff - Appellant, Jared S. Kosoglad, Attorney, JARED S. KOSOGLAD, P.C., Chicago, IL.

For COOK COUNTY, ILLINOIS, Defendant - Appellee: Anthony E. Zecchin, Attorney, OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, Chicago, IL.

**Judges:** Before WILLIAM J. BAUER, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge.

## Opinion

 **[*693]** ORDER

Edward Johnson was sexually assaulted by Alphonso Hill, a Cook County, Illinois employee, while detained as an inmate at the Cook County Jail. He brought suit against Hill, individually, and Cook County, Illinois, alleging *Fourth Amendment*, *Due Process*, and *Monell* custom or policy claims, see *Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*, pursuant to *42 U.S.C. § 1983*, as well as various Illinois state-law claims. Cook County filed a *Rule 12(b)(6)* motion to dismiss Johnson's amended complaint, which the district court granted. Johnson sought leave to file his second and third amended complaints, but the district court denied his requests and entered judgment in **[**2]** favor of Cook County pursuant to *Federal Rule of Civil Procedure 54(b)*. Johnson contends that the district court erred in dismissing his amended complaint, and, in the alternative, that he should have been granted leave to amend. Hill is not a party to this appeal. Finding no errors, we affirm the dismissal of Johnson's suit against Cook County.

The facts provided are taken from Johnson's second and third amended complaints, unless otherwise specified, and are considered true for purposes of this appeal. See *Palka v. Shelton, 623 F.3d 447, 451-52 (7th Cir. 2010)*. Johnson was a detainee at the Cook County Jail. Hill was a medical technician employed by Cermak Health Services and Cook County at the Cook County Jail. On May 13, 2010, Hill summoned Johnson to the Cermak Health Services dispensary in Division II of the jail for a routine monitoring of Johnson's blood sugar level. While Johnson and Hill were alone together, Hill ordered Johnson to submit to a prostate exam. Hill conducted the examination and then sexually assaulted Johnson. Johnson reported the assault, and Hill was indicted on various criminal counts related to the assault.

Johnson filed suit in federal court against Hill,  **[**3]** individually, and Cook County, Illinois, on May 13, 2011. He filed an amended complaint a month later on June 13. The amended complaint included seven counts, with Counts III through VII against Cook County. Count III was a *Monell* claim, in which Johnson alleged a failure to properly supervise detainees. Counts IV through VII were pursuant to a theory of respondeat superior under Illinois law and included intentional infliction of emotion distress (Count IV); assault and battery (Count V); indemnification **[*694]** pursuant to *745 Ill. Comp. Stat. 10/2-302* (Count VI), and a general,

catch-all respondeat superior claim (Count VII). Attached to the amended complaint was a 2008 letter from the Department of Justice to then-Cook County Board President Todd H. Stroger and Cook County Sheriff Thomas Dart, as well as the Agreed Order in *United States v. Cook County*, et al., in Case No. 10 C 2946, which the parties entered into on May 26, 2010. The 2008 letter was ninety-seven pages long and discussed certain conditions at the Cook County Jail that seemingly violated the constitutional rights of inmates. The Agreed Order was a means by which the parties were to rectify documented constitutional rights [**4] violations of the Cook County Jail inmates.

Cook County filed a Rule 12(b)(6) motion to dismiss the amended complaint, which the district court granted on November 29, 2011, dismissing all claims against Cook County. The court held that the *Monell* claim was insufficiently pleaded because Johnson failed to allege the required causation element—that Cook County's conduct was the "moving force" behind the injury complained of, see *Bd. of the Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)*. The court held alternatively that the *Monell* claim failed because it "allege[d] only a single instance of wrongdoing, but [did] not fall within the 'narrow range of circumstances' where the Supreme Court has allowed a 'single-incident' theory of *Monell* [to] be sufficient." The court held that Counts IV through VII were insufficiently pleaded because Illinois law precludes an employer from being held liable under a theory of respondeat superior when an employee commits an act of sexual assault.

Johnson sought leave to file a second amended complaint. In an attempt to rectify the deficiencies of the *Monell* claim in his amended complaint, Johnson incorporated the Agreed Order into the complaint, [**5] claiming that "Cook County policymakers were aware of the widespread practice at Cook County Jail of failing to provide constitutionally adequate supervision to detainees but failed to take timely remedial action." With respect to the respondeat superior state-law claims, Johnson additionally alleged that Hill had "apparent authority to act as a medical technician and perform a prostate exam" and "actual authority to attack inmates and encouragement from Defendant Cook County[.]"

Johnson's request was denied in an order dated April 3, 2012. The district court again concluded that Johnson's *Monell* claim failed because he could not demonstrate that Cook County's failure to supervise was the "moving force" behind the sexual assault, even if it could be considered a "partial cause." The court also concluded that Johnson's respondeat superior claims failed because, despite Hill's "novel legal interpretations" of actual and apparent authority, Illinois caselaw was clear that sexual assault is never within the scope of one's employment, so respondeat superior is inapplicable.

Johnson sought leave to file a third amended complaint, which did not include any state-law claims; the district court [**6] denied that request on May 17, 2012. This appeal followed.

We review *de novo* the dismissal of a complaint pursuant to a Rule 12(b)(6) motion, construing all allegations in the light most favorable to Johnson, accepting all well-pleaded facts as true, and drawing all reasonable inferences in favor of Johnson. See *Mann v. Vogel, 707 F.3d 872, 877 (7th Cir. 2013)*. In doing so, we consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and [*695] information that is subject to proper judicial notice." *Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012)*.

We first look to see whether Johnson adequately pleaded a *Section 1983* cause of action under *Monell*. See *Monell, 436 U.S. at 690*. A municipality, such as Cook County, may be liable for a *Section 1983* violation: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'widespread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused [**7] by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005)* (citing *McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995))*.

Johnson alleges that Cook County committed three violations under the "widespread policy or practice" prong by:
> (1) Fostering an atmosphere and creating a serious risk of sexual assault to detainees at the Cook County Jail through a widespread practice of allowing medical personnel to be alone with persons in custody;
> (2) Knowingly failing to ensure that the jail was adequately staffed to provide the supervision over those in custody to prevent the risk to those in custody, in violation of accepted practices, court orders, and administrative procedures, despite

knowing that such understaffing greatly increases the chances that detainees will be subject to brutality and sexual violence; and

(3) Encouraging the suppression of complaints of misconduct to cover up inadequacies in the supervision and treatment of detainees, thus maintaining an atmosphere and climate where inmates are subjected to an unreasonable risk of violence and sexual violence.

The district court concluded that Johnson failed to allege the causation [**8] element of a *Monell* claim, and we agree. Even taking into consideration the Agreed Order from Case No. 10 C 2946, Johnson must demonstrate that the "*deliberate* action attributable to the municipality itself is the 'moving force'" behind the deprivation of his constitutional rights. *Bryan Cnty., 520 U.S. at 399* (citing *Monell, 436 U.S. at 694*). Johnson claims that the Agreed Order essentially proves that "supervision at the jail was a casual factor in the death and abuse of dozens of residents," but even if that were to some extent true, we simply do not see how the allegations can be considered the "moving force" behind the sexual assault that occurred here.

Looking to the first allegation, federal common law does not historically recognize a privilege between patients and physicians, but many states do. *Compare Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004)* (noting that there is no federal common law physician-patient privilege), *with People v. Manos, 202 Ill. 2d 563, 782 N.E.2d 237, 240-43, 245, 270 Ill. Dec. 43 (Ill. 2002)* ("The primary purpose of the physician-patient privilege is to encourage free disclosure between a doctor and a patient and to protect the patient from embarrassment and invasion [**9] of privacy that disclosure would entail."). Patients can expect to be alone with medical personnel at some point in time during examinations, though we express no opinion here as to the proper overall medical procedures in a jail. Nevertheless, the fact that two individuals might be alone, as Johnson alleges happened here, does not provide the moving force, or catalyst, for a sexual [*696] assault to occur—two people can be alone in many situations and contexts without a sexual assault occurring. If we agreed with Johnson's contention, any time a municipality allowed a prisoner to be alone with anyone, that would create an automatic ground for a constitutional violation claim if inappropriate conduct occurred. We decline to establish such a benchmark. Hill and Johnson being alone in a room together might have been a contributing factor to the sexual assault, but it is not enough to show that a widespread practice or policy was a *factor* in the constitutional violation; it must have been the *moving force*. *Estate of Sims v. Cnty. of Bureau, 506 F.3d 509, 514 (7th Cir. 2007)*; *see LaMarca v. Turner, 995 F.2d 1526, 1538 (10th Cir. 1993)* (stating that "our inquiry [is] whether an official's acts [**10] or omissions were the cause—not merely a contributing factor"). Accordingly, we do not believe that Cook County's alleged practice of allowing medical personnel—medical technicians or licensed physicians—to be alone with inmates for medical procedures was the moving force behind turning a routine medical procedure into a constitutional violation.

The second allegation, which is similar to the first, albeit phrased differently, fails for the same reason. Johnson says "[i]t is patently obvious that understaffing the jail would lead to increased abuse," and it is true that the Agreed Order discussed a lack of supervision as being a cause of prisoner abuse at the jail, but the abuse discussed in the order relates to the use of force by security personnel, inmate on inmate attacks, a lack of adequate health services and medical care, and inadequate sanitation and environmental conditions. The sexual assault that occurred here is outside the realm of the types of abuse discussed. Johnson contends that "[p]eople who had no training or expertise were performing complex procedures and technical assessments," but the lack of oversight would be the direct cause, or moving force, of inadequate [**11] medical care—not a sexual assault. Again, we do not believe that the lack of supervision in this particular case can be considered the moving force behind the sexual assault. *See Parrish v. Ball, 594 F.3d 993, 1000 (8th Cir. 2010)* (concluding that the county employee's intentional sexual assault of the plaintiff at the jail "was too remote a consequence of such a failure [to train] to meet the rigorous causation standard [under *Monell*] necessary to hold the county liable.").

Nor can Johnson establish a constitutional violation under the third allegation. Even if Cook County had a history of suppressing complaints—which it vigorously contests—that cannot be the moving force behind the sexual assault that occurred here. The link between the cause alleged and the harm that occurred is much too attenuated. *See Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983)* (stating that there must be "a causal connection, or affirmative link" between the conduct complained of and the party sued).

We are not convinced that any set of facts could support Johnson's allegation that Hill sexually assaulted Johnson as a direct result of a "widespread custom or

policy." Nor could inadequate investigations [**12] of his complaints after the sexual assault have *caused* the constitutional violation alleged. See *Vukadinovich v. McCarthy, 901 F.2d 1439, 1444 (7th Cir. 1990)* ("It must be proven that the deficiency in the investigation actually caused the [state actor's] conduct.").

Alternatively, Johnson contends that Cook County is liable under the single-incident theory because the sexual assault was a "highly predictable consequence" of a governmental policy. See *Connick v. [*697] Thompson, U.S. , 131 S. Ct. 1350, 1360-61, 179 L. Ed. 2d 417 (2011)* (explaining that, "'in a narrow range of circumstances,' a pattern of indifference might not be necessary to show deliberate indifference.'" (quoting *Bryan Cnty., 520 U.S. at 409*)). However, we do not think the risk of sexual assault from any policy alleged here is the same as a city arming its police force with firearms and deploying the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force. Cf. *City of Canton v. Harris, 489 U.S. 378, 390 n.10, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)*. Nothing about the risk of sexual assault here was "patently obvious" or "predictable." See *Connick, 131 S. Ct. at 1361*.

In short, [**13] the district court properly dismissed Johnson's *Section 1983 Monell* claims against Cook County.

We move to the sufficiency of Johnson's Illinois state-law claims premised under the respondeat superior theory of liability. Under respondeat superior, an employer may be held liable for the "negligent, willful, malicious or even criminal acts of its employees, when those acts are committed within the scope of [the employee's] employment." *Adames v. Sheahan, 233 Ill. 2d 276, 909 N.E.2d 742, 755, 330 Ill. Dec. 720 (Ill. 2009)*. Illinois law requires three factors to be satisfied for the doctrine to apply: (1) the conduct is of the kind the employee is employed to perform; (2) the conduct occurs substantially within the authorized time and space limits; and (3) the conduct is actuated, at least in part, by a purpose to serve the employer. *Id.*; *see Doe v. City of Chi., 360 F.3d 667, 670 (7th Cir. 2004)*.

Johnson contends all three factors are satisfied, but Illinois courts have explicitly declared, "[S]exual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs., 2012 IL App (1st) 103758, 966 N.E.2d 52, 62, 358 Ill. Dec. 867 (Ill. App. Ct. 1st Dist. 2012)* [**14] (citing *Stern v. Ritz Carlton Chi., 299 Ill. App. 3d 674, 702 N.E.2d 194, 198, 234 Ill. Dec. 28 (Ill. App. Ct. 1st Dist. 1998)*; *Deloney v. Bd. of Educ., 281 Ill. App. 3d 775, 666 N.E.2d 792, 798 n.5, 217 Ill. Dec. 123 (Ill. App. Ct. 1st Dist. 1996))*. We are mindful of Johnson's distinction between the facts of this case and the other cases in Illinois that have dealt with sexual assault and respondeat superior, as well as his reliance on *Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 285 Cal. Rptr. 99, 814 P.2d 1341, 1347-52 (Cal. 1991)* (holding that the city could be liable under respondeat superior for a police officer who committed a sexual assault while on duty in California), and *West v. Waymire, 114 F.3d 646, 649 (7th Cir. 1997)* (interpreting *Indiana* law as allowing for respondeat superior to be employed in a case involving a police officer's sexual assault of a child). But as we stated in *Holtz v. J.J.B Hilliard W.L. Lyons, Inc., 185 F.3d 732, 750 (7th Cir. 1999)*, "As a federal court, we are reluctant to expand the law of a state in a manner that, while perhaps logical, is not *clearly* in line with the state's existing thinking on the subject." (emphasis added). Johnson's counsel conceded at oral argument that we would be the first court interpreting Illinois law to extend the doctrine of [**15] respondeat superior to a sexual assault claim. We decline to do so.

We briefly note that Johnson's arguments regarding Hill's "actual" and "apparent" authority under Illinois law are completely inapplicable to this case, as the cases he cites in support address whether an independent contractor can be considered an employee of an employer for purposes [*698] of tort liability. See *Petrovich v. Share Health Plan of Ill., Inc., 188 Ill. 2d 17, 719 N.E.2d 756, 765-66, 241 Ill. Dec. 627 (Ill. 1999)* (discussing whether a health maintenance organization (HMO) could be held liable for a physician's negligence even though the physician was an independent contractor). There is no debate here as to whether Hill was employed by Cook County. No further discussion on the issue is necessary.

In accordance with established Illinois precedent, we hold that the district court properly dismissed Johnson's Illinois state-law claims against Cook County.

Finally, with respect to Johnson's claim that the district court should have permitted him to amend his complaint, we believe the district court did not abuse its discretion. As our discussion above demonstrates, Johnson is unable to cure the deficiencies in his complaints, so any additional attempt [**16] would be "futile." See *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)*

(explaining that a district court does not abuse its discretion when it denies leave to amend if "it is certain from the face of the complaint that any amendment would be futile").

AFFIRMED.

---

**End of Document**