# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,

    Defendants.

Case No. 17-CV-1112-JPS

**ORDER**

On March 5, 2018, the Court ordered Defendant Milwaukee County and associated individual defendants (the "Milwaukee County Defendants") to comply with Plaintiff's *Monell*-related discovery requests, including interrogatories and requests for production of documents. (Docket #59). The Milwaukee County Defendants then moved for judgment on the pleadings as to Plaintiff's *Monell* claims and sought a stay of discovery on the *Monell* claims until that motion is decided. (Docket #77, #87). The Court denied the request for a stay of discovery by text-only order on April 3, 2018. The motion for judgment on the pleadings became ripe on April 26, 2018 and remains pending.

On April 11, 2018, Plaintiff filed an expedited motion pursuant to Civil Local Rule 7(h) requesting sanctions against the Milwaukee County Defendants. (Docket #101). Plaintiff accuses them of refusing to comply with any of the Court's orders regarding discovery. *Id.* at 2. According to Plaintiff, it seems the Milwaukee County Defendants think they can refuse to respond to her discovery requests because they anticipate they will succeed in the motion for judgment on the pleadings. *See id.* at 2.

This is undoubtedly the wrong view. *Gary v. Badger Process Servs., Inc.*, No. 17-CV-1016-JPS, 2017 WL 6541448, at *1 (E.D. Wis. Oct. 16, 2017) ("[N]othing in the Federal Rules suggest that cases are to be halted any time a potentially dispositive motion is filed, especially when the motion does not touch upon alleged jurisdictional defects."). Defendants must comply with their discovery obligations unless and until the Court grants them relief therefrom. A party can never grant itself a stay. *See Polzin v. Unifund CCR Partners*, No. 08-C-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009). To remedy this alleged misconduct, Plaintiff asks for the Court to either issue evidentiary sanctions against the Milwaukee County Defendants relative to the *Monell* claims or, in the alternative, for an extension of the discovery deadline to allow the Milwaukee County Defendants to come into compliance with the Court's directives. (Docket #101 at 3–4); Fed. R. Civ. P. 37(b)(2).

In response to Plaintiff's motion, the Milwaukee County Defendants maintain that they have not disregarded the Court's discovery rulings. (Docket #105). They argue that the potential document production associated with those rulings is massive and time-consuming. *Id.* at 2. In their view, Plaintiff's motion is premature, as they have not had sufficient

time to comply with the Court's orders. *Id.* at 2–3. In a declaration submitted with their response and a supplemental declaration submitted a couple of days later, the Milwaukee County Defendants represent that they have redoubled their efforts to produce the necessary documents. (Docket #106, #107).

Having considered the parties' submissions, the Court finds that sanctions under Federal Rule of Civil Procedure 37 are not warranted at this time. While it seems the Milwaukee County Defendants may not have begun document production expeditiously after the Court's discovery rulings, the Court well appreciates the burden associated with that production. The better course of action at this juncture is to afford the parties a brief extension of time to complete discovery and prepare dispositive motions. The Court will grant a 30-day extension of the dispositive motion deadline and will push back the other dates and deadlines in the Court's trial scheduling order accordingly. An amended trial scheduling order will be issued contemporaneously with this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion for sanctions (Docket #101) be and the same is hereby **GRANTED in part** and **DENIED in part** as stated herein.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge