# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., OFFICER BRIAN WENZEL, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, and UNKNOWN ARMOR HEALTHCARE SUPERVISORS,<br><br>                Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br>**ORDER** |

      On May 22, 2018, Plaintiff filed an expedited motion pursuant to Civil Local Rule 7(h) requesting a Court order that the "Milwaukee County Defendants"—including Milwaukee County, David Clarke, Brian Wenzel, Margaret Hoover, Carolyn Exum, and Morgan Bevenue—be barred from calling at trial several witnesses identified in their Federal Rule of Civil Procedure 26(a)(1) initial disclosures. (Docket #122). The Milwaukee County Defendants oppose the motion. (Docket #124).

      Rule 26(a)(1) requires a party to include in its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that

information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Failure to disclose a witness under this Rule normally results in the witness being barred from testifying at trial. *See id.* 37(c)(1).

The Milwaukee County Defendants identified over sixty witnesses in their initial disclosures. Most of them are third-party correctional officers, deputies, infirmary staff, and other individuals who worked at the Milwaukee County Jail (the "Jail"). Some of the identified witnesses are or were employed by Milwaukee County, while others are or were private healthcare providers. For the majority of these persons, the Jail was given as their address and no phone number was provided.

The parties engaged in negotiations to narrow the scope of the Milwaukee County Defendants' list of potential witnesses based on whether they had useful information that would be necessary at trial. The Milwaukee County Defendants have said that they do not have a present intention to call many of the third-party witnesses, but they will not commit to not calling them, thus leaving open the possibility that they may be called at trial. In light of this, Plaintiff seeks to depose all of the identified witnesses.

However, upon her request that they be produced for deposition or that she be provided their contact information, the Milwaukee County Defendants refused, claiming they have no obligation to produce or contact third-party fact witnesses. Plaintiff believes that the Milwaukee County Defendants "control" these witnesses and should be required to either make them available for deposition or provide their contact information.

Yet Plaintiff does not ask for a Court order that this information be provided; she has instead proceeded straight to Rule 37(c)(1) and requests an order barring any of the identified witnesses from testifying at trial.

Rule 26(a)(1) is simple. The fact that this case involves many potential witnesses does not change the operation of the Rule. If they know it, the Milwaukee County Defendants must disclose the contact information for each of the witnesses they have identified, including each person's current or last known address and phone number. Given that the identified witnesses are current or former Jail employees, it is likely that the Milwaukee County Defendants do have this contact information for some or all of them. *See Moore v. Weinstein Co., LLC*, No. 3:09–cv–166, 2011 WL 3348074, at *8 (M.D. Tenn. Aug. 3, 2011) (a party cannot disclose witnesses under Rule 26(a)(1) and simultaneously refuse to provide known contact information).

Nevertheless, the Milwaukee County Defendants are correct that they need not produce each of these persons for deposition. Rule 30 only requires this of parties. *See* Fed. R. Civ. P. 30(a)(1), 37(d). Contrary to Plaintiff's assertion, a witness' current or former employment with Milwaukee County or private entities with whom it contracts does not render him or her under Defendants' "control." Nor do the Milwaukee County Defendants have to confirm whether they will call any of these witnesses, since discovery is ongoing and final disclosure of trial witnesses is a long time away. *See id.* 26(a)(3). Rule 26(a)(1) itself only requires identification of witnesses that the identifying party "may use" at trial. *Id.* 26(a)(1)(A)(i).

Thus, the Milwaukee County Defendants must reveal the current or last known contact information they know or have in their control about their identified witnesses, whether or not they are third parties, but it is incumbent upon Plaintiff to subpoena any third-party witnesses for a deposition if she desires it. *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001) ("The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) is to give the opposing party information as to the identification and location of persons knowledgeable so that they can be contacted in connection with the litigation[.]"). Of course, the parties would do well to continue their practice of cooperating to the greatest extent possible to locate and arrange depositions for third parties, no matter who wishes to depose them.

On the subject of Plaintiff's request for relief, is too early to consider a sanction under Rule 37(c)(1). If the Milwaukee County Defendants fail to properly disclose witnesses and then name them in their pretrial disclosures under Rule 26(a)(3), the Court will consider a request *in limine* to bar their testimony under Rule 37(c)(1). Until that juncture, however, no violation of Rule 37 has yet occurred, as there remains time for the Milwaukee County Defendants to timely supplement their disclosures. Because Plaintiff has not requested an order for anything other than Rule 37(c)(1) sanctions, the motion must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion for an order barring the testimony of witnesses identified by the Milwaukee County Defendants (Docket #122) be and the same is hereby and **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge