IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-01112 |
| COUNTY OF MILWAUKEE, *et al.*, | ) ) | Hon. J.P. Stadtmueller |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
TO LIMIT THE SCOPE OF DEPOSITION TESTIMONY**

Now comes Plaintiff, Rebecca Terry, by and through her attorneys, Loevy & Loevy, and respectfully requests an Order to limit the scope of deposition testimony under Federal Rule of Civil Procedure 26 (c) and 30 (d) (3). In support, Plaintiff states as follows:

**Introduction**

Plaintiff brings this case seeking damages for the constitutional violations that occurred when Defendants ignored her serious medical needs, forcing her to give birth alone in a Milwaukee County Jail cell. Plaintiff provided a deposition on June 1, 2018. In the first couple minutes of the deposition, Plaintiff testified about the medications she takes and explained that they would not impair her ability to testify and that she had not used drugs or alcohol that day. Ex. A, Dep. Transcript, at 7-8. Then Defense counsel asked "when is the last time you used street drugs?" (*Id*. at 8). Plaintiff's counsel directed the witness not to answer on the basis that her

1

last use of illegal drugs prior to the date of the deposition is not relevant to any issue in this case and is harassing. *Id*.

The issue of Plaintiff's testimony about her drug use was contentious throughout the deposition. Defendants could not have been surprised by this conflict as Plaintiff had objected and refused to answer an interrogatory seeking similar information. *See* Ex. B, Plaintiff's Responses to County Defendants' First Set of Interrogatories, No. 5 (dated March 5, 2018). The parties took a break and Defendants apparently called the Court (they did not include Plaintiff's counsel in this call) and were informed that the judge was not available for oral ruling during the deposition. Ex. A, Dep. Transcript, at 14-15.

Plaintiff maintains her position that questions about her drug use since March 2014 have no bearing on this case, gratuitously invade her privacy, and are harassing. Ultimately, however, Plaintiff provided fulsome testimony about her addiction history. *See* e.g., Ex. A, Dep. Transcript at 24:2-3 (admitting to being a recovering heroin addict), p. 26 (admitting she began using heroin at 26 and was an addict for at least six years ), p. 35-38, 107 (admitting the three places she has gone for treatment since 2014), p. 27, 31, 33, 41, 107 (discussing relapses and withdrawals since 2014), p. 67 (admitting to a parole violation involving drug paraphernalia in 2017), p. 89 (discussing the impact of street drugs on her memory). She has never disputed that she was a heroin addict at the time of the incident. *See also id.* at 40 (admitting drug use on March 9. 2014).

2

Although Plaintiff was initially directed not to answer certain questions, she provided the information in response to rephrased questions in all but two instances: 1) she never answered when she last used drugs prior to the deposition (*Id.* at 8); 2) she never answered whether she had used marijuana since March 2014 (*Id.* at 28).

Plaintiff seeks a protective order under Federal Rule of Civil Procedure 30 (d) to prevent a second deposition including questions related to illicit drug use since March 2014[1]. The order is appropriate for two reasons. First, a protective order is appropriate because the Defendants' questions about drug use have no bearing on Plaintiff's claim for damages in this case. Second, as a practical matter, Plaintiff answered all of the questions posed to her (some after rephrasing) except for explaining her last illicit drug use before the deposition and whether she has used marijuana since March 2014, which have no bearing on this lawsuit whatsoever. The motion should be granted.

Defendants also contend that they are entitled to a re-deposition because they terminated the deposition after five hours of testimony because their court reporter had a scheduling conflict. This, too, is an inadequate basis for a re-deposition.

## Legal Standard

Although the scope of discovery under Federal Rule of Civil Procedure 26 is broad, it is not unlimited. Fed. R. Civ. P. 26(b)(2). The court may, for good cause,

---

[1] Plaintiff has agreed that a limited re-deposition related to certain medical records from Planned Parenthood or St. Luke's South Shore or journal entries may be appropriate

3

issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Under Rule 30, a deponent may refuse to answer irrelevant deposition questions which "unreasonably touch sensitive areas or go beyond reasonable limits." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 903 (7th Cir. 1981); Fed. R. Civ. Pro 30 (d) (3) (A) (party may move to limit the scope of a deposition where it unreasonably annoys, embarrasses, or oppresses the party). A deposition is limited to one day of seven hours. Fed. R. Civ. Pro. 30 (d) (1).

## Argument
### I. Defendants are not entitled to additional information about Plaintiff's drug treatment.

Defendants have received ample information about Plaintiff's drug addiction treatment and no additional testimony on that topic is appropriate. *See* Ex. A, Dep. Transcript, at 22-45, 90-93, 107-113, 129, 212-214, 216. For all but two of the questions that Plaintiff was directed not to answer, Plaintiff provided the requested information in response to a later (sometimes rephrased) question. *Cf. id* at p. 23 ("And you have in the past, since the time of the incident involved in this litigation, used street drugs?" directed not to answer) & p. 27 ("That was a relapse that I had not too far in the past. I'm not sure the exact date,") p. 31 ("And have you gone through withdrawals since March of 2014? A: Yes."); p. 26 ("How long were you using heroin?" directed not to answer) & p. 26 ("You were a heroin addict for at least six years? A. Yes."); p. 27 ("When did you suffer a relapse and what drugs did you use?" directed not to answer) & p. 27 ("That was a relapse that I had not too far in the past. I'm not sure the exact date."), p. 31 "(And have you gone through

4

withdrawals since March of 2014? A. Yes."); p. 28-31 (questions related to relapse, directed not to answer) & p. 27 (admitting to a relapse), p. 36-37 (discussing the places she went for treatment when she relapsed); p. 38-39 (questions about whether she has ever used crack cocaine, directed not to answer), & p. 40 (admitting to using crack cocaine on the date of the incident).

Plaintiff's choice not to answer questions and instead seek a protective order is well-founded. Runaway discovery that has little relevance to the case and is "excessive, burdensome, unnecessary, and intrusive" justifies resorting to court intervention. *Eggleston*, F.2d at 901–03; *see also Redwood v. Dobson,* 476 F.3d 462, 468 (7th Cir.2007) (personal questions of dubious relevance may be enough to meet Rule 30 standard).

As a practical matter, however, a re-deposition on illicit drug use is not called for because it is moot. *In re Folding Carton Antitrust Litig.,* 83 F.R.D. 132, 135 (N.D. Ill. 1979) (further answers to questions that deponent was directed not to answer were unnecessary because the questioning attorneys subsequently rephrased these questions and received answers). The only questions that Plaintiff did not ultimately answer in some form were the question asking about her last use of illicit drugs and whether she ever used marijuana since March 2014. The last time that Plaintiff used drugs before the deposition has no bearing on any matter at issue in this case. Likewise, whether she has used marijuana since March 2014 has no bearing either. Of course, Plaintiff is not claiming monetary damages for any relapse. *See* Ex. A, Dep. Transcript, at 92 (Plaintiff's testimony that defendants did

5

not cause drug use); *see also id* at 33 (counsel's representation that Plaintiff is not seeking money damages for drug use).

## II. Defendants are not entitled to additional time to depose Ms. Terry because their court reporter had a scheduling conflict.

Defendants terminated Plaintiff's deposition after 5 hours and 15 minutes of testimony. Declaration of Theresa Kleinhaus. Defendants seek to resume the deposition because their court reporter had a scheduling conflict. There is no authority for a re-deposition on that basis.

Prior to the deposition, Plaintiff's counsel made clear that she could present Ms. Terry on June 1st as requested by Defendants but that the deposition would have to begin at 12:00 p.m. because of a previously scheduled appointment. *See* Ex. C, Email Correspondence. Plaintiff's counsel also offered to be available on another date. *Id.* Defendants chose to proceed on June 1st at 12:00 p.m. *Id.*

At approximately 6:30 p.m., the court reporter that Defendants had engaged for the deposition stated that she had a family matter—a graduation party—she wished to attend that evening. *See* Ex. A, Dep. Transcript, at 221-25. Plaintiff's counsel made clear that she would only present Plaintiff for deposition one time, in accord with Federal Rule of Civil Procedure. *Id.* Defendant insisted that the deposition terminate early. *Id.*

Armor Correctional did not ask any questions at the deposition. Subsequently, counsel for Armor has indicated that he now wishes not only to re-depose Ms. Terry, but also that he believes the testimony should exceed the seven hours permitted under Rule 30. Declaration of Theresa Kleinhaus. Defendants are

6

not entitled to an additional time to depose Ms. Terry because they were provided one day of up to seven hours of testimony and chose to terminate the deposition early. Accordingly, the motion for a protective order should be granted[2].

Plaintiff has agreed that a limited deposition related to information in medical records from Planned Parenthood or St. Luke's South Shore or journal entries may be appropriate. See Ex. D, Correspondence Dated June 19, 2018. However, an additional hour and forty-five minutes of testimony, let alone testimony beyond a total of seven hours, is not warranted.

## Conclusion

Despite knowing that Plaintiff objected to interrogatories seeking information about drug treatment, Defendants began Plaintiff's deposition by asking about her most recent use of illicit drugs. Plaintiff's drug abuse is not on trial in this case and Defendants have no evidence that it is relevant to any claim or defense. Nonetheless, Plaintiff answered many pages of questions about her drug history and Defendants ultimately received answers to their irrelevant drug questions. Plaintiff is entitled to a protective order to prevent a re-deposition including questions on illicit drug use. Likewise, Defendants are not entitled to additional time simply because the court reporter had a family party to attend; defense counsel are experienced attorneys and know the importance of scheduling

---

[2] Defendants are apparently now concerned about Ms. Terry's answers to interrogatories, but they never raised that issue until the deposition on June 1, 2018. Plaintiff provided interrogatory responses on March 5, 2018. Defendants' concerns about interrogatory responses do not entitle Defendants to a second deposition.

7

Case 2:17-cv-01112-JPS Filed 06/20/18 Page 7 of 9 Document 132

ample time for depositions. Plaintiff should not be asked to testify further simply because Defendants failed to schedule the court reporter for the appropriate amount of time.

WHEREFORE, Plaintiff respectfully requests a Protective Order pursuant to Federal Rules of Civil Procedure 26 (c) and 30 (d) (3) (A) limiting any re-deposition to the following 1) information contained in records from Planned Parenthood or St. Luke's South Shore; 2) information contained in journal entries about the incident; 3) for a time period not to exceed 45 minutes.

**Rule 37 Certification**: Plaintiff's counsel has conferred with counsel for Defendants on June 1 & 14 (Douglas Knott and Michael Russart) and has been unable to reach agreement. *See* Declaration of Theresa Kleinhaus; see also, Ex. D, Correspondence dated June 19, 2018.

RESPECTFULLY SUBMITTED,

/s/ Theresa Kleinhaus
*One of the Attorneys for Plaintiff*

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 North Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on June 20, 2018 I caused the foregoing **Motion for a Protective Order** to be filed via the Court's CM/ECF electronic filing system, which effected service on all counsel of record.

/s/ Theresa Kleinhaus
Theresa Kleinhaus
*One of Plaintiff's Attorneys*