# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

June 19, 2018

*Via Electronic Mail*
Douglas S. Knott, dknott@lkglaw.net
Cory J. Brewer, cbrewer@lkglaw.net
Leib Knott Gaynor LLC
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202

Michael P. Russart, mrussart@hinshawlaw.com
Mollie T. Kugler, mkugler@hinshawlaw.com
Hinshaw & Culbertson LLP
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202

RE: *Terry v. County of Milwaukee, et al.*, No. 17-cv-1112

Counsel:

I am writing pursuant to Local Rule 37 in regard to issues raised at Plaintiff's deposition.

**Plaintiff's Interrogatory Responses**

The Milwaukee County Defendants requested that we supplement our responses to the County Defendants' Interrogatories Nos. 3, 4, 5, 6 (3), and 6 (5) in light of testimony at the deposition. We have done so, with the exception of the response to Interrogatory 6 (3) because you have not told us what you believe was deficient in that response and we believe it is adequate. If you wish to state your reasoning, we may consider supplementing that interrogatory as well.

As you will see, per your request, we added the reference to Planned Parenthood (where Plaintiff got annual pap smears) and St. Luke's South Shore (where Plaintiff received one ultrasound approximately 8 weeks into her pregnancy with Leland). We have previously agreed to provide authorizations for Plaintiff's reproductive health records since 2002. We doubt records of pap smears or a single

ultrasound will have any bearing on this case (no one contends that Leland was born prematurely), but if you want Plaintiff to provide authorizations for release of reproductive health information from Planned Parenthood and St. Luke's, we are willing to provide those. We are also willing to provide and authorization for the records maintained by Dr. Timothy Allen, who diagnosed Plaintiff with PTSD.

### **Plaintiff's Journal Entries Related to the Incident**

The Milwaukee County Defendants have requested Plaintiff's journal entries. We are willing to produce any journal entries that touch on the incident or sequellae from the incident. You have also requested all journal entries since Plaintiff's first suicide attempt. *See* Email Correspondence dated June 2, 2018. Plaintiff testified at her deposition that her first suicide attempt occurred at around age 12, shortly after her mother passed away. Plaintiff's Dep. at 42:9-10, 44:22-24. She is now 36 years old.  She has not claimed any suicide attempts related to this incident. We do not believe that your request for 24 years of diary entries is proportional to the needs of the case under Rule 26. Please let us know if you would like to discuss further.

### **Plaintiff's Deposition**

The Milwaukee County Defendants and Armor have stated that you wish to re-depose Ms. Terry.

Ms. Terry was made available to you at your office on June 1, 2018 and was available for seven full hours of testimony on that date. The first time you mentioned a desire to depose Ms. Terry was in a phone call with Scott Rauscher in late April. You proposed no dates for her deposition. Mr. Rauscher assured you we would produce her for deposition. On May 21st, you proposed deposition dates of Friday June 1st and Tuesday June 5th. At that time your summary judgment deadline was June 11th. I informed you I had a doctor's appointment on June 1st so I could begin the deposition at 12:00 p.m. I explained that I would only present Plaintiff for deposition one time. You did not reply. I followed up and you responded that the deposition would proceed on June 1, 2018 at 12:00 p.m. I presented

Plaintiff on June 1 at your office. There is no basis for the statement in your June 14 email that you had been requesting her deposition "for months." In fact, you were able to depose her eleven days after proposing a date.

Prior to the deposition, Plaintiff objected to the disclosure of information about Plaintiff's drug treatment since March 2014 because that information is irrelevant to any issues in this case. Plaintiff's interrogatory response on that issue was tendered to you on March 5, 2018 (see Plaintiff's Response to Interrogatory No. 5—which sought information about drug treatment only, not therapy or psychology generally). The parties negotiated terms for the physical health records that are relevant, namely reproductive health records. You did not attempt to negotiate any similar agreement on the drug treatment records. You did not provide any reasoning for your belief that such records are relevant and you certainly did not move to compel the information. Yet, at the deposition in June, you announced that you intended to take up the issue of Ms. Terry's drug treatment records with the Court and then, if you succeed, re-depose her on matters in the records. *See* Plaintiff's Deposition at p. 179-182.

The rules provide for one day of testimony of no more than seven hours; there is no authority for the concept that you may fail to follow up on discovery you believe is deficient, begin deposing Plaintiff, and then terminate the deposition so you may seek additional written discovery, and then resume the deposition.

It is our position that information related to drug addiction has no bearing on the matters at issue in this case. But even if it did, Plaintiff gave fulsome testimony at her deposition about her drug addiction. *See* e.g., *Id.* at 24:2-3 (admitting to being a recovering heroin addict), p. 26 (admitting she began using heroin at 26 and was an addict for at least six years ), p. 35-38, 107 (admitting the three places she has gone for treatment since 2014), p. 27, 31, 33, 41, 107 (discussing relapses and withdrawals since 2014), p. 67 (admitting to a parole violation involving drug paraphinalia in 2017, p. 89 (discussing the impact of street drugs on her memory).

Of course, you also have all of Plaintiff's records from Milwaukee County Jail and Aurora Sinai which clearly indicate she was a heroin addict in 2014 at the time of the incident. *See also id.* at 40 (admitting drug use on March 9. 2014). If you are permitted to cross examine her at trial about whether she had a drug problem you have more than enough evidence with which to do so.

Furthermore, although Plaintiff was directed not to answer certain questions related to illicit drug use, you were able to obtain the vast majority of information you requested. The only information related to drug use that Plaintiff was never permitted to answer at any point in the deposition were: 1) When was the last time you used illegal drugs (p. 8); 2) Have you used marijuana since March 2014? (p. 28). Neither of those questions has any bearing on this case. Every other question she was initially directed not to answer was eventually answered in some other context. *Cf.* p. 23, 26, 27, 29, 31, 38, 39, 84 (directed not to answer) & 27, 31, 33, 34 36, 85, 89 (explaining she has had a relapse "not far in the past" though she is not sure of the exact date, she has had withdrawals and treatment since 2014, where she got treatment, how her addiction has affected her life, etc.) We do not believe you are entitled to additional questioning of Ms. Terry regarding illicit drug use since the incident.

Defendants also took the position that you would terminate the deposition because of the court reporter's scheduling conflict. *See* Plaintiff's Deposition Transcript at 221-225. It was your responsibility to schedule a court reporter who could serve for the entire deposition, knowing that it was starting at 12:00 p.m., that deponents take breaks, and that the rules allow one day of seven hours of testimony. We are not willing to present Plaintiff for deposition again because you failed to book a court reporter who could remain until the evening.

Mr. Russart chose not to question at the deposition and also agreed to terminate the deposition. He then indicated on the phone that he believes

Defendants are now somehow entitled to time beyond the standard seven hours permitted by the rules. Plaintiff does not agree.

Rather, Plaintiff is willing to consider very limited re-deposition according to the following terms: to the extent that information is revealed in any Planned Parenthood or St. Luke's record or in Plaintiff's journal entries on which Defendants would like to pose questions, some additional questioning on those topics may be appropriate. We will be able to provide a more precise position on this point once those documents are available.

I will discuss these matters with you by phone today to see if we can find agreement.

Sincerely,

/s/ Theresa Kleinhaus