# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,

    Plaintiff,

v.

    Case No.: 17-cv-1112-JPS

COUNTY OF MILWAUKEE, et al.,

    Defendants.

## MILWAUKEE COUNTY DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL INTERROGATORY RESPONSES

Plaintiff alleges she was "forced to undergo childbirth and delivery in the [Milwaukee County Jail] without medical care" and that, as a result, she suffered "extreme distress and fear during childbirth." (ECF No. 129 at ¶¶ 2, 54). She claims permanent emotional injury, including "nightmares, flashbacks, extreme distress, fear, humiliation, sadness and anger as a result of the Defendants' actions." (Id. at ¶ 55). She testified that she relapsed into heroin abuse as a result of the Defendants' conduct in 2014 and that she has been diagnosed with Post-Traumatic Stress Disorder. (Knott Decl., Ex. A at 24, line 17 to 26, line 1, and 33, line 6-11). Yet, Plaintiff has refused to provide full and complete information about her medical history, including any information about her medical care during the pregnancy at issue, her pre-event mental health diagnoses, her drug use and treatment before and after the event, or her PTSD diagnosis. (Ex. B (Pltf's 3/5/18 Resp. to Interrogs.), Resp. to Interrog. Nos. 3, 5, and 6, subpart 5). Instead, defense counsel was kept in the dark about any pre-existing conditions or alternative explanations for her distress and sleeplessness and forced to conduct Ms. Terry's deposition without adequate information. Plaintiff supplemented her Interrogatory responses *after her deposition* to the extent that Ms. Terry happened to share additional information in the deposition, but her responses remain woefully incomplete, preventing the Defendants a fair opportunity to explore her damage claims and cross-examine Ms. Terry. (Ex. C (Pltf's 6/19/18 Resp. to Interrogs.)).

**Interrogatory No. 3 & No. 6, sub. 5 (Medical/Mental Health Providers)**: Defendants asked Ms. Terry to "identify all primary care, obstetrics and gynecology or other physician or health care provider you have seen from 2012 to the present" and provide details so the treaters could be located. (Ex. B at 2). Plaintiff objected to the request as "harassing" and seeking "irrelevant personal information," but offered vaguely that "Plaintiff believes she has seen healthcare providers through the Aurora healthcare network since 2012." (Ex. B at 2-3). No

locations or individual Aurora treaters were identified.[1] During her deposition on June 1, Ms. Terry readily identified Dr. Timothy Allen, who "works through Wheaton Franciscan in Union Grove" (not Aurora) and prescribes medications for her (Ex. A at 7-8); Planned Parenthood, where she receives regular gynecological testing (and confirmation of the pregnancy at issue) (Ex. A at 46-47); St. Luke's South Shore Hospital (Ex. at 135) and possibly St. Joseph's Hospital (Id.). Defendants had no opportunity to explore her pre-existing medical conditions or post-event treatment or damage claims in the deposition.[2]

Plaintiff was similarly evasive in responding to Interrogatory No. 6, subpart 5, which asked Plaintiff for specifics of any "mental or emotional injury," including specifics as to "the nature of the [injury], the duration of the injury, the diagnosis you received, any treatment you received, and the provider of such treatment." (Ex. B at 4-5). Plaintiff claimed to have PTSD in her response, but refused any specifics. (Ex. B at 6). Relying on Plaintiff's response, Defendants assumed Ms. Terry had not been diagnosed by a professional and had received no treatment. (Id.) Counsel was blindsided by Plaintiff's statement in her deposition—to this date unverified by any record—that Dr. Allen diagnosed PTSD and bipolar disorder, and has apparently provided her treatment. (Ex. A at 24-25). Plaintiff's inexcusable refusal to provide accurate responses to Interrogatory No. 3 and No. 6, sub. 5, deprived Defendants of the opportunity to examine her with her records, including records of pre-existing mental health conditions, diagnosis and treatment of PTSD, and obstetric records.

---

[1] According to its website, Aurora Healthcare has more than 8100 physicians at 500 sites.
[2] Plaintiff named Dr. Allen as a person with pertinent information in her Supplemental Rule 26(a)(1) disclosure, but did not supplement the Interrogatory response before the June 1 deposition or identify Dr. Allen as diagnosing or treating any condition. (Ex. D at 1(d)). He was identified as affiliated with Aurora, even though Ms. Terry testified to his affiliation with Wheaton Franciscan Healthcare. (Id.) Subsequent to her deposition, Plaintiff disclosed Dr. Allen as diagnosing and treating PTSD. (Ex. C at 8).

**Interrogatory No. 5 (Treatment for Drug Addiction or Abuse):** Defendants asked whether Ms. Terry received treatment or counseling for drug abuse between 2012 and 2015 so that records could be obtained. (Ex. B at 3). Plaintiff refused to provide *any* information, objecting that the request is "harassing" and "seeks irrelevant personal information." (Id.) The response is simply improper, particularly in light of her testimony that *Defendants' conduct* caused her to use relapse and use heroin. (Ex. A at 33, line 6-11). Defendants are entitled to confirm whether the Jail events are referenced in her treatment records, not only to know whether their conduct was the cause of her heroin abuse, but also to explore whether addiction or heroin abuse might be a contributing factor in the emotional distress, sleeplessness, nightmares, flashbacks, fear, humiliation, sadness and anger that she claims as damages here. (ECF No. 129 at 55). Plaintiff has placed her emotional well-being at issue; her counsel is not entitled to foreclose investigation of drug abuse as detrimental to her well-being, physically taxing, and the cause of distress or sleeplessness.

After objecting to the Interrogatory and providing no information, Ms. Terry testified to receiving drug treatment from multiple centers—all to the surprise of defense counsel. (Ex. A at 179-182). She supplemented her Interrogatory response only to the extent Ms. Terry shared information during the deposition. (Ex. C at 8). The supplementation is too late and provides inadequate information for Defendants to obtain her records as necessary to defend her lawsuit. Defendants request that the Court compel full and complete responses and award their reasonable fees pursuant to FRCP Rule 37(a)(3)(B)(iii), (4) and (5)(A).

.

Dated this 20th day of June, 2018.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, State Bar No. 1001600
Cory J. Brewer, State Bar No. 1105913
Attorneys for County Defendants
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
cbrewer@lkglaw.net

**L.R. Compliance Certification**: Pursuant to Fed. R. Civ. P. 37(a)(1), movant hereby certifies that he has in good faith conferred with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. The undersigned counsel wrote to Attorney Theresa Kleinhaus on June 2, 2018 and June 14, 2018, and spoke personally to Ms. Kleinhaus on June 14, 2018. Ms. Kleinhaus wrote a letter on June 19 demonstrating that no accord was possible.