IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| REBECCA TERRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-01112 |
| COUNTY OF MILWAUKEE, *et al.*, | ) ) | Hon. J.P. Stadtmueller |
| Defendants. | ) ) ) ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSES TO THE MILWAUKEE COUNTY DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff REBECCA TERRY, by her undersigned attorneys, LOEVY & LOEVY, pursuant to Federal Rules of Civil Procedure 33 responds as follows to the Milwaukee County Defendants' First Set of Discovery Requests to Plaintiff, stating as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify by name, description, or any other detail any and all persons to whom you communicated that you believed you were in labor on March 9 or March 10, 2014, whether in the County Jail or not, and describe your communication, including, but not limited to:

a. The person to whom you communicated;
b. The manner in which you communicated;
c. Your location and the location of the person to whom you spoke;
d. The approximate time of the communication;
e. As much detail as possible regarding your communication.

**ANSWER:** Plaintiff objects to the term "labor" as vague and ambiguous. Plaintiff further objects to this interrogatory on the ground that it is overly broad and unduly burdensome. Subject to, and without waiving these objections, Plaintiff states that she communicated that she was feeling abdominal pain and pressure and that her
EXHIBIT B

due date was the following day, face-to-face, to medical staff during her booking process. Plaintiff also states that she informed staff at Froedtert Hospital that she was experiencing pressure and abdominal pains and told them about her due date. Plaintiff further states that she communicated, face-to-face, with correctional staff that she was feeling pressure and abdominal pain when she was taken to the infirmary at the Milwaukee County Jail. Additionally, Plaintiff attempted to notify correctional and/or medical staff that she was experiencing labor pain and other symptoms of labor while she was in the infirmary. To do so, Plaintiff attempted to use the emergency notification system to notify correctional and medical staff in the infirmary. Furthermore, Plaintiff states that she also screamed and pleaded for help throughout her labor and delivery in the infirmary. Plaintiff's investigation continues, and she reserves her right to supplement this response as new information comes to light.

**INTERROGATORY NO. 2**: Identify by name, description, or any other detail any and all persons to whom you communicated that you believed you were in need of medical attention on March 9 or March 10, 2014, whether in the County Jail or not, and describe your communication, including, but not limited to:

a. The person to whom you communicated;
b. The manner in which you communicated;
c. Your location and the location of the person to whom you spoke;
d. The approximate time of the communication;
e. As much detail as possible regarding your communication.

**ANSWER:** Plaintiff incorporates her objections and response to Interrogatory No. 1, above.

**INTERROGATORY NO. 3**: Identify all primary care, obstetrics and gynecology or other physician or health care provider you have seen from 2012 to the present, including the name of the provider, the date you obtained services, the location of such services, the nature of such services, the provider's affiliation or employer.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it seeks irrelevant information that is not proportional to the needs of this case, because it is

not reasonably calculated to lead to the discovery of admissible evidence, and because it is harassing to the extent that it seeks irrelevant personal information. Plaintiff has agreed to disclose medical records related to her reproductive health from her first pregnancy through the present, which would begin in 2002. To the extent that the Defendants provide an authorization reflecting this agreement, Plaintiff will agree to sign it. Subject to and without waiving these objections, Plaintiff believes she has seen healthcare providers through the Aurora healthcare network since 2012.

**INTERROGATORY NO. 4:** Do you claim that your child born March 10, 2014 was injured in any way as a result of the acts or omissions of the defendants? If so, identify all primary care, pediatric or other physician or health care provider your child has seen from 2012 to the present, including the name of the provider, the date your child obtained services, the location of such services, the nature of such services and the provider's affiliation or employer.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it seeks irrelevant information that is not proportional to the needs of this case, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it is harassing to the extent that it seeks irrelevant personal information. Subject to, and without waiving those objections, Plaintiff states that she is not claiming damage to her child born on March 10, 2014 as part of this case.

**INTERROGATORY NO. 5:** Did you receive treatment or counseling for drug addiction or abuse at any time between January 1, 2012 and December 31, 2015? If so, identify the locations and providers of such treatment or counseling, the name of the counselors, and the date(s) of such counseling or treatment.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it seeks irrelevant information that is not proportional to the needs of this case, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it is harassing to the extent that it seeks irrelevant personal information.

**INTERROGATORY NO. 6:** Identify the time, place and manner of any alleged unconstitutional conduct, including, but not limited to:

3

1. If you allege that you were restrained in an unconstitutional manner, specify the nature of the restraint, exactly when the restraint occurred, where you were when the restraint was placed, who placed the restraint and when the restraint was removed.
2. If you claim that you were in labor on March 9 or March 10, 2014, and were ignored or neglected, please identify the following:
    a. When do you contend you became in labor?
    b. What is the basis for your belief that you were in labor at that time, i.e., time water broke; pass mucus plug; contractions; increase in intensity of contractions?
    c. Do you contend you were in labor while under assessment at Froedtert Memorial Lutheran Hospital?
    d. Identify each and every person whom you claim you informed of your belief that you were in labor, identifying that person by name and title, including any healthcare professionals associated with any organization.
    e. Describe exactly what you said to each person identified above, and when such communications occurred.
3. Do you claim that the placement of restraints interfered with your ability to receive medical care? If so, please specify the provider of such care, the location that such care was to be rendered, the precise care interfered with, and the manner in which the alleged interference prevented you from receiving care.
4. Do you claim that you suffered physical injury as a result of the conduct of the defendants? If so, please specify the nature of the physical injury, the duration of the injury, any treatment you received, and the provider(s) of such treatment.
5. Do you claim to have suffered a mental or emotional injury as a result of the conduct of the defendants? If so, please specify the nature of the mental or

emotional injury, the duration of the injury, any diagnosis you received, any treatment you received, and the provider(s) of such treatment.

**ANSWER:** Plaintiff objects to the structure of this interrogatory, as it seeks to use numerous subparts to elicit unrelated responses under one interrogatory. Plaintiff also objects to the extent that this request seeks information readily accessible to, or in the sole custody or control of the Defendants. Subject to, and without waiving these objections, to the best of her knowledge, Plaintiff states:

1. Plaintiff was shackled, including a belly chain, when transported to Froedtert Hospital. Plaintiff was shackled continuously, including a wrist restraint during medical examination, while at Froedtert Hospital. Additionally, Plaintiff was shackled while she was transported to the Milwaukee County Jail after leaving Froedtert Hospital. Plaintiff states that she was continuously restrained by one wrist and one leg during her entire time at Sinai Aurora Hospital after delivering her child on March 10, 2014.

2. Plaintiff objects because the term "labor" is vague and ambiguous. Plaintiff further objects under Federal Rules of Evidence 701 & 702 as she is not a medical expert and therefore cannot determine when "labor" began. Subject to and without waiving these objections, Plaintiff felt abdominal pressure and pain in the booking area of Milwaukee County Jail, she continued to experience contractions and abdominal pressure at Froedtert Hospital, and after returning to Milwaukee County Jail. Once back at the jail, Plaintiff's labor pains intensified, she felt a rush of liquid, felt the desire to push, and felt labor pains and the desire to push until the delivery of her child while in the infirmary at the Milwaukee County Jail. Plaintiff delivered a baby in the infirmary cell. For information regarding who Plaintiff communicated with regarding her labor and delivery, Plaintiff refers Defendants to her objections and response to Interrogatory No. 1.

3. Plaintiff objects under Federal Rules of Evidence 701 & 702 as she is not a medical expert and therefore cannot explain all the ways that the restraints interfered with her medical care. Subject to and without waiving these objections, Plaintiff's mobility was restrained.

4. As a result of the Defendants' conduct – or lack of conduct – Plaintiff suffered through a painful, unmedicated, unattended labor and delivery, including a perineal tear.

5. As a result of the Defendants' conduct – or lack of conduct – Plaintiff suffered devastating emotional injuries, including feelings of anxiety, panic, anger, sadness, depression, humiliation, frustration, terror, and helplessness. The ordeal led to Plaintiff's diagnosis of post-traumatic stress disorder (PTSD), and resulted in nightmares, night terrors, and flashbacks that impair her ability to sleep to this day. Plaintiff's experiences during this ordeal not only resulted in new emotional and mental health concerns, but also exacerbated existing conditions. Plaintiff's investigation continues, and she reserves her right to supplement this response as new information comes to light.

**INTERROGATORY NO. 7:** Please identify each and every act or omission that you claim violated Ms. Terry's constitutional rights. Identify the individual whom you claim violated her right, the constitutional right violated, and the time and place of the violation.

**ANSWER:** Plaintiff refers Defendants to ¶¶ 2, 20, 21, 23, 27-45, 46-68, 70-83, 85-89, 91-94, and 96-101. Plaintiff's investigation continues, and she reserves her right to supplement this response as new information comes to light.

**INTERROGATORY NO. 8:** Identify the case authority or other basis for your claim that the rights you claim to have been violated were clearly established.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it is overly broad and unduly burdensome, as it requires Plaintiff to identify every case authority that could be cited in relation to her claims. Subject to, and without waiving those objections, Plaintiff states that her complaint illustrates that she had a serious medical need, as she was in labor while in the infirmary at the Milwaukee County Jail. *Doe v. Gustavus*, 294 F. Supp. 2d 1003, 1008 (E.D. Wis. 2003) ("A condition is serious if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.") (internal citations omitted). Because of her serious medical need, the Defendants'

deliberate indifference violates her constitutional rights under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.") (internal citation omitted). Additionally, Plaintiff states that her response is not a complete recitation of all potential legal theories and cases.

## VERIFICATION

I, Rebecca Terry, have reviewed the foregoing Plaintiff's Responses to the Milwaukee County Defendants' Interrogatories and verify that the answers are true and correct to the best of my knowledge, information, and belief.

DATED: March 5, 2018

_____
Rebecca Terry

Respectfully submitted,

                                                            /s/ Aisha N. Davis

Arthur Loevy
Jon Loevy
Scott Rauscher
Theresa Kleinhaus
Aisha N. Davis
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Aisha N. Davis, an attorney, certify that on March 5, 2018, I caused the foregoing **Plaintiff's Responses to the Milwaukee County Defendants' First Set of Interrogatories** to be served on all counsel of record via email and US mail.

/s/ Aisha N. Davis
Aisha N. Davis
*One of Plaintiff's Attorneys*