IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

REBECCA TERRY,

                       Plaintiff,

v.                                               Case No. 17-CV-1112

COUNTY OF MILWAUKEE, et al.,

                       Defendants.
_____

### DEFENDANTS MILWAUKEE COUNTY, RICHARD SCHMIDT, BRIAN WENZEL, CAROLYN EXUM AND MARGARET HOOVER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
_____

Defendants Milwaukee County, Richard Schmidt, Brian Wenzel, Carolyn Exum, and Margaret Hoover, by their attorneys, Leib Knott Gaynor LLC, answer the First Amended Complaint and assert affirmative defenses as follows:

### ANSWER TO FIRST AMENDED COMPLAINT

### INTRODUCTION

1. In response to paragraph 1, any factual or legal allegations expressed or implied are denied. Defendants deny that they violated plaintiff's constitutional rights.

2. In response to paragraph 2, defendants deny.

### JURISDICTION AND VENUE

3. In response to paragraph 3, defendants deny knowledge or information sufficient to admit that the prerequisites for jurisdiction are established, and therefore deny same.

4. In response to paragraph 4, admit.

### PARTIES

5. In response to paragraph 5, defendants deny knowledge sufficient to form a belief as to the truth of the factual allegations and therefore deny the same.

6. In response to paragraph 6, defendants admit that Milwaukee County is a municipal corporation in this state which maintains offices in Milwaukee, Wisconsin.

7. In response to paragraph 7, defendants admit that Richard Schmidt is the acting Milwaukee County Sheriff. Defendants deny the responsibilities of Mr. Schmidt are as alleged and deny the factual assertions made thereafter.

8. In response to paragraph 8, defendants admit that Brian Wenzel was employed by Milwaukee County at all times material to this lawsuit. Defendants deny any wrongdoing on his part, as herein claimed, and deny that he violated the plaintiff's constitutional rights as alleged.

9. In response to paragraphs 9-11, defendants deny knowledge sufficient to form a belief as to the truth of the factual allegations and therefore deny the same.

10. In response to paragraph 12, deny upon information and belief that Ms. Exum was an employee of Armor at times material. Defendants deny any wrongdoing on her part, as herein claimed, and deny that she violated the plaintiff's constitutional rights as alleged.

11. In response to paragraph 13, deny upon information and belief that Ms. Bevenue was an employee of Armor at times material. Defendants deny any wrongdoing on her part, as herein claimed, and deny that she violated the plaintiff's constitutional rights as alleged.

12. In response to paragraph 14, deny upon information and belief that Ms. Hoover was an employee of Armor at times material. Defendants deny any wrongdoing on her part, as herein claimed, and deny that she violated the plaintiff's constitutional rights as alleged.

13. In response to paragraphs 15-16, defendants deny knowledge sufficient to form a belief as to the truth of the factual allegations and therefore deny the same.

14. In response to paragraph 17, this paragraph is a statement to which no response is warranted. To the extent an answer is required, deny. No response is made on behalf of employees of Armor or unknown supervisors.

## FACTS

15. In response to paragraph 18, defendants admit that Plaintiff was arrested in Franklin on date alleged. As to any remaining allegations, deny.

16. In response to paragraph 19, defendants admit that Plaintiff was taken to the Milwaukee County Jail and then to Froedtert Hospital. As to any remaining allegations, deny.

17. In response to paragraphs 20-21, defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore deny the same.

18. In response to paragraph 22, defendants admit that Froedtert Hospital cleared Plaintiff to return to the jail. As to any remaining allegations, defendants deny knowledge or information sufficient to admit and therefore deny the same.

19. In response to paragraph 23, defendants admit that Milwaukee County deputies brought Plaintiff back to the jail. As to any remaining allegations, defendants deny knowledge or information sufficient to admit and therefore deny the same.

20. In response to paragraph 24, defendants deny.

21. In response to paragraphs 25-27, defendants deny.

22. In response to paragraphs 28-29, admit that the report is partially quoted. Deny any other allegations.

23. In response to paragraph 30, defendants deny the testimony is cited consistent with the speaker's intent or meaning. Deny any factual or legal allegations asserted.

24. In response to paragraph 31, deny.

25. In response to paragraph 32, deny.

26. In response to paragraph 33, deny.

27. In response to paragraph 34, defendants admit that Plaintiff was booked into the jail and taken to the Special Medical Unit. As to any remaining allegations, explicit or implied, deny.

28. In response to paragraph 35, deny.

29. In response to paragraph 36, defendants admit that Officer Wenzel was working in the Special Medical Unit. As to all remaining allegations, deny.

30. In response to paragraphs 37-38, deny.

31. In response to paragraph 39, deny.

32. In response to paragraph 40, defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore deny same. As to the allegation about Officer Wenzel, deny.

33. In response to paragraph 41, deny.

34. In response to paragraph 42, defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore deny same.

35. In response to paragraph 43, deny.

36. In response to paragraph 44, deny.

37. In response to paragraphs 45-46, deny.

38. In response to paragraph 47, defendants admit that Officer Wenzel called for help. Deny any remaining allegations are accurate as characterized.

39. In response to paragraph 48, defendants admit healthcare providers responded appropriately. Deny remaining allegations.

40. In response to paragraph 49, admit EMS arrived. Deny knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations and therefore deny same.

41. In response to paragraph 50, deny.

42. In response to paragraph 51, admit.

43. In response to paragraph 52, deny.

44. In response to paragraph 53, deny.

45. In response to paragraphs 54-55, deny.

## Count I – 42 U.S.C. § 1983
### Deliberate Indifference – Denial of Medical Care
### (All Defendants)

46. In response to paragraph 56, defendants incorporate by reference their answers to the prior allegations as if fully set forth herein.

47. In response to paragraphs 57-60, defendants deny that they violated the plaintiff's rights or are liable for the damages claimed. Any and all allegations are denied.

48. In response to paragraph 61, deny the allegations as asserted. Admit that Armor had certain responsibilities as set forth in its contract, previously provided. Deny any factual or legal assertions inconsistent with the foregoing.

49. In response to paragraph 62, deny.

50. In response to paragraph 63, deny.

51. In response to paragraph 64, to the extent these allegations are asserted against these answering defendants, deny.

52. In response to paragraphs 65-68, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same. To the extent these allegations are asserted against these answering defendants, deny.

53. In response to paragraphs 69-72, deny.

**County II – 42 U.S.C. § 1983**
**Supervisory Liability**
**(Unknown Jail Supervisors, Unknown Healthcare Supervisors and Defendant Hoover)**

54. In response to paragraph 73, defendants incorporate by reference their answers to the prior allegations as if fully set forth herein.

55. In response to paragraphs 74-79, deny.

**Count III – 42 U.S.C. § 1983**
**Failure to Intervene**
**(Defendants Wenzel, Exum, Bevenue, Hoover, Unknown Jail Employees, Unknown Jail Supervisors and Unknown Healthcare Supervisors)**

56. In response to paragraph 80, defendants incorporate by reference their answers to the prior allegations as if fully set forth herein.

57. In response to paragraphs 81-84, deny.

**Count IV – 42 U.S.C. § 1983**
**Due Process – 14th Amendment**
**(Milwaukee County)**

58. In response to paragraph 85, defendants incorporate by reference their answers to the prior allegations as if fully set forth herein.

59. In response to paragraphs 86-89, deny.

**Count V (incorrectly numbered Count VI) – Indemnification**
**(Milwaukee County)**

60. In response to paragraph 90, defendants incorporate by reference their answers to the prior allegations as if fully set forth herein.

61. In response to paragraphs 91-92, the legal conclusions and any factual allegations asserted are denied. Defendants deny that they are liable for the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to the Federal Rules of Civil Procedure, which requires defendants to allege affirmative defenses and/or motions to dismiss so as to preserve them, these defendants allege on information and belief as follows:

1. The plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. These defendants acted in good faith with the good faith belief that all their actions were necessary and reasonable for the discharge of the duties and obligations of their positions.

3. The plaintiff's alleged injury is the result of pre-existing injury or natural disease progression beyond the control of, and unrelated to the acts, omissions or conduct of these defendants.

4. The plaintiff's alleged injury is the result of a superseding cause that precludes these defendants' liability.

5. The plaintiff's alleged injury is the result of the negligence or omissions of third persons for whom these defendants have no right or obligation to control.

6. The plaintiff failed to mitigate her damages as required by law.

7. These defendants are entitled to discretionary, qualified, or other immunity from trial and liability.

8. Plaintiff lacks standing to assert certain of the claims asserted.

9. Plaintiff may have failed to join all parties necessary and indispensable to complete relief.

10. Certain of Plaintiff's allegations are in violation of Rule 11 and are asserted with knowledge of their falsity.

11. These defendants incorporate by reference all defenses set forth in Fed. R. Civ. P. 12, as to not waive the same.

12. These defendants reserve the right to amend this answer and assert additional defenses as discovery proceeds.

13. These defendants incorporate the affirmative defenses of co-defendants in this matter to the extent they are consistent with the foregoing positions of these defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, these defendants pray for judgment against the plaintiff, as follows:

1. That judgment be awarded in favor of defendants and against the plaintiff, and that the Federal First Amended Complaint be dismissed with prejudice;

2. That defendants be awarded the costs of suit;

3. That defendants be awarded reasonable attorneys' fees as may be determined by this Court; and

4. For such other and further relief as the Court shall deem just and proper.

**THESE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY**

Dated this 26th day of June, 2018.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001500
Cory J. Brewer, SBN 1105913
Attorneys for Defendants Milwaukee County,
Richard Schmidt, Brian Wenzel, Carolyn Exum,
Morgan Bevenue and Margaret Hoover
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
cbrewer@lkglaw.net