IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

REBECCA TERRY,

                **Plaintiff,**

v.                              Case No. 17-CV-1112

COUNTY OF MILWAUKEE, *et al.*,

                **Defendants.**

---

**COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO LIMIT THE SCOPE OF DEPOSITION TESTIMONY**

---

## INTRODUCTION

This is the third motion necessitated by plaintiff's and her counsel's improper manipulation of the discovery process. First, plaintiff refused to disclose *any* healthcare providers in response to interrogatories despite claiming permanent physical and emotional injuries in this lawsuit. (ECF No. 134 (Defs' Motion to Compel Interrogatory Responses); ECF No. 135-2 at 2-3 (Decl. in Support of Motion)). Rather than allow defendants an opportunity to obtain the records of healthcare providers who might hold information about pre-existing conditions or post-event treatment for her alleged injuries, plaintiff obstructed defendants' investigation by asserting an improper relevance objection. (ECF No. 135-2 at 2-3,4-6). Asked directly in an interrogatory whether she had received treatment for PTSD and, if so, from whom, plaintiff inexplicably refused to acknowledge treatment or provide the name of the diagnosing physician. (ECF No. 135-2 at 4-6). Plaintiff's willingness to share incomplete and inaccurate information in verified interrogatory responses is troubling. Her counsel's facilitation of that

1

conduct through spurious objections is contrary to the spirit and letter of the Rules of Civil Procedure. It must be stopped.

Having frustrated defense counsel's ability to prepare through written discovery and medical or treatment records received in advance of Ms. Terry's deposition, plaintiff's counsel continued to dictate the scope of discovery at the June 1 deposition. She instructed the witness not to answer at least 22 times on the basis of relevance. (ECF No. 136-1 (abstract of questions in which instruction not to answer was given)). The impropriety of her conduct is obvious. Even if the information sought were ultimately inadmissible, it is not the province of counsel to block the inquiry at her whim. *Shapiro v. Freeman,* 38 F.R.D. 308, 311 (S.D.N.Y. 1965)("It is not the prerogative of counsel, but of the court, to rule on objections.") Whether the product of naïvete or arrogance, the conduct is improper and it has created a substantial roadblock in defendants' preparation.

The evidence that was sought by defendants is not only admissible, it is critical. The improper objections (coming on the back of the improper written discovery responses) have stonewalled defense counsel's inquiry into key aspects of the case: pre-existing conditions that may explain Ms. Terry's emotional injury complaints; pre-event stressors that may explain those claims; post-event treatment that may or may not provide evidence of her alleged injuries; and post-event stressors (including drug use and relapse) that mitigate against defendants' conduct as the sole cause of her emotional injuries. Defendants respectfully request this motion be denied and relief in their favor granted pursuant to ECF Nos. 134 and 136.

**ARGUMENT**

**1. Defendants are entitled to full and complete information about Ms. Terry's drug use and treatment.**

Plaintiff claims a protective order is necessary because defendants' questions "have no bearing on Plaintiff's claim for damages in this case." (ECF No. 132 at 3). With all due respect, the defendants and the Court should be allowed some input on what might bear on plaintiff's claims before discovery is blocked. Ms. Terry is a habitual drug user. (ECF No. 132-1 at 23-24). We know that she used heroin for at least six (6) years at the time of her arrest in March 2014 (id. at 26), and that she relapsed at least one time since March 2014, which she blames on conduct of the defendants. (Id. at 31-32). We know she overdosed at some point after March 2014, which she may or may not blame on the defendants. (Id. at 27). We do not know more about her post-2014 drug use and treatment because of her counsel's improper instructions.

Counsel offers as a justification for obstructing the examination that Ms. Terry "is not seeking damages for the relapse." (ECF No. 132-1 at 33). She apparently is conceding that Ms. Terry will not seek out-of-pocket expenses for this particular treatment. She misses the point. Ms. Terry *is* claiming in this lawsuit that defendants caused her emotional injury, including "anxiety, panic, anger, sadness, depression, humiliation, terror and helplessness." (ECF No. 129 at ¶ 55; ECF No. 135, Ex. B at 6). She wants to talk to the jury about those feelings, but she will not allow the defendants to explore obvious alternative explanations for them—to wit, her devastating and unshakable drug addiction. A jury may believe that habitual drug use, failed treatment, relapse, overdose, arrests, etc., are a reasonable explanation for at least some of Ms. Terry's feelings of anxiety, sadness, or helplessness. Even the *possibility* that her drug use explains some part of her emotional state places her drug treatment at issue and opens it for discovery. *See Cobige v. City of Chicago,* 651 F.3d 780, 784 (7th Cir. 2011)(finding error to

exclude evidence of decedent's drug use and addiction in wrongful death claim); *Magelky v. BNSF Ry. Co.,* 2008 U.S. Dist. LEXIS 6573, at *11 (D. N.D. 2008)(holding plaintiff's "medical history, medical conditions, drug and alcohol abuse, psychological problems, and stressors in her life are relevant" to claim for non-economic damages); *Chamberlin v. City of Albuquerque,* 2005 U.S. Dist. LEXIS 21977 (D. N.M.)(finding evidence of plaintiff's drug and alcohol abuse, and mental illness, is relevant to rebut claim of damages); *EEOC v. Danka Indus.,* 990 F.Supp. 1138 (E.D. Mo. 1997)(holding plaintiff's counsel's instruction not to answer questions regarding drug use was improper; motion to compel granted).

Alternatively, Ms. Terry's pre- and post-event treatment records are likely to record stresses in her life, medical and mental health diagnoses, and reasons she might struggle to stay free of her addiction. If, as she claims, Ms. Terry suffered the onset of depression, PTSD, and bi-polar disorder as a result of defendants' conduct in March of 2014, we would not expect to see a discussion of those diagnoses prior to March 2014. Similarly, the impact of the March 2014 event is likely to be recorded in her counseling notes after the event. If, on the other hand, Ms. Terry suffered another potential cause of those diagnoses, or if she does not describe those symptoms at all, then defendants are entitled to know that evidence exists. Plaintiff is not entitled to claim emotional injury while whitewashing the record of obvious causes of emotional distress. *Magelky,* 2008 U.S. Dist. LEXIS 6573 at *11 (holding many problems, including "stressors in her life," are relevant to claim for non-economic damages).

Plaintiff asserts, apparently without shame, that defendants "have no evidence that [Ms. Terry's drug abuse] is relevant to any claim or defense." (ECF No. 132 at 7). She fails to acknowledge that she has blocked absolutely all discovery into her drug abuse and treatment. Defendants could not know, for example, if childhood abuse caused Ms. Terry to have anxiety of

4

long standing. Defendants' interrogatories seeking enumeration of her pre- and post-event treatment providers were perfectly appropriate; they were met with improper objections only—not a single treatment provider was disclosed. (ECF No. 135-2 at 3). Likewise, defense counsel's inquiries at Ms. Terry's deposition were perfectly appropriate and should have been answered.

Defendants should not have to meet plaintiff's counsel's threshold of acceptance before receiving an answer. Counsel's choice to unilaterally limit discovery to her own concept of damages is patently improper and needs to be addressed.

### 2. There is no justification for plaintiff's conduct in the Federal Rules of Civil Procedure.

Plaintiff mischaracterizes the holding in *Eggleston v Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890 (7th Cir. 1981), when she says that "[u]nder Rule 30, a deponent may refuse to answer irrelevant deposition questions which 'unreasonably touch sensitive areas or go beyond reasonable limits.'" *Eggleston* does not hold that a deponent may refuse to answer questions that unreasonably touch sensitive areas or go beyond reasonable limits. *Eggleston* reversed and remanded as too harsh a district court order dismissing plaintiffs' suit with prejudice for their failure to cooperate during defendants' depositions. The court discussed two basic approaches to refusal to answer deposition questions:

> In the Northern District of Illinois...the general rule…is that absent a claim of privilege, ***it is improper for counsel at a deposition to instruct a client not to answer.*** If counsel objects to a question, he should state his objection for the record and then allow the question to be answered. [quotation marks and citation omitted] Wright & Miller, Federal Practice and Procedure: Civil § 2113, at 419 n.22 (1970), is also relied upon as it suggests that the better practice is to take the evidence subject to objection. [Citation omitted] [I]n *Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y.1965), it was indicated that "it is not the prerogative of counsel, but of the court to rule on objections." Moore, however, states that when either privileged or irrelevant information is sought "the only course is to decline to answer." 4A Moore's Federal Practice, 37.02(2) (1981). Plaintiffs, in support of their refusal to answer without seeking court guidance, have supplied numerous

5

affidavits of area attorneys who follow that same practice. Plaintiffs also point to
. . . *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 132 (N.D.Ill.1979), as
condoning the practice which they followed.

*Id.*, at 903 (bolding supplied). The court expressly declined to endorse one approach or the other: "We do not propose by this case to impose any particular practice on the district courts." *Id.* The case certainly does not support instructing a client not to answer at the whim of counsel.

Defendants dispute that deposition questions unreasonably touched upon "sensitive areas" or went beyond reasonable limits. The following sequence of questions could not be more pertinent and appropriate to plaintiff's claim that she suffers sleeplessness as a result of defendants' conduct. (ECF No. 129 at ¶ 55; ECF No. 135-2 at 6).

> **Q:** And have you gone through withdrawals since March of 2014?
> **MS. KLEINHAUS:** Go ahead and answer that.
>
> **A:** Yes.
>
> **Q:** And when did that occur?
> **MS. KLEINHAUS:** I'm going to direct you not to answer that.
>
> **Q:** How long did the withdrawals persist?
> **MS. KLEINHAUS:** I'm going to direct her not to answer that.
>
> **Q:** Did it impact your ability to sleep?
> **MS. KLEINHAUS:** I'm going to go ahead and direct her not to answer that either.

ECF No. 132-1 at 31:12 – 32:2.

It is simply astonishing that the same counsel who drafted a complaint alleging Ms. Terry suffers sleeplessness as a result of defendants' conduct would find that line of questions—obviously addressing an alternative cause of sleeplessness—to be irrelevant, harassing or disproportional to the claims.

**3. Defendants have not received complete information about Ms. Terry's drug abuse and treatment.**

Continuing to presume that she is entitled to dictate the questions that get answered, plaintiff argues that defendants should be satisfied with the answers that "leaked out" in subsequent responses. (ECF No. 132 at 2,4). Comparing unrelated questions and answers, she proclaims that defendants should recognize they, in fact, received "fulsome testimony" about Ms. Terry's addiction history. *Id.*

The argument is misleading in more than one way. For one thing, defendants' questions were not answered. The following sequence of inappropriate objections demonstrates the point. Ms. Terry was asked:

> **Q:** Do you agree with me that the use of crack cocaine, in your experience, has an impact on your ability to remember?
>
>> **MS. KLEINHAUS:** I'm going to object to the form of the question. Assumes facts that haven't been established. I'm going to ***direct her not to answer.***
>
> **Q:** Ms. Terry, have you in the past used crack cocaine?
>
>> **MS. KLEINHAUS:** I'm going to object and ***direct her not to answer***.
>
> **Q:** In your experience, does crack cocaine have an impact on your ability to perceive events around you?
>
>> **MS. KLEINHAUS:** I'm going to ***direct her not to answer***.

ECF No. 132-1 at 38:22 – 40:1.

Plaintiff's counsel asserts that (1) the sequence of above questions is about "whether she has ever used crack cocaine", and (2) the question was answered when Ms. Terry admitted using crack on the day of her arrest. (ECF No. 132 at 5). Defense counsel *was not* asking whether Ms. Terry used crack on the day of her arrest. Her arrest records reflect she was. Defense counsel was seeking an admission that Ms. Terry's use of crack cocaine had the potential to impact her perception of the events on the date of her arrest. It is an important and appropriate line of

7

questions. As evidenced by the sequence above, he received no answer to his question, despite asking it twice. Both times it was objected to and the witness directed not to answer even though no privilege was claimed and no order of the Court was at issue. FRCP 30(d).

Respectfully, plaintiff's counsel is not entitled to dictate what questions are answered and to justify improper objections by asserting defense counsel should be happy with what they receive.

## CONCLUSION

Defendants request that plaintiff's motion for protective order be denied and defendants' actual attorneys fees awarded pursuant to Rule 26(c)(3) and 37(a)(5). They further request that plaintiff be directed: (1) to fully respond to written discovery identifying her treaters and treatment centers; (2) to sign authorizations for Defendants to obtain records from those treaters and treatment centers; and (3) that Ms. Terry be directed to appear for completion of her deposition.

Dated this 11th day of July, 2018.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001600
Cory J. Brewer, SBN 1105913
Attorneys for Defendants Milwaukee County, Richard Schmidt, Brian Wenzel, Carolyn Exum, Morgan Bevenue and Margaret Hoover ("County Defendants")
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
cbrewer@lkglaw.net