# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REBECCA TERRY,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF MILWAUKEE,<br>RICHARD R. SCHMIDT, OFFICER<br>BRIAN WENZEL, UNKNOWN<br>EMPLOYEES OF MILWAUKEE<br>COUNTY JAIL, UNKNOWN JAIL<br>SUPERVISORS, ARMOR<br>CORRECTIONAL HEALTH<br>SERVICES, CAROLYN EXUM,<br>MORGAN BEVENUE, MARGARET<br>HOOVER, UNKNOWN EMPLOYEES<br>OF ARMOR CORRECTIONAL<br>HEALTH SERVICES, and<br>UNKNOWN ARMOR<br>HEALTHCARE SUPERVISORS,<br><br>                Defendants. | Case No. 17-CV-1112-JPS<br><br><br><br><br><br><br><br>**ORDER** |

      The parties in this matter are embroiled in yet another discovery spat. It arises primarily from Plaintiff's use of illegal drugs, past and present. The parties dispute whether Plaintiff should be required to answer certain deposition questions about her drug use which she refused to answer, whether she needs to further supplement interrogatory responses related to this and other topics, and whether Defendants should be permitted to depose her a second time. *See* (Docket #132, #134, #136, #137).[1]

---

[1] All of the parties' competing motions were filed as expedited motions pursuant to Civil Local Rule 7(h), save Plaintiff's, which is a regular civil motion.

The Court answers all of these questions in the affirmative. District courts have broad discretion in deciding matters relating to discovery. *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information sought need not itself be admissible to be discoverable. *Id.* In considering matters of proportionality, the Rule directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

With respect to the deposition questions, the Court finds that Plaintiff's drug use could affect her ability to recall pertinent information or the nature and extent of her claimed damages. It is, therefore, relevant. Plaintiff's efforts to make her drug use a non-issue are unavailing. First, while her use of illicit substances may feel intrusive to her personally, it is she who placed her veracity and recall in issue by bringing the present suit. Second, even if she does not seek damages for relapse into drug addiction after the trauma of her childbirth at the Milwaukee County Jail, (Docket

---

In light of the need to issue a ruling expeditiously, and because the parties' existing briefs fully apprise the Court of their positions, the Court finds it unnecessary to await full briefing on Plaintiff's motion.
`Page 2 of 6`

#146 at 3–4), narcotics could have myriad effects on her memory and well-being that Defendants are entitled to explore at this juncture, whether or not the jury needs ultimately to hear about it. *Eggleston v. Chi. Journeyman Plumbers Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981) ("'Relevant' is defined in Rule 401, Federal Rules of Evidence, but relevancy in the context of a discovery deposition has a broader meaning. Admissibility at trial is not the test."). Further, contrary to Plaintiff's view, the few answers about drug use she did give at her deposition do not render the matter moot, as Defendants are entitled to a fulsome examination of this topic. *See* (Docket #132 at 5). She will be directed to sit for another deposition and must not refuse to answer questions on these matters absent a need to preserve a privilege or prevent some unrelated vein of harassment. Fed. R. Civ. P. 30(c)(2); *Eggleston*, 657 F.2d at 902.

Next, the Court addresses Plaintiff's interrogatory responses. First, the Milwaukee County Defendants seek identification of all of her treatment providers from 2012 to the present, and information about any diagnoses of mental or emotional injuries and any resulting treatment. (Docket #134 at 2–3). These are permissible inquiries, given that Plaintiff claims mental and emotional harm resulting from the events in question in this case. Even her physical health is ripe for investigation, as the events of March 9, 2014 involved trauma to her person whether or not she seeks damages for those injuries. Certainly, if Plaintiff thinks inquiry about a particular treatment provider or course of treatment goes beyond the scope of permissible, proportional discovery, she can seek a protective order, but

her blanket refusals to provide baseline amounts of information are misguided.

Second, the Milwaukee County Defendants seek information about Plaintiff's treatment for drug addiction. *Id.* at 4. For the reasons covered above, the Court views Plaintiff's past and present drug use and treatment as fully within the scope of discovery in this matter. Whether and to what extent information about her drug use goes before the jury is not the question of the day. Additionally, Plaintiff's limited supplementation of her responses after her deposition does not make this dispute moot, *see* (Docket #145); given the Court's rulings herein, Plaintiff should carefully evaluate all of the relevant interrogatory responses and supplement them as appropriate, including providing authorizations for Defendants to obtain medical records from pertinent providers.

Finally, the Court will order Plaintiff to sit for a second deposition. (Docket #136, #137). This will facilitate further inquiry into the drug use topics discussed above, and it will permit Armor an opportunity to pose questions to her. Armor explains that because of scheduling difficulties, the court reporter at Plaintiff's deposition could not stay long enough for Armor to ask Plaintiff any questions. (Docket #137 at 2–3). In total, Plaintiff was deposed for just over five hours. *Id.*

Plaintiff seeks to foist this bad turn of events on Defendants, saying she was available but that Defendants fumbled the logistics of the deposition. (Docket #132 at 6) (Docket #146 at 4). However, she offers no real reason that a second deposition will prejudice her. Given the need to permit the Milwaukee County Defendants additional time to ask questions,

it is only fair that Armor be given the same opportunity. The second deposition must not exceed three hours. *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

For the reasons stated above, the Court will grant Defendants' motions to compel further responses to deposition questions and interrogatories and will permit Defendants to depose Plaintiff a second time for a period of three hours. No award of fees or expenses will be made, as the Court does not find that such an award is equitable, and Defendants' one-line request for the same is cursory and unsupported by any argument or evidence regarding the fees incurred. *See* (Docket #134 at 4); Fed. R. Civ. P. 37(a)(5)(A); *Commodity Future Trading Comm'n v. Trade Exch. Network Ltd.*, 159 F. Supp. 3d 5, 8 (D.D.C. 2015) (proponent of fee award under Rule 37 must show that rate requested and hours expended are reasonable); *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 120 (S.D.N.Y. 2011) (fees denied where no contemporaneous time records describing work performed were timely submitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a protective order relating to her deposition and interrogatory responses (Docket #132) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Milwaukee County Defendants' expedited motion to compel supplemental interrogatory

responses (Docket #134) be and the same is hereby and **GRANTED** as stated herein;

**IT IS FURTHER ORDERED** that the Milwaukee County Defendants' expedited motion to compel deposition question responses (Docket #136) be and the same is hereby and **GRANTED** as stated herein; and

**IT IS FURTHER ORDERED** that Defendant Armor Correctional Health Services' expedited motion to compel a second deposition of Plaintiff (Docket #137) be and the same is hereby and **GRANTED** as stated herein.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge