UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| REBECCA TERRY, | Case No.: 17-CV-1112 |
| Plaintiff, | |
| v. | |
| COUNTY OF MILWAUKEE, RICHARD R. SCHMIDT, OFFICER BRIAN WENZEL, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, JANE AND JOHN DOE, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, JANE AND JOHN DOE, UNKNOWN ARMOR HEALTHCARE SUPERVISORS, | |
| Defendants. | |

**DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES' RULE 79(D) MOTION TO MOTION TO SEAL EXHIBIT F OF DECLARATION OF PAIGE MCCREARY AND EXHIBITS A AND C OF DECLARATION OF JOHN MAY, M.D., FILED JULY 2, 2018**

Defendant Armor Correctional Services ("Armor"), by its attorneys, Hinshaw & Culbertson LLP, moves under General Local Rule 79(d) to restrict Exhibit F of the Declaration of Paige McCreary and Exhibits A and C of the Declaration of Dr. John May filed July 2, 2018 (the "McCreary Declaration" and "May Declaration," respectively).

No separate brief is filed with this motion.

1. The right of public access to court records and filings is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The trial court retains the right and discretion to curtail public access when warranted. *Id.* at 599. This Court, recognizing its

discretion in this area, allows parties to request that the Court seal court records or documents to protect the parties' own interests or the interest of third parties. *See* E.D. Wis. Gen. L.R. 79(d); *Ratajczak v. Beazley Solutions Ltd.*, No. 13-C-045, 2013 U.S. Dist. LEXIS 180988, at **2-3 (E.D. Wis. Dec., 23, 2013). Although court records are generally presumed open to public access, a party seeking to seal or restrict access to documents need only demonstrate a privacy interest or good cause that overrides the public's interest in access for a court to grant a motion to seal. *Cnty. Mat'ls Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

2. Personal health information is one such overriding privacy interest. Courts regularly find that "good cause" exists to protect patients' personal health information from disclosure. *See Chapman v. Raemisch*, No. 05-C-1254, 2009 U.S. Dist. LEXIS 13276, at *19 (E.D. Wis. Feb. 20, 2009) (sealing "certified medical records"); *EEOC v. Orion Energy Sys.*, No. 14-CV-619, 2015 U.S. Dist. LEXIS 86428, at *11 (E.D. Wis. July 2, 2015) (sealing documents containing "personal, confidential information regarding [a patient's] medical condition"). That privacy interest is even more compelling where the documents at issue "reveal medical information about nonparties." *Severson v. Heartland Woodcraft, Inc.*, No. 14-C-1141, 2015 U.S. Dist. LEXIS 153872, at *42 (E.D. Wis. Nov. 12. 2015) (finding "good cause" existed to seal documents).

3. Courts within this Circuit have recognized it is reasonable to shield commercial information from competitors, and documents containing contract and negotiation information and strategy, as well as confidential patient information, have been protected as confidential commercial information. *See FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 U.S. Dist. LEXIS 48068, at *11-13 (N.D. Ill. 2012); *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338,

342 (N.D. Ill. 2008); *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, No. 08-C-0953, 2009 U.S. Dist. LEXIS 105078, at *3-5 (E.D. Wis. Oct. 22, 2009).

4. A Protective Order is in place in this action. (ECF No. 45.)

5. Under the Protective Order, a party must file any document produced and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under restriction. (Id.)

6. Armor designated the documents filed as Exhibit A to the May Declaration, which are documents produced in discovery and Bates-labeled as ARMOR 00020-00024 and ARMOR 00029, as "ATTORNEYS' EYES ONLY." These documents contain plaintiff's medical records.

7. Armor asserts that their designation of ARMOR 00020-00024 and ARMOR 00029 as "ATTORNEYS' EYES ONLY" was appropriate and it has good cause to maintain the confidential nature of the documents at issue pursuant to the Protective Order.

8. Armor designated the documents filed as Exhibit C to the May Declaration, which are documents produced in discovery and Bates-labeled as ARMOR 001112-001115, as "CONFIDENTIAL." These documents contain sensitive, confidential commercial information about Armor's business policies.

9. Plaintiff designated the documents filed as Exhibit F to the McCreary Declaration, which are documents produced in discovery and Bates-labeled as TERRY 000103, TERRY 000300, TERRY 000308-000313, TERRY 000316, and TERRY 000318, as "CONFIDENTIAL." The documents contain plaintiff's medical records.

WHEREFORE, Armor respectfully requests that the Court grant this motion to restrict the viewing of Exhibit F of the Declaration of Paige McCreary, and Exhibits A and C of the Declaration of John May, M.D. filed July 2, 2018 to this Court and case participants.

Dated this 31st day of August, 2018.

        */s/ Paige L. McCreary*
        Michael P. Russart
        State Bar No. 1023128
        Mollie T. Kugler
        State Bar No. 1093318
        Paige L. McCreary
        State Bar No. 1114252
        Attorneys for Armor Correctional Health Services
        **HINSHAW & CULBERTSON LLP**
        100 E. Wisconsin Avenue
        Suite 2600
        Milwaukee, WI 53202
        Phone No. 414-276-6464
        Fax No. 414-276-9220
        E-mail Address(es):
        mrussart@hinshawlaw.com
        mkugler@hinshawlaw.com
        pmccreary@hinshawlaw.com