UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

REBECCA TERRY,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., in his personal and official capacities, OFFICER BRIAN WENZEL, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, JANE AND JOHN DOE, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, JANE AND JOHN DOE, UNKNOWN ARMOR HEALTHCARE SUPERVISORS,

    Defendants.

Case No.: 17-cv-1112-JPS

---

## ARMOR CORRECTIONAL HEALTH SERVICES RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Defendant Armor Correctional Health Services ("Armor"), by its attorneys Hinshaw & Culbertson LLP, hereby responds to Plaintiff's First Set of Interrogatories as follows:

These responses are made on behalf of Armor for its sole liability based upon plaintiff's *Monell* claim. Plaintiff's claim for *respondeat superior* has been dismissed by the Court, with prejudice. (ECF No. 41.) Thus, the anonymous claims against Jane and John Doe, Unknown Armor Healthcare Supervisors and the Milwaukee County employed providers (Ms. Exum, Ms. Benevue and Ms. Hoover) do not apply to Armor.

## General Objections

In definitions and instructions proceedings these requests, Plaintiff seeks to define the scope of Armor's responsibility to provide answers to these requests. To the extent those instructions seek to expand or otherwise vary the requirements for answering discovery requests found in the applicable federal rules, Armor objects to any such instructions. Armor will provide answers consistent with the requirements of the federal rules. To the extent Plaintiff has sought to ascribe special meanings or definitions to words in these discovery requests Armor has declined to accept those specialized meanings and definitions and has interpreted all words contained therein in accordance with their ordinary and customary meanings.

Armor specifically objects to Plaintiff's instruction that "[d]ocuments that are stored electronically shall be produced in native format." To the extent the instruction seeks to expand or otherwise vary the requirements for producing documents or electronically stored information found in the applicable federal rules, including, but not limited to, Fed. R. Civ. P. 34(b)(2)(D)-(E), Armor objects to the instruction and will provide documents and information consistent with the federal rules.

## Interrogatories

**INTERROGATORY NO. 1:** Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures. Your response to this interrogatory should include all Persons with any knowledge of the events in Plaintiff's Complaint. For each such Person, please describe with particularity any facts known by such Person relating to the claims and defenses in

this action, including facts about which the Person may be competent to testify at trial, and state whether you intend to call the person as a witness at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**OBJECTION:** This request is vague and the assumption stated is not based upon rule or law. In addition, some of the information requested is protected by the work product and/or attorney client privilege, and the request is premature. Moreover, the information requested is not relevant to Plaintiff's claim or proportional to the needs of the case. Furthermore, competence to testify at trial is a legal question.

**ANSWER:** The following are persons identified in Armor's initial disclosures as those who may have information pertinent to the care provided to Rebecca Terry: Melinda Andrzewski, PSW; Morgan Bevenue, RN; Gina Buono, MD; Maggie Burton, RN; Thomas Gable, MD; Carolyn Exum, RN; Florentino Franco-Sanchez, CMA; Margaret Hoover, RN; Heidi Lundeen, MD; Ann Noll, RN; Mirian Boyd Organ, MD; Rusty Perry, HSU Administrator; Pamela Prince, NP; Jack Roper, RN; Deborah Sobczak, RN; Electisa Spears, RN; Gina Strehlow, DON; and Mai Bruno, RN. Moreover, the FMLH and ASMC medical providers may have knowledge of the care that Plaintiff received, and the Milwaukee County defendants may have knowledge of the events at issue in Plaintiff's complaint. Plaintiff's medical records for the March 2014 custody, which are produced herewith as ARMOR 00001 - 00042, document the

care provided to Rebecca Terry. Armor does not have medical records from Froedtert Memorial Lutheran Hospital ("FMLH"), Aurora Sinai Medical Center ("ASMC"), or any outside medical providers from which Plaintiff received post-partum medical care, other than the ASMC records that Plaintiff produced with her initial disclosures. Armor does not have medical records for Plaintiff's son, Leland Toliver. Armor's investigation continues.

**INTERROGATORY NO. 2:** Did you provide any medical treatment, medical care, or medication to Rebecca Terry at any time on or about March 9 – 10, 2014? If so, please describe in detail: why you did or did not provide any treatment, care or medication; the treatment, care medication you provide; and when you provided the treatment, care or medication.

**OBJECTION:** The phrase "at any time on or about March 9 – 10, 2014" is vague and ambiguous."

**ANSWER:** As a corporation responsible for *Monell* claims, Armor does not provide medical treatment, medical care, or medication.

**INTERROGATORY NO. 3:** State whether you ever communicated with anyone (including Plaintiff) regarding Plaintiff's health, including but not limited to her pregnancy, labor, delivery, or post-partum care, and including any attempts by Plaintiff to communication with you, even if you did not respond to such attempts. For each such Communication, state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) describe in detail the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

4

300853609v1 1003420
Case 2:17-cv-01112-JPS   Filed 08/31/18   Page 4 of 12   Document 167-5

**ANSWER:** As a corporation responsible for *Monell* claims, Armor does not communicate.

**INTERROGATORY NO. 4:** Please identify any and all criminal convictions of any potential witnesses in this action. For each such responsive conviction, identify: (a) the witness who has been convicted ant the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**OBJECTION:** The phrase "potential witness" is vague. The information requested is not relevant to Plaintiff's claim or proportional to the needs of the case. Moreover, some of the information requested is equally available to Plaintiff.

**ANSWER:** As a corporation responsible for *Monell* claims, Armor cannot have criminal convictions. The individually named healthcare defendants will respond to this interrogatory through their counsel. To the extent Plaintiff is seeking information regarding any Armor employees, the names of those employees should be specified in order for Armor to evaluate the request. Armor will supplement this response as potential witnesses are identified pursuant to the federal rule or scheduling order.

**INTERROGATORY NO. 5:** Please identify by name anyone working in the Milwaukee County Jail booking area or infirmary, as well as any officers working as "movement" or "clinic" officers on March 9, 2014 and March 10, 2014, and provide contact information for all such employees.

**OBJECTION:** This request is overbroad to the extent it requests information about persons who did not have any contact with Plaintiff and for individuals about whom Armor is not in possession, custody or control of identifying information.

**ANSWER:** The Armor staffing schedules for March 9 and March 10, 2014 are produced herewith as ARMOR 00043 - 00050.

**INTERROGATORY NO. 6:** Describe in detail why, in your answer to Plaintiff's Complaint, you denied Plaintiff's allegation that she did not receive adequate medical care after returning to jail, such as timely post-partum visits and medical treatment.

**OBJECTION:** The information requested, namely why the denial was asserted, is protected by the work product privilege. Armor will limit its response to what is indicated by the Milwaukee County Jail medical records.

**ANSWER:** The Milwaukee County Jail medical records indicate that Ms. Terry received postpartum medical care at both ASMC and Milwaukee County Jail and was scheduled for further postpartum medical care.

**INTERROGATORY NO. 7:** Did any Person, including you, fail to take reasonable measures in response to Plaintiff's serious medical need(s) while she was at the Milwaukee County Jail on March 9-10, 2014? If so, please explain what acts or omissions were unreasonable, and please explain what measures would have been reasonable.

**ANSWER:** As a corporation responsible for *Monell* claims, Armor does not take or fail to take reasonable measures in response to medical needs. With respect to other Persons, no.

**INTERROGATORY NO. 8:** Please explain in detail why Rebecca Terry gave birth in a cell at the Milwaukee County Jail on March 10, 2014 instead of at a hospital?

6

**ANSWER:** The March 9, 2014 booking note at 6:28 pm indicates Plaintiff advised she was on her thirteenth pregnancy, due on March 11, 2014, with no prenatal care, and with daily intravenous heroin use. Plaintiff also advised she had mood and anxiety disorders and had stopped taking her medications. Plaintiff's vital signs were recorded as follows: blood pressure as 98/61 mmHg, heart rate as 65 per minute. Plaintiff was sent out to FMLH for medical clearance.

Plaintiff returned from FMLH on March 10, 2014 at 1:05 am. The nursing note indicates Plaintiff's vitals were stable and FMLH evaluated Plaintiff in the Labor and Delivery Room for possible labor and cleared her to return to the jail. It is not noted whether an internal vaginal examination was done, or if Plaintiff was placed on a fetal monitor to determine the presence of uterine contractions.

At 3:50 am, Plaintiff's vitals were recorded as follows: blood pressure as 102/76 mmHg, heart rate as 86 per minute.

At 4:46 am, Officer Wenzel called medical staff to advise Plaintiff had delivered the baby. A medical emergency was called.

Plaintiff's vital signs at time of booking indicate she did not appear to be in labor at that time. Although Plaintiff's vital signs at 3:50 am on March 10 appear to have been higher than those obtained at booking, the vital signs at 3:50 am are not vital signs that would be expected from a patient in active labor. However, Plaintiff had a history of using heroin, an opioid, and opioids are often used to minimize pain during labor and deliver. While it is not currently known what amount of heroin Plaintiff may have taken prior to labor, the heroin may have produced pain-modifying effects on her, dulling her perception of labor pains. Moreover, Plaintiff was on her thirteenth pregnancy, with two live births, one elective abortion, and eight spontaneous abortions. Plaintiff may have had precipitous labor, which is expulsion of the fetus within less

7

than three hours of commencement of regular contractions due to abnormally low resistance of the birth canal, from abnormally strong uterine and abdominal contractions or from the absence of painful sensations. At this time, it is believed the above led to Plaintiff's sudden delivery in the cell, instead of delivery at a hospital.

**INTERROGATORY NO. 9:** Do you contend that the Milwaukee County Jail had adequate staff to respond to inmate healthcare needs on March 9-10, 2014? Please explain in detail the basis for your contention as to whether the jail did or did not have adequate staff to respond to inmate healthcare needs on March 9-10, 2014.

**OBJECTION:** The information requested is not relevant to Plaintiff's claim or proportional to the needs of the case. Armor will limit its response to the booking area and Special Medical Unit ("SMU"), where Ms. Terry was on March 9-10, 2014.

**ANSWER:** Yes, the Milwaukee County Jail had adequate staff within the booking area and SMU to respond to inmate healthcare needs on March 9-10, 2014. See the staffing schedules produced herewith as ARMOR 00043 - 00050. In addition to the staff identified on the staffing schedules, Gina Buono, MD was on call overnight on March 9-10, 2014.

**INTERROGATORY NO. 10:** Please identify the policymaker(s) with final policymaking authority for Armor Correctional's policies and practices relating to:

      a. Access of inmates to medical care at Milwaukee County Jail;
      b. Provision of medical care at Milwaukee County Jail;
      c. Communication and coordination between jail staff and medical staff at Milwaukee County Jail;
      d. Access of inmates to medical care outside of Milwaukee County Jail; and,
      e. Staffing of medical personnel at the Milwaukee County Jail.

**OBJECTION:** This request is vague and ambiguous as it is not specific as to time. Armor will respond with respect to May 2013, when Armor began its contract with Milwaukee

County Jail, to March 2014. Information following the dates in question is not relevant to Plaintiff's claim or proportional to the needs of the case.

**ANSWER:** Armor produces policies at the corporate level. However, the procedure to be applied at the site level is determined by the Health Service Administrator. During the May 2013 to March 2014 time period, the Acting Health Service Administrator was Wade Daley, Regional Manager.

**INTERROGATORY NO. 11:** Please identify every step taken by the final policymaker for Armor Correctional to ensure adequate medical care at Milwaukee County Jail from March 9, 2009 through March 9, 2015.

**OBJECTION:** Information for five years prior to and one year following the dates in question is not relevant to Plaintiff's claim or proportional to the needs of the case. Armor will respond with respect to May 2013, when Armor began its contract with Milwaukee County Jail, to March 2014. Furthermore, this request is overbroad and vague with respect to the use of the terms "…every step taken…."

**ANSWER:** The policymaker is not responsible for adequate medical care. The Health Services Administrator at the facility is the responsible health authority with clinical guidance from the site medical director. Adequate medical care is ensured through a variety of processes, including continuous quality improvement and contract compliance.

**INTERROGATORY NO. 12:** For any affirmative defenses that you have asserted or will asset in this matter, please describe in detail the basis for each such defense, including the entire factual basis, and identify all witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law or common law invoked in the defense. Plaintiff

9

300853609v1 1003420

requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

**OBJECTION:** This request is overly broad, vague, premature and requests the thoughts and strategies of counsel protected by the work product doctrine. Armor stands on these objections.

**ANSWER:** See objections.

**INTERROGATORY NO. 13:** Please state whether any of the individual Defendants or any other employee or agent of the County of Milwaukee or Armor Correctional acted inconsistently with any of the policies and practices of the County of Milwaukee or Armor Correctional (formal or informal, written or unwritten) at any time during the entire course of dealing or involvement with Plaintiff. If the answer is in the affirmative, please identify: (a) any particular policy or any practice which was violated; and (b) whether any discipline resulted from that violation.

**OBJECTION:** The phrase "at any time during the entire course of dealing or involvement with Plaintiff" is vague and ambiguous.

**ANSWER:** Armor is able to respond only with respect to healthcare providers and Armor policies and practices. With respect to healthcare providers and Armor policies and practices, no.

10

300853609v1 1003420
Case 2:17-cv-01112-JPS   Filed 08/31/18   Page 10 of 12   Document 167-5

Dated this 23rd day of January, 2018.

                **AS TO OBJECTIONS:**

                */s/ Mark K.*
                Michael P. Russart
                State Bar No. 1023128
                Mollie T. Kugler
                State Bar No. 1093318
                Attorneys for Defendant Armor Correctional Health Services
                **HINSHAW & CULBERTSON LLP**
                100 E. Wisconsin Avenue
                Suite 2600
                Milwaukee, WI 53202
                Phone No. 414-276-6464
                Fax No. 414-276-9220
                E-mail Address(es):
                mrussart@hinshawlaw.com
                mkugler@hinshawlaw.com

## VERIFICATION

STATE OF WISCONSIN    )
                      )ss
MILWAUKEE COUNTY      )

Kayla McCullough, the Health Services Administrator for Milwaukee County Jail and Armor Correctional Health Services, being first duly sworn on oath deposes and states that (s)he has read the foregoing responses to ARMOR CORRECTIONAL HEALTH SERVICES RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES and knows the contents thereof; that said response were prepared with the assistance and advice of counsel; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on an therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, defendant/respondent reserves the right to make any changes in the response if it appears at any time that omissions or errors have been made therein or that ore accurate information is available; and that subject to the limitations set forth herein said response are true to the best of his/her knowledge, information and belief.

_Kayla McCullough_ (Name)
_Health Services Adm_ (Title)

Subscribed and sworn to before me
This **23** day of January, 2018

_[signature]_
Notary Public, State of Wisconsin
My commission expires **3/1/2019**

JOHNNIE R. FERGUSON JR
Notary Public
State of Wisconsin

12

300853609v1 1003420