Date: May 2, 2013

## INVESTIGATIVE BRIEF
## IA CASE #13-159

### BACKGROUND INVESTIGATION:

On Wednesday May 1st, 2013, an Internal Affairs investigation was initiated relative to Correction Officer Denise Blue, Correction Officer Andrew Krasovich, Lieutenant Kerri Turner, Lieutenant Steven Artus, Lieutenant Edward Horzewski and Captain Damon Key at the request Inspector Richard Schmidt.

### ALLEGATION:

It is alleged that the above staff members violated MCSO rules, policies and procedures as well as Civil Service rules relative to Violation of Policy, Efficiency and Competence, refusing or failing to comply with departmental work rules, policies or procedures, failure or inability to perform the duties of the assigned position and substandard or careless job performance. It is alleged that the above subjects either failed to act on known information relative to an inmate being transported on a hospital run, failed to gather the necessary information about the inmate, failed to relay vital security information or failed to follow proper policy regarding restraints and their applications.

### INVESTIGATIVE BRIEF SUMMARY:

Internal Affairs Division Corrections Lieutenant David Rugaber conducted an investigation into the above allegations.

### ADDITIONAL REPORTS AND INTERVIEWS:

#### The following were interviewed relative to the above Internal Affairs case:

Officer Diane Blue
Officer Andrew Krasovich
Officer Latonia Lowe
Officer Heidi Blaszczyk
Officer Tabitha Blomberg
Officer Dexter Tatum
Lieutenant Steven Artus
Lieutenant Edward Horzewski
Lieutenant Kerri Turner
Captain Damon Key
Lieutenant Daniel Kimbrough
Doctor Jennifer Dorosh-Dr. Dorosh (ph#324-9804 informed Lt. Holton she believed Inmate Westlan was "faking" his seizures. Confirmed that "pseudo-seizures" are the same as "fake" seizures.

### MISCELLANEOUS RECORDS:

CONFIDENTIAL

**TERRY021516**

**EXHIBIT 33**

Schedule
Daybook entry-Officer Heidi Blaszczyk
Staff Management
Hospital Logbook
Operations Logbook
CID Photos of hospital room and Oncology bathrrom
HISDM Policies
Major Incident Report
CAD
Jail Log 5B
CJIS Info Inmate Westlan
HISDM E-Mails
RMS Hospital Pick-up
Media Article
Training Academy Sign In Sheet
RMS April 13th HISDM
CID RMS Report

## SUMMARY AS TO ALLEGATIONS:

On May 1, 2013 at approximately 1343 hours, Inmate Keyon Westlan (M/B DOB ▆▆▆▆▆▆) escaped from custody while on a Hospital Security Directed Mission (HISDM) being monitored by Officer Diane Blue.

Inmate Westlan was assigned to Pod 5B at 0100 hours on April 30, 2013 after being picked up at West Allis Hospital on a felony warrant for possession of a narcotic and misdemeanor possession of drug paraphernalia.

On April 30, 2013 at 1640 hours, Officer Latonia Lowe (08/27/2012) was supervising Pod 5B and called a medical emergency relative to Inmate Westlan. Inmate Westlan was reported to have a seizure and was vomiting.

Jail log entries by Officer Lowe stated Inmate Westlan had informed his cellmate Michael Vasquez that he had "swallowed a lot of dope (drugs)."

In her Internal Affairs interview, Officer Lowe stated that she alerted Lieutenant Steven Artus and Lieutenant Edward Horzewski of the above statement when they reported to the scene.

Lt. Artus and Lt. Horzewski were interviewed relative to the above Internal Affairs case.

Both lieutenants acknowledged that they were informed by Officer Lowe that Inmate Westlan was alleged to have swallowed a large amount of drugs before entering the CCF-C. Neither lieutenant attempted to vet that information by conducting an interview with the witness (Inmate Vazquez) or inspecting Inmate Westlan's property. Inmate Westlan himself was searched and Lt. Horzewski inspected Inmate Westlan's vomit for possible contraband.

CONFIDENTIAL

**TERRY021517**

Medical staff was on scene and was informed of the alleged drug ingestion.

Both Lt. Artus and Lt. Horzewski failed to ensure that the Operation Lieutenant (Kerri Turner), the on duty captain (Gregory Bacon) and the third shift lieutenants were properly informed of the alleged drug ingestion. Both stated they did not follow-up with CID (Criminal Investigation Division).

Both Lt. Artus and Lt. Horzewski opined that Inmate Westlan was "faking" his seizures and that he had a recent and similar transport to the hospital. Both stated that RN Vicki Dembowiak expressed doubts as to the authenticity of Inmate Westlan's seizures.

RN Vicki Dembowiak authorized Inmate Westlan to be transported via ambulance to St. Mary's Hospital, 2301 North Lake Drive, Milwaukee, Wisconsin at approximately 1701 hours.

Officer Tabitha Blomberg (DOH 08/15/2005) and Officer Dexter Tatum (DOH 03/14/2002) were assigned to provide security on the hospital run with Inmate Westlan. Officer Tatum had proved security on Inmate Westlan's previous hospital transport.

Officer Blomberg and Officer Tatum were both interviewed relative to the above Internal Affairs case. Both officers stated they were not informed by supervisory staff that Inmate Westlan was alleged to have swallowed a large amount of drugs before entering the CCF-C. Both stated that information would be relevant to the security detail.

Officer Tatum stated that he believed Inmate Westlan was "faking" his illness and that he had done so on the previous HISDM.

Officer Blomberg and Officer Tatum stated that while at the hospital, Inmate Westlan was restrained with a "two point" system, meaning he was secured to his bed by one wrist and one ankle per policy.

Inmate Westlan was discharged from St. Mary's Hospital at approximately 2110 hours after being medically cleared. As he was escorted by Officer Tatum and Officer Blomberg to the St. Mary's Hospital Sallyport and approached the MCSO squad car, he "fell" out of his wheelchair and had an apparent seizure.

St. Mary's medical staff responded. Officer Blomberg stated that medical staff felt that Inmate Westlan "was very good at faking seizures" but admitted him as a precautionary measure.

Upon re-entry into the hospital, Officer Blomberg contacted Operations Lieutenant Kerri Turner by phone. Officer Blomberg informed Lt. Turner that Inmate Westlan would be admitted to St. Mary's. Officer Blomberg stated that she informed Lt. Turner that medical staff believed he was faking his seizures. Officer Tatum verified that statement. Officer Blomberg also informed third shift Lt. Kimbrough of the above.

Third shift Officer Andrew Krasovich was notified via phone by Lt. Turner at

CONFIDENTIAL

**TERRY021518**

approximately 2130 hours that he would be assigned to the HISDM with Inmate Westlan.

Lt. Kerri Turner (DOH 01/04/1999) was interviewed relative to the above case.

Lt. Turner acknowledged that she was assigned to the Operations position on second shift (1330 to 2200 hours) at the CCF-C on April 30, 2013.

She stated that she assigned Officers Blomberg and Tatum to the hospital run. She stated she instructed Lt. Artus to have the Records Department construct a hospital information packet and have it sent to the Booking Room for pick up by the transport officers.

She stated that there was no fact finding conducted on the background of Inmate Westlan. She stated unless the inmate was on the "high risk" list, no additional security measures would be taken.

She acknowledged that she was informed by Officer Blomberg that Inmate Westlan had "pseudo-seizures" and was possibly faking his medical condition.

She stated she was aware that RN Vicki Dembowiak and the medical staff at St. Mary's were of the opinion that Inmate Westlan was "faking" his seizures.

She stated she was unaware of the alleged drug ingestion information relative to Inmate Westlan given to Lt. Artus and Lt. Horzewski by Officer Lowe.

Lt. Turner stated that she briefed the third shift Lieutenants (Tinita Holmes and Daniel Kimbrough) as well as Officer Andrew Krasovich about the possible "faking" of seizures. She stated Captain Key was also present and he overheard the conversation. She stated she would have briefed them on the alleged drug ingestion had she known.

She acknowledged that she called Officer Diane Blue and informed her she would be assigned to the day shift (0600-140) HISDM. She stated she did not inform Officer Blue about the "fake" seizures. She stated she gave Officer Blue the location of the HISDM but did not forward any security related issues to her.

Lt. Turner did not inform Captain Bacon about the "pseudo-seizures."

*Note: Per CID Captain Scott Stiff (who supervised the criminal escape investigation), St. Mary's Hospital Security staff was unaware of Inmate Westlan's presence at the hospital. MCSO protocol is to alert hospital security staff of the arrival of any inmate into their facility.*

Captain Damon Key (DOH 02/01/1999) was interviewed relative to the above Internal Affairs case.

Captain Key was the assigned third shift (2200-0600) captain at the CCF-C on May 1, 2013.

CONFIDENTIAL

TERRY021519

During his internal interview Captain Key acknowledged:

- He stated that he relied on his lieutenants to gather the appropriate information relative to the HISDM and did not follow up to ensure its accuracy or completeness
- He approved Officer Krasovich and Officer Blue to be assigned on the HISDM on third shift and first shift respectively as solo officers
- He was aware of the "pseudo-seizures" of Inmate Westlan and that Inmate Westlan was possibly faking his medical condition
- He was aware Inmate Westlan had a previous medical run involving seizures
- He did not review CCAP, Jail Log, RMS or criminal history records relative to Inmate Westlan
- He did not review the HISDM packet that was forwarded to HISDM staff
- He did not speak with MCSO or St. Mary's medical personnel regarding Inmate Westlan's "fake" seizures
- He was aware of Inmate Westlan's physical stature (6'7" 210 pounds)
- He did not order staff to write any reports on the alleged "faking" of seizures
- He did not ensure that Officer Krasovich and Officer Blue were aware of security related issues relative to Inmate Westlan
- He did not view the faking of a medical condition as a "huge threat"
- He stated he was not aware of the alleged drug ingestion by Inmate Westlan.

*Note: Directive BDG: 09-32 states: "Each shift, the Operations Lieutenant is responsible for conducting an inspection at the hospital where the HISDM is located...The Lieutenant shall check on the welfare of the officer and the inmate, ensure that all restraints are properly applied and legible record their inspection in the logbook." No such inspections were conducted on third shift on May 1, 2013 per logbook entries and statements made by Officer Krasovich.*

Officer Andrew Krasovich (DOH 01/03/11) was interviewed relative to the above Internal Affairs investigation.

Officer Krasovich stated he was aware of the alleged "faking" of seizures but was unsure who had informed him.

Officer Krasovich acknowledged that he was assigned to monitor Inmate Westlan on third shift (2200-0600 hours) on May 1, 2013. He stated Inmate Westlan did request to have his restraints removed so that he could use the bathroom.

Officer Krasovich stated he complied with the request and removed all restraints from Inmate Westlan but held his wrist and elbow while escorting him to the bathroom.

He stated he then escorted Inmate Westlan back to the bed without restraints using the same technique.

Policy OP 13.7 states: *"When the inmate uses the bathroom, the deputy shall apply*

CONFIDENTIAL

**TERRY021520**

Case 2:17-cv-01112-JPS   Filed 09/04/18   Page 5 of 8   Document 175-3

*belly chains before removing the leg iron or handcuff attached to the bed. If belly chains must be removed, the deputy shall call for assistance from the Institution deputies and apply leg irons."*

Officer Diane Blue (DOH 03/08/2013) relieved Officer Krasovich at approximately 0545 hours.

Officer Blue was interviewed relative to the above Internal Affairs investigation.

Officer Blue stated that her debrief by Officer Krasovich did not include any security related issues. She stated she was unaware of any previous hospital runs, alleged drug ingestion or alleged faking of seizures involving Inmate Westlan. She stated that if she had been made aware she would have requested an additional officer assist in monitoring Inmate Westlan.

She stated that Inmate Westlan was properly restrained by left wrist and left ankle to the bed upon her entry into the hospital room.

She stated Officer Krasovich informed her that Inmate Westlan defecated on himself on third shift and was wearing blue scrubs and a MCSO t-shirt.

She stated she did not review the HISDM informational packet relative to Inmate Westlan except for the last page of his criminal history which mentioned a charge of retail theft.

She stated that Inmate Westlan was scheduled for a CAT scan at 0930 hours. She stated that metal restraints cannot be used in the CAT scan and there were no soft restraints in the hospital case. She stated she removed all of the restraints so he could be placed in the CAT scan and did not call for additional security staff or a supervisor. She was unsure if the room had locked doors to prevent escape.

*Training documents state that should an inmate need to be without restraints, "a second officer is to be placed outside the door".*

She stated after the procedure was completed, Inmate Westlan was re-secured to his bed using the two point system without incident.

She stated that he was then scheduled for an EKG at approximately 1100 hours. She stated that during the EKG he was restrained but complained that he had to use the bathroom. She stated she was informed by Inmate Westlan that he defecated on himself. After the procedure, Officer Blue restrained Inmate Westlan with ankle restraints but no belly chain.

She stated she escorted Inmate Westlan to the bathroom. She stated that Inmate Westlan requested that she remove his restraints because he could not remove his pants in order to clean himself. She stated she complied and removed the ankle restraints. She did not place belly chains on him as dictated by policy nor did she restraint him to a support bar in the bathroom. She allowed the bathroom door to be

CONFIDENTIAL

TERRY021521

closed until just the inmate's feet were visible.

She stated that after Inmate Westlan exited the bathroom, he sat on the bed. She then placed one cuff on the bed and attempted to place the other cuff on Inmate Westlan's leg. She stated Inmate Westlan then pushed her down and ran.

She stated she did not call for assistance but gave chase and followed him "down seven flights of stairs." She stated she followed him across the street to the Oncology Center and followed him to a bathroom where he locked himself in. She stated she then contacted dispatch and gave her location and disposition.

She stated she had a maintenance worker unlock the door. She stated she drew her weapon and entered the bathroom where she observed a ceiling tile had been displaced.

Inmate Westlan was captured by CID MCSO deputies at 1602 hours and returned to custody at the CCF-C. He is currently housed in Pod 4D on high risk status.

Based on the above information, I respectfully recommend the disposition of **SUSTAINED** for the following violations for Officer Diane Blue:

**MILWAUKEE COUNTY SHERIFF'S OFFICE RULES:**

202.14  Violation of Policy
202.20  Efficiency and Competence
202.44  Attending Prisoners

**MILWAUKEE COUNTY CIVIL SERVICE RULE VII, SECTION 4 (1):**

- (l) Refusing or failing to comply with departmental work rules, regulations, policies or procedures
- (t) Failure or inability to perform the duties of assigned position
- (u) Substandard or careless performance

Based on the above information, I respectfully recommend the disposition of **SUSTAINED** for the following violations for Officer Andrew Krasovich, Captain Damon Key, and Lieutenant Kerri Turner:

**MILWAUKEE COUNTY SHERIFF'S OFFICE RULES:**

202.14 Violation of Policy
202.20 Efficiency and Competence

**MILWAUKEE COUNTY CIVIL SERVICE RULE VII, SECTION 4 (1):**

CONFIDENTIAL

TERRY021522

- (l) Refusing or failing to comply with departmental work rules, regulations, policies or procedures
- (t) Failure or inability to perform the duties of assigned position
- (u) Substandard or careless performance

Based on the above information, I respectfully recommend the disposition of **SUSTAINED** for the following violations for Lieutenant Steven Artus and Lieutenant Edward Horzewski:

### MILWAUKEE COUNTY SHERIFF'S OFFICE RULES:

202.20 Efficiency and Competence

### MILWAUKEE COUNTY CIVIL SERVICE RULE VII, SECTION 4 (1):

- (l) Refusing or failing to comply with departmental work rules, regulations, policies or procedures
- (t) Failure or inability to perform the duties of assigned position
- (u) Substandard or careless performance

The above listed potential rule violations are not all-inclusive, but are merely intended as a guide in assisting you in reaching a determination.

David Rugaber, Lieutenant
Internal Affairs Division

CONFIDENTIAL