# INVESTIGATIVE SUMMARY

| | | | |
|---|---|---|---|
| **COMPLAINANT:** | Inspector Richard Schmidt | **CASE NUMBER:** | 15-010 |
| **ADDRESS:** | 821 W. State Street, Milwaukee 53233 | **EMPLOYEE:** | Deputy James Ford |
| **PHONE:** | (414) 278-4700 | **BADGE NUMBER:** | 721 |
| **DATE:** | November 27th, 2014 | **BUREAU:** | Courts – Civil Process |
| **LOCATION:** | 9200 W. Wisconsin Avenue, Wauwatosa | **REFERRED TO:** | Internal Affairs |
| **NATURE OF CASE:** | MCSO Rule 202.14 Violation of Policy 202.20 Efficiency and Competence 202.44 Attending Prisoners Civil Service Rules VII (4)(1) (j), (l), (t), (u) | **INVESTIGATOR:** | Lieutenant Jason Hodel |

On January 8th, 2015, an Internal Affairs investigation was initiated relative to Deputy James Ford. Inspector Richard Schmidt authorized this investigation.

It is alleged that Deputy Ford violated MCSO rules and regulations as well as Milwaukee County Civil Service rules regarding attending prisoners, efficiency and competence, violation of policy, violation of rules or practices relating to safety, refusing or failing to comply with departmental work rules, policies or procedures, failure or inability to perform the duties of assigned position and substandard or careless job performance. It is alleged that Deputy Ford allowed in inmate under his supervision to escape briefly within Froedtert Memorial Lutheran Hospital (FMLH).

Internal Affairs Division Lieutenant Jason Hodel conducted this investigation and factually established that:

On Tuesday, December 23rd, 2014, Deputy Ford was assigned to provide security for Zachary Ryan Bretzel (M/W ▓▓▓▓▓) at Froedtert Memorial Lutheran Hospital (FMLH), Room 5NW4. At approximately 1148 hours, Bretzel ran from the room when he was allowed to use the restroom without restraints. Deputy Ford apprehended Bretzel after a short foot chase two (2) floors away from the hospital room. Bretzel attempted to escape custody of the Milwaukee Police Department (MPD) on Monday, December 22nd, 2014. This escape attempt was documented in the hospital watch / criminal history packet that Deputy Ford had access to.

Deputy James Ford was interviewed relative to this internal investigation.

Deputy Ford was hired by Milwaukee County as a deputy sheriff on August 12th, 1988. He is currently assigned to the Courts Division on first shift from 0730-1630 hours.

CONFIDENTIAL

Deputy Ford stated that he has been assigned to "hundreds" of hospital watches during his career. He stated that he is aware of MCSO policy regarding the restraint of inmates during hospital watches. Deputy Ford stated that MCSO policy requires that an inmate is restrained with a belly chain restraint system if he / she is allowed to move from the hospital bed where he / she is typically restrained with two (2) sets of restraints (one ankle and one wrist).

Deputy Ford stated that Inmate Bretzel appeared weak and lethargic during the time that he supervised him. He acknowledged that when Inmate Bretzel requested to use the restroom, he removed the wrist and ankle restraints that secured Bretzel to the hospital bed and allowed Bretzel to walk to the restroom without restraints.

He stated that Bretzel was in a weakened physical state and was receiving treatment for symptoms of possible drug withdrawals, altered psychological state and injuries sustained during an altercation. He stated that Bretzel's condition factored into his decision to allow Bretzel to use the bathroom without restraints.

Deputy Ford stated that when Bretzel exited the restroom, he paused near the door and appeared unsteady on his feet. He stated that he began to approach Bretzel to assist him in returning to the bed when he suddenly "straightened up", turned and ran out the door into the hallway.

Deputy Ford stated that he immediately gave chase, traveling down the hallway, past the nurses' station and into a stairwell. He stated that Bretzel traveled down two (2) flights of stairs while he ordered him to stop. He stated that Bretzel complied with his orders when he threatened to "tase" him and was taken into custody on the third floor landing without force being used.

Deputy Ford acknowledged that he had access to the hospital watch / criminal history packet that accompanied the inmate but that he did not examine it closely. He stated that he likely reviewed the front page of the *Arrest Detention Report* (ADR), which listed the summary arrest for Attempted Escape on December 21st, 2014, but did not examine the contents of the packet any further.

He stated that he knew that Bretzel was in custody for an escape (attempt), but didn't know if the attempted escape referenced was a new (summary) charge or related to an arrest warrant for a past offense. He stated "I didn't review the packet to that extent."

He stated that the hospital watch staffing schedule was available to him, which listed the *Att. – Escape* charge, but didn't know if the attempted escape referenced was a new (summary) charge or related to an arrest warrant for a past offense.

He stated that he did not review the *Probable Cause Statement and Judicial Determination* form contained in the packet that detailed the similar escape attempt occurring two days earlier.

Deputy Ford stated "In my mind, they're all escape risks" and he treats all hospital watch prisoners the same. He stated that he did not consider Bretzel to be a greater flight risk than any other inmate. He stated that if there are special security concerns with an inmate, more than one deputy is typically assigned to the hospital watch.

CONFIDENTIAL

**TERRY021513**

Deputy Ford stated that it was "bad judgment" to allow Bretzel to use the restroom unrestrained. He stated that he made the decision based on Bretzel's physical condition. He stated that he was aware that MCSO policy required that Bretzel be restrained while using the restroom when he allowed him to go unrestrained.

Deputy Ford stated that Bretzel saw an opportunity and exploited it and that he takes responsibility for failing to follow proper protocol. Deputy Ford expressed that although the incident was a result of his failure to properly restrain Bretzel, he felt that it was important to note that he never lost sight of Bretzel and apprehended him promptly without assistance or force being used.

The Attempted Escape charge relating to the incident was reviewed by the Milwaukee County District Attorney's Office and it was determined that both escape attempts (December 21st, 2014 – MPD and December 23rd, 2014 – MCSO) would not be issued as additional criminal charges, but "read in" to case 14CF005705 (2 counts of Armed Robbery), for which he is facing substantial prison time.

Based on the aforementioned, I respectfully recommend a proposed disposition of **SUSTAINED** for violation of the following Milwaukee County Sheriff's Office and Civil Service Rules:

The above listed potential rule violations are not all-inclusive, but are merely intended as a guide in assisting you in reaching a determination.

### MILWAUKEE COUNTY SHERIFF'S OFFICE RULES:

| | |
|---|---|
| 202.14 | Violation of Policy; To Wit OP 13.7 Restraints |
| 202.20 | Efficiency and Competence |
| 202.44 | Attending Prisoners |

### MILWAUKEE COUNTY CIVIL SERVICE RULE VII, SECTION 4 (1):

(j) Violation of rules or practices relating to safety
(l) Refusing or failing to comply with departmental work rules, policies or procedures
(t) Failure or inability to perform the duties of assigned position
(u) Substandard or careless job performance

CONFIDENTIAL

**TERRY021514**

| PROPOSED DISPOSITION OF COMPLAINT: | | **SUSTAINED** | |
|---|---|---|---|
| SUBMITTED BY (Name/Rank): | Lieutenant Jason Hodel | DATE: | February 26th, 2015 |
| REVIEWED BY (Name/Rank): | | DATE: | |

FINAL DISPOSITION OF COMPLAINT:

| SHERIFF'S APPROVAL: | SHERIFF | DATE: |
|---|---|---|

CONFIDENTIAL