# INVESTIGATIVE SUMMARY

| | | | |
|---|---|---|---|
| **COMPLAINANT:** | Inspector Richard Schmidt | **CASE NUMBER:** | 16 - 090 |
| **ADDRESS:** | 821 W. State Street, Milwaukee 53233 | **EMPLOYEE:** | Deputy Elizabeth Freuck |
| **PHONE:** | (414) 278-4700 | **BADGE NUMBER:** | 793 |
| **DATE:** | May 7th, 2016 | **BUREAU:** | PSB - Courts |
| **LOCATION:** | 2900 W. Oklahoma Ave., Milwaukee | **REFERRED TO:** | Internal Affairs |
| **NATURE OF CASE:** | MCSO Rule 202.14 Violation of Policy 202.20 Efficiency and Competence 202.44 Attending Prisoners Civil Service Rules VII (4)(1) (j), (l), (t), (u) | **INVESTIGATOR:** | Lieutenant Jason Hodel |

On May 19th, 2016, an Internal Affairs investigation was initiated relative to Deputy Elizabeth Freuck. Inspector Richard Schmidt authorized this investigation.

It is alleged that Deputy Freuck violated MCSO rules and regulations as well as Milwaukee County Civil Service rules regarding efficiency and competence, violation of policy, attending prisoners, violation of rules or practices relating to safety, refusing or failing to comply with departmental work rules, policies or procedures, failure or inability to perform the duties of assigned position and substandard or careless job performance. It is alleged that Deputy allowed a hospitalized inmate under her watch to be entirely unrestrained, resulting in a struggle for the deputy's firearm.

Internal Affairs Division Lieutenant Jason Hodel conducted this investigation and factually established that:

On Sunday, May 7th, 2016, Deputy Elizabeth Freuck was assigned to a High Intensity Security Directed Mission or "Hospital Watch", at St. Luke's Hospital, located at 2900 W. Oklahoma Ave., Milwaukee. Deputy Freuck was assigned to guard inmate Shutia Q. Bernard (F/B ▇▇▇▇).

At approximately 1450 hours, Deputy Freuck reported that she had been involved in an incident during which Inmate Bernard attempted to disarm her of her duty weapon. Deputy Freuck reported that she was able to gain control of Inmate Bernard and secure her in restraints to the hospital bed.

Sergeant Eric Worden responded to the scene and learned that Inmate Bernard had been completely unrestrained during the incident. Deputy Freuck removed the ankle restraints and allowed Inmate Bernard to move from the hospital bed to use the toilet and Inmate Bernard suddenly attempted to disarm Deputy Freuck.

CONFIDENTIAL

Inmate Bernard had a significant documented arrest history, including *Resisting or Obstructing Officer*, *Substantial Battery*, and *Battery to Law Enforcement Officer* arrests.

Deputy Elizabeth Freuck was interviewed relative to this internal investigation.

Deputy Freuck was hired by Milwaukee County as a deputy sheriff on April 19th, 1996. She is currently assigned to the Courts Division on first shift. She stated that on May 7th, 2016, she was assigned to the Shutia Bernard hospital watch from 0700 - 1500 hours.

Deputy Freuck stated that she is familiar with MCSO policies and procedures and knows where to reference them. She estimated that she has been assigned to one hundred (100) hospital watches during her career.

She said that when she relieved Deputy Donna Scalise on the hospital watch, she found that Inmate Bernard was restrained by two (2) sets of leg shackles, from each ankle to the hospital bed. She said that she found this restraint system unusual, but could not recall if she discussed the restraint technique with Deputy Scalise.

Deputy Freuck acknowledged that MCSO policy requires that an inmate is restrained with a belly chain restraint system and ankle restraints if he / she is allowed to move from the hospital bed where he / she is typically restrained with two (2) sets of restraints (one ankle and one wrist).

Deputy Freuck said that inmate Bernard was hospitalized due to seizures following childbirth and appeared weak and frail.

Deputy Freuck stated that she reviewed the custody packet that accompanied the inmate, but could not recall if the criminal history that is typically contained in the packet was present or if she reviewed it. She said that she knew that Inmate Bernard was in custody relating to a *Battery* offense.

Deputy Freuck said that she released Inmate Bernard from the ankle restraints to use the toilet in the room and when Inmate Bernard finished using the toilet, she (Bernard) hesitated while getting back into the bed and suddenly grasped her duty belt near her firearm. She said that Inmate Bernard said "Give me the gun" repeatedly.

Deputy Freuck said that she twisted away from Inmate Bernard, who fell to the floor. She said that Inmate Bernard was physically resistive, but she was eventually able to place her in handcuffs behind her back.

She said that St. Luke's Hospital security officers arrived and Inmate Bernard was secured to the hospital bed using the leg shackles and existing soft restraints on her wrists.

Deputy Freuck said that she made the decision to allow Inmate Bernard to use the toilet unrestrained because she appeared weakened and she was concerned that Inmate Bernard might fall. She said that Inmate Bernard had exhibited no behaviors that indicated that she might become resistive and that she still had medical apparatus attached to her body.

She acknowledged that there was nothing preventing her from applying a belly chain restraint system with one (1) hand restrained, along with leg shackles while Inmate Bernard was off the bed, other

CONFIDENTIAL

than her concern that Inmate Bernard might fall.

She said that she is aware that MCSO policy requires that an inmate is to be restrained at all times when out of the bed and that she made a "judgement call, I guess".

Shutia Bernard was subsequently charged with Felony *Disarming a Peace Officer – Attempt.* As of this writing, the criminal case is ongoing.

Based on the aforementioned, I respectfully recommend a proposed disposition of **SUSTAINED** for violation of the following Milwaukee County Sheriff's Office and Civil Service Rules:

## MILWAUKEE COUNTY SHERIFF'S OFFICE RULES:

| | |
|---|---|
| 202.14 | Violation of Policy; To Wit: 409.00 MMHS 13.7 Restraints |
| 202.20 | Efficiency and Competence |
| 202.44 | Attending Prisoners |

## MILWAUKEE COUNTY CIVIL SERVICE RULE VII, SECTION 4 (1):

(j) Violation of rules or practices relating to safety
(l) Refusing or failing to comply with departmental work rules, policies or procedures
(t) Failure or inability to perform the duties of assigned position
(u) Substandard or careless job performance

The above listed potential rule violations are not all-inclusive, but are merely intended as a guide in assisting you in reaching a determination.

CONFIDENTIAL

TERRY021510

| PROPOSED DISPOSITION OF COMPLAINT: | | **SUSTAINED** | |
|---|---|---|---|
| SUBMITTED BY (Name/Rank): | Lieutenant Jason Hodel | DATE: | August 11th, 2016 |
| REVIEWED BY (Name/Rank): | | DATE: | |
| FINAL DISPOSITION OF COMPLAINT: | | | |
| SHERIFF'S APPROVAL: | SHERIFF | DATE: | |

CONFIDENTIAL

**TERRY021511**