# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**REBECCA TERRY,**

          **Plaintiff,**

v.                                                 Case No. 17-CV-1112

**COUNTY OF MILWAUKEE,** *et al.*,

          **Defendants.**

## MILWAUKEE COUNTY DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO EXTEND TIME TO COMPLETE DISCOVERY AND TO COMPEL DEPOSITIONS OF PLAINTIFF'S EXPERTS

This matter is scheduled for trial commencing December 3, 2018. The parties have worked vigorously to complete discovery so that trial may commence. We have taken depositions of more than 25 witnesses to date.

The parties exchanged Rule 26 expert witness designations on June 27, 2018. While there was an initial exchange of correspondence concerning scheduling the parties' respective experts, the parties focused their attention on briefing summary judgment, completing fact discovery and conducting Rule 30(b)(6) depositions. With trial approaching the parties recently returned to a discussion of scheduling depositions of the parties' respective experts. On October 30, 2018, Plaintiff's counsel asked the County's counsel to "let us know when Dr. Dolan is available for his deposition." See Knott Aff., E-mail chain of November 2, 2018 (Ex. 1) at Oct. 30, 2018 at 8:32 am. (Dr. Dolan is the County's retained obstetrical expert.) On that same date, the County's counsel provided Plaintiff's counsel with multiple dates that Dr. Dolan could be available for his

deposition, including alternatives after Plaintiff's counsel requested them. See id at Oct. 30, 2018 at 1:02 pm and Nov. 2, 2018 at 10:28 am.

One day later, October 31, the County's counsel summarized his view of "the remaining depositions" and requested that Plaintiff's counsel reciprocate with dates that Plaintiff's two experts (Dr. Rea and Dr. Farah) are available for their depositions. See Knott Aff., E-mail chain of November 1, 2018 (Ex. 2) at Oct. 31 at 7:14 pm. The County's counsel noted that any date during the weeks of 11/12 and 11/19 would be available in his calendar. See id. Armor's counsel agreed that any dates during those weeks would likewise be available for Armor to attend. See id at Nov. 1, 2018 at 9:49.

The County's counsel continued to work in good faith with Plaintiff's counsel to schedule Dr. Dolan's deposition for November 14, 2018, but Plaintiff's counsel refused to extend similar courtesies with respect to proposed deposition dates for Dr. Rea and Dr. Farah. On November 2, the County's counsel called and wrote to Plaintiff's counsel again, noting our cooperation with scheduling Dr. Dolan and asking, "Do you have any intention of providing dates for their depositions?" See Knott Aff., E-mail chain of November 5, 2018 (Ex. 3) at Nov. 2, 2018 at 3:48 pm. Sensing that Plaintiff's counsel did not intend to cooperate, the County served notices of those depositions, with each to be conducted remotely by video. See Knott Aff., Notice of Videotaped Deposition to Karen Rea, MSN, RN, FNP (Ex. 4). See Knott Aff., Notice of Videotaped Deposition to Erin F. Farah, PhD, APRN, CNM (Ex. 5).

On Monday, November 5, 2018, Plaintiff's counsel advised defense counsel that, "We are not willing to present experts Rea and Farah for deposition given how close we are to trial." Counsel claimed the defense request "does not allow adequate time to complete their depositions in accord with the Local Rule 26(c)." See Knott Aff., (Ex. 3) at Nov. 5, 2018 at 12:30 pm.

It should be noted that Plaintiff's counsel has served subpoenas and notices of deposition for at least four (4) additional depositions to be conducted, none of which would be timely completed under LR 26(c) if the rule were to apply equally to both sides. She also continues to pursue Armor to schedule additional Rule 30(b)(6) witnesses.

Defendant respectfully submits that good cause exists to extend discovery consistent with Local Rule 26(c) to allow the parties to complete discovery in order to fully prepare this matter for trial. The parties have expended countless hours in discovery and preparation. They are poised to complete their preparation and start trial. It is simply wrong and unfair for Plaintiff's counsel to assert unilateral control over the discovery that can be completed after the date established in the rule.

Defendants respectfully request that the Court extend the deadline under LR 26(c) to permit discovery of Plaintiff's experts as noticed on November 19, 2018 and November 13, 2018 respectively, and compel Plaintiff to produce her experts on those dates.

**RULE 37 Certification**: The undersigned hereby certifies that he has attempted in good faith to resolve this issue through communication with Plaintiff's counsel. The exhibits filed herewith demonstrate ongoing e-mail correspondence in an effort to resolve this matter, as well as a telephone call to Plaintiff's counsel on November 2, 2018, which was unreturned. The undersigned attempted to resolve the issue by speaking personally with Attorney Kleinhaus by telephone on November 6, 2018, but was unsuccessful.

Dated this 6th day of November, 2018.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, SBN 1001600
Attorneys for Defendants Milwaukee County, Richard Schmidt, Brian Wenzel, Carolyn Exum, and Morgan Bevenue ("County Defendants")
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax (414) 276-2140
Email  dknott@lkglaw.net