UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

REBECCA TERRY,

    Plaintiff,

v.

COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., in his personal and official capacities, OFFICER BRIAN WENZEL, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF MILWAUKEE COUNTY JAIL, JANE AND JOHN DOE, UNKNOWN JAIL SUPERVISORS, ARMOR CORRECTIONAL HEALTH SERVICES, CAROLYN EXUM, MORGAN BEVENUE, MARGARET HOOVER, JANE AND JOHN DOE, UNKNOWN EMPLOYEES OF ARMOR CORRECTIONAL HEALTH SERVICES, JANE AND JOHN DOE, UKNOWN ARMOR HEALTHCARE SUPERVISORS,

    Defendants.

Case No.: 17-cv-1112-JPS

**COUNTY DEFENDANTS' OPPOSITION TO CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO SUBSTITUTE EXHIBIT**

Plaintiff moves to substitute an exhibit filed in support of her opposition to Defendants' motions for summary judgment. Dkt. 206, filed 11/21/18. The County Defendants state as follows in qualified opposition to the motion:

1.    Plaintiff seeks to substitute an exhibit on grounds that the exhibit she previously submitted on September 22, 2018, was not the Milwaukee County Jail Hospital Watch Policy in effect at the time of the events alleged in the Amended Complaint. Dkt. 206. Specifically, she inadvertently filed a later version of a Milwaukee County policy (dated 2017) and seeks to substitute the relevant policy to support her position. Dkt. 206.

2. The events at issue in this litigation occurred in March 2014. *See* Dkt. 129 at ¶ 2. However, the policy that Plaintiff seeks to substitute bears a revision date of December 2014—*after* those events. Dkt. 206-1.

3. The policy actually in effect in March 2014 was filed by the County Defendants in support of their motion. Dkt. 174-27. It bears a revision date of January 2008. Id.

4. The policy that Plaintiff seeks to file (titled "Hospital Intensive Security Directed Mission/Hospital Security Transport MMHS 13") is substantively different in multiple respects from the policy in effect in March 2014 (titled "Hospital Watch/Run OP 13"). Among other things, the post-event policy omits language from the prior policy that described the Shift Commander's discretion to determine whether a detainee will be watched in the hospital at all. *See* Dkt. 174-27 at 2 (enumerating individualized factors for Commander's discretionary decision and noting, "The Shift Commander may change the hospital watch to a Sheriff's Hold, based on the charge and/or bail.") The omission is important. A detainee would not be restrained while hospitalized if the Shift Commander determines that no observation by a deputy or a Sheriff's Hold would be adequate and appropriate.

5. The County Defendants highlighted the Shift Commander's discretion to forego a hospital watch in both their initial brief ("The Jail Shift Commander is given discretion under the policy to determine whether a hospital watch is necessary" (Dkt. 171 at 43)) and in their reply brief ("[Plaintiff] fails to address the discretion allowed under the policy as to whether the patient will be guarded at all" (Dkt. 194 at 20)).

6. The representation in the present motion that MMHS 13 (Dkt. 206-1) is the relevant policy is inaccurate, misleading, and creates further confusion as to the pertinent facts. The representation that no party is prejudiced by substitution of MMHS 13 is also inaccurate.

7. The undersigned pointed out the error by email immediately after receiving the present motion on November 21, 2018, but Plaintiff's counsel has declined to withdraw the motion or clarify the submission.

Accordingly, the County Defendants object to Plaintiff's motion as based upon erroneous information and confusing rather than clarifying the record for summary judgment. The policy proffered by Plaintiff, MMHS 13 (Dkt. 206-1), should not be substituted for the existing exhibit. If the Court were to permit the substitution, the County Defendants request an opportunity to submit a brief addressing the error in a concise manner.

Dated this 28th day of November, 2018.

**LEIB KNOTT GAYNOR LLC**

By: */s/ Douglas S. Knott*
Douglas S. Knott, State Bar No. 1001600
Attorneys for Defendants Milwaukee County,
Brian Wenzel, Carolyn Exum, Morgan Bevenue
and Margaret Hoover
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net